# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

_____

**Defense Distributed, et. al,**

**Plaintiffs-Appellees,**

**v.**

**No. 26-11420-DD**

**John Elik, Alexander Holladay, Josh Stroke, John Lettman, and MAF Corp.,**

**Defendants-Appellants.**

_____

## APPEAL OF A CIVIL CASE FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA DISTRICT COURT NASE NO. 6:24-CV-01629-AGM-LHP

## APPENDIX OF INITIAL BRIEF OF APPELLANTS, VOL. 1

Matthew Larosiere, Esq.
6964 Houlton Circle
Lake Worth, FL 33467
Email: larosieremm@gmail.com
Telephone: 561-452-7575
*Counsel for Appellants*

A-1

# INDEX OF APPENDIX FOR APPELLANTS

                                                          DOCKET/PAGE

**Volume 1**

VOLUME 1 INDEX & COVER ..............................................A1-A3

DISTRICT COURT DOCKET SHEET ................................A4-A42

ORIGINAL COMPLAINT ...................................................... 1/A43

COUNTERCLAIMS & ANSWER ...................................... 29/A100

**Volume 2**

VOLUME 2 INDEX & COVER .......................................A210-A212

AMENDED COMPLAINT ........................................43/A213-A270

MOTION TO DISMISS
COUNTERCLAIMS ..................................................47/A271-A293

FIRST AMENDED ANSWER WITH
COUNTERCLAIMS ..................................................49/A294-A375

SECOND AMENDED ANSWER WITH
COUNTERCLAIMS ..................................................52/A376-A449

**Volume 3**

VOLUME 3 INDEX & COVER .......................................A450-A452

CONSOLIDATED MOTION TO DISMISS
SECOND AMENDED COUNTERCLAIMS ...............71/A453-A477

APPELLEE'S SHORT-FORM RULE 37(e)
SPOLIATION MOTION...........................................122/A478-A482

APPELLEE'S RULE 41 NOTICE OF
DISMISSAL...........................................................123/A483-A485

ORDER RECOGNIZING DISMISSAL AND TERMINATING
COUNTER-PARTIES.............................................129/A486-A487

APPELLEE'S RULE 37(e) MOTION WITH APPOINTMENT OF SPECIAL MASTER ................................................. 136/A488-A510

APPELLANT'S MOTION FOR SANCTIONS UNDER §1927 AND THE COURT'S INHERENT AUTHORITY .............. 138/A511-A536

TRANSCRIPT OF MEET-AND-CONFER SUBMITTED IN SUPPORT OF SANCTIONS MOTION ................. 138-4/A537-A587

REQUEST FOR EVIDENTIARY HEARING AND ORAL ARGUMENT ON §1927 MOTION ........................ 138-9/A588-A590

GINGRAS' RESPONSE IN OPPOSITION ............... 141/A591-A609

GINGRAS' DECLARATION AND EXHIBITS ...... 141-1/A610-A632

RESPONSE IN OPPOSITION OF DEFENSE DISTRIBUTED, FEDERICO REYNAL, AND CHAD FLORES .......... 149/A633-A653

APPELLANTS' AUTHORIZED REPLY ................... 150/A654-A659

ORDER DENYING SANCTIONS ............................ 184/A660-A670

RULE 72(A) OBJECTION ....................................... 194/A671-A683

NOTICE OF SETTLEMENT ................................... 270/A684-A687

FINAL ORDER OF DISMISSAL ............................ 273/A688-A689

NOTICE OF APPEAL ............................................. 277/A690-A693

CERTIFICATE OF SERVICE................................................. A694

APPEAL,CLOSED,MEDIATION,STAYED

# U.S. District Court
## Middle District of Florida (Orlando)
### CIVIL DOCKET FOR CASE #: 6:24-cv-01629-AGM-LHP

Larosiere v. Wilson et al                              Date Filed: 09/06/2024
Assigned to: Judge Anne-Leigh Gaylord Moe            Date Terminated: 03/31/2026
Referred to: Magistrate Judge Leslie Hoffman Price   Jury Demand: None
Case in other court: 11th Circuit, 26-11420          Nature of Suit: 820 Copyright
Cause: 17:101 Copyright Infringement                 Jurisdiction: Federal Question

**Plaintiff**

**Matthew Larosiere**                    represented by   **Zachary Z. Zermay**
                                                          Zermay Law, P.A.
                                                          3000 Coral Way
                                                          Suite 1115
                                                          Miami, FL 33145
                                                          310-752-9728
                                                          Email: zach@zermaylaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Cody Rutledge Wilson**                 represented by   **Leia Villasenor Leitner**
                                                          Wilson Elser Moskowitz Edelman &
                                                          Dicker, LLP
                                                          111 N. Orange Avenue
                                                          Suite 1200
                                                          Orlando, FL 32801
                                                          407-203-7599
                                                          Email: Leia.Leitner@wilsonelser.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Amaris Lilly-Joy Chris Gyebi**
                                                          Wilson Elser Moskowitz Edelman & Dicker
                                                          LLP
                                                          2063 Main Street
                                                          Suite 100
                                                          Sarasota, FL 34237
                                                          941-210-5961
                                                          Fax: 941-210-5979
                                                          Email: amaris.gyebi@wilsonelser.com
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Charles (Chad) Flores**
                                                          Flores Law PLLC
                                                          917 Franklin Street

Suite 600
Houston, TX 77002
713-364-6440
Email: chad@chadflores.law
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Gingras**
Gingras Law Office, PLLC
4802 E. Ray Road
#23-271
Phoenix, AZ 85044
480-264-1400
Email: david@gingraslaw.com
*TERMINATED: 09/08/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
The Reynal Law Firm, P.C.
917 Franklin
Sixth Floor
Houston, TX 77002
713-228-5900
Email: areynal@frlaw.us
*TERMINATED: 09/26/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jura Christine Zibas**
Wilson Elser Moskowitz Edelman &
Dicker, LLP
Suite 100
2063 Main Street
Sarasota, FL 34237
941/866-8561
Fax: 941-210-5979
Email: jura.zibas@wilsonelser.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Defcad, Inc.**                    represented by **Leia Villasenor Leitner**
                                    (See above for address)
                                    *LEAD ATTORNEY*
                                    *ATTORNEY TO BE NOTICED*

                                    **Amaris Lilly-Joy Chris Gyebi**
                                    (See above for address)
                                    *ATTORNEY TO BE NOTICED*

                                    **Charles (Chad) Flores**
                                    (See above for address)
                                    *PRO HAC VICE*
                                    *ATTORNEY TO BE NOTICED*

A-5

**David S. Gingras**
(See above for address)
*TERMINATED: 09/08/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jura Christine Zibas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Defense Distributed**                    represented by    **Amaris Lilly-Joy Chris Gyebi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Charles (Chad) Flores**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Gingras**
(See above for address)
*TERMINATED: 09/08/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jura Christine Zibas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leia Villasenor Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dioskouroi LLC**                    represented by    **Charles (Chad) Flores**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Gingras**

A-6

(See above for address)
*TERMINATED: 09/08/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leia Villasenor Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**David Scott Gingras**                                    represented by    **David S. Gingras**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Respondent**

**Federico Reynal**

**Respondent**

**Charles Flores**                                          represented by    **Charles (Chad) Flores**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mediator**

**Donna M. Doyle**                                         represented by    **Donna Marie Canina Doyle**
Mediate First, Inc.
200 E Robinson St Ste 700
Orlando, FL 32801
407/649-9495
Fax: 407/649-8698
Email: admin@mediatefirstinc.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Defense Distributed**                                    represented by    **Leia Villasenor Leitner**
*TERMINATED: 09/11/2025*                                                     (See above for address)
*LEAD ATTORNEY*

**Charles (Chad) Flores**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Gingras**
(See above for address)

A-7

*TERMINATED: 09/08/2025*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Defcad, Inc.**                    represented by   **Leia Villasenor Leitner**
*TERMINATED: 09/11/2025*                             (See above for address)
                                                     *LEAD ATTORNEY*

                                                     **Charles (Chad) Flores**
                                                     (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **David S. Gingras**
                                                     (See above for address)
                                                     *TERMINATED: 09/08/2025*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Federico Andino Reynal**
                                                     (See above for address)
                                                     *TERMINATED: 09/26/2025*
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Cody Rutledge Wilson**            represented by   **Charles (Chad) Flores**
*TERMINATED: 09/11/2025*                             (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **David S. Gingras**
                                                     (See above for address)
                                                     *TERMINATED: 09/08/2025*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Federico Andino Reynal**
                                                     (See above for address)
                                                     *TERMINATED: 09/26/2025*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Leia Villasenor Leitner**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Dioskouroi LLC**                  represented by   **Charles (Chad) Flores**
*TERMINATED: 09/11/2025*                             (See above for address)
                                                     *PRO HAC VICE*
                                                     *ATTORNEY TO BE NOTICED*

A-8

**David S. Gingras**
(See above for address)
*TERMINATED: 09/08/2025*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**The Gatalog**
*TERMINATED: 09/11/2025*

**Counter Defendant**

**John Elik**                                   represented by   **Matthew Larosiere**
*TERMINATED: 09/11/2025*                                          6964 Houlton Circle
                                                                 Lake Worth, FL 33467
                                                                 561-452-7575
                                                                 Email: larosieremm@gmail.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Alexander Holladay**                          represented by   **Gary Charles De Pury**
*TERMINATED: 09/11/2025*                                          Law Offices of Gary De Pury, P.A.
                                                                 21035 Leonard Road
                                                                 Lutz, FL 33558
                                                                 813-607-6911
                                                                 Fax: 813-949-3406
                                                                 Email: gary@depury.com
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Peter Celentano**
*TERMINATED: 09/11/2025*

**Counter Defendant**

**Josh Kiel Stroke**                            represented by   **Matthew Larosiere**
*TERMINATED: 09/11/2025*                                          (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**John Lettman**                                represented by   **Matthew Larosiere**
*TERMINATED: 09/11/2025*                                          (See above for address)
                                                                 *LEAD ATTORNEY*
                                                                 *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**The Gatalog Foundation**
*TERMINATED: 09/11/2025*

**Counter Defendant**

**MAF Corp.**                                    represented by **Gary Charles De Pury**
*TERMINATED: 09/11/2025*                                        (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Matthew Larosiere**                            represented by **Zachary Z. Zermay**
*TERMINATED: 09/11/2025*                                        (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Cody Rutledge Wilson**                         represented by **Charles (Chad) Flores**
*TERMINATED: 09/11/2025*                                        (See above for address)
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **David S. Gingras**
                                                               (See above for address)
                                                               *TERMINATED: 09/08/2025*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Federico Andino Reynal**
                                                               (See above for address)
                                                               *TERMINATED: 09/26/2025*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Leia Villasenor Leitner**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Defense Distributed**                          represented by **Leia Villasenor Leitner**
*TERMINATED: 09/11/2025*                                        (See above for address)
                                                               *LEAD ATTORNEY*

                                                               **Charles (Chad) Flores**
                                                               (See above for address)
                                                               *PRO HAC VICE*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **David S. Gingras**
                                                               (See above for address)
                                                               *TERMINATED: 09/08/2025*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Federico Andino Reynal**
                                                               (See above for address)

A-10

*TERMINATED: 09/26/2025*
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Defcad, Inc.**                                    represented by   **Leia Villasenor Leitner**
*TERMINATED: 09/11/2025*                                             (See above for address)
                                                                    *LEAD ATTORNEY*

                                                                    **Charles (Chad) Flores**
                                                                    (See above for address)
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **David S. Gingras**
                                                                    (See above for address)
                                                                    *TERMINATED: 09/08/2025*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Federico Andino Reynal**
                                                                    (See above for address)
                                                                    *TERMINATED: 09/26/2025*
                                                                    *ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Dioskouroi LLC**                                 represented by   **Charles (Chad) Flores**
*TERMINATED: 09/11/2025*                                             (See above for address)
                                                                    *PRO HAC VICE*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **David S. Gingras**
                                                                    (See above for address)
                                                                    *TERMINATED: 09/08/2025*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Federico Andino Reynal**
                                                                    (See above for address)
                                                                    *TERMINATED: 09/26/2025*
                                                                    *ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

**MAF Corp.**                                      represented by   **Gary Charles De Pury**
*TERMINATED: 09/11/2025*                                             (See above for address)
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

                                                                    **Zachary Z. Zermay**
                                                                    (See above for address)
                                                                    *ATTORNEY TO BE NOTICED*

**Third Party Defendant**

A-11

**John Lettman**
*TERMINATED: 09/11/2025*

represented by **Matthew Larosiere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Z. Zermay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**Matthew Larosiere**
*TERMINATED: 09/11/2025*

represented by **Zachary Z. Zermay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**Peter Celentano**
*TERMINATED: 09/11/2025*

**Third Party Defendant**

**The Gatalog**
*TERMINATED: 09/11/2025*

**Third Party Defendant**

**Josh Kiel Stroke**
*TERMINATED: 09/11/2025*

represented by **Matthew Larosiere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**John Elik**
*TERMINATED: 09/11/2025*

represented by **Matthew Larosiere**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**The Gatalog Foundation**
*TERMINATED: 09/11/2025*

**Third Party Defendant**

**Alexander Holladay**
*TERMINATED: 09/11/2025*

represented by **Gary Charles De Pury**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Zachary Z. Zermay**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Cody Rutledge Wilson**
*TERMINATED: 09/11/2025*

represented by **Charles (Chad) Flores**
(See above for address)
*PRO HAC VICE*

A-12

*ATTORNEY TO BE NOTICED*

**David S. Gingras**
(See above for address)
*TERMINATED: 09/08/2025*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*ATTORNEY TO BE NOTICED*

**Leia Villasenor Leitner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Defense Distributed**                             represented by   **Leia Villasenor Leitner**
*TERMINATED: 09/11/2025*                                             (See above for address)
                                                                     *LEAD ATTORNEY*

                                                                     **Charles (Chad) Flores**
                                                                     (See above for address)
                                                                     *PRO HAC VICE*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **David S. Gingras**
                                                                     (See above for address)
                                                                     *TERMINATED: 09/08/2025*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Federico Andino Reynal**
                                                                     (See above for address)
                                                                     *TERMINATED: 09/26/2025*
                                                                     *ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Defcad, Inc.**                                    represented by   **Leia Villasenor Leitner**
*TERMINATED: 09/11/2025*                                             (See above for address)
                                                                     *LEAD ATTORNEY*

                                                                     **Charles (Chad) Flores**
                                                                     (See above for address)
                                                                     *PRO HAC VICE*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **David S. Gingras**
                                                                     (See above for address)
                                                                     *TERMINATED: 09/08/2025*
                                                                     *ATTORNEY TO BE NOTICED*

                                                                     **Federico Andino Reynal**
                                                                     (See above for address)

A-13

*TERMINATED: 09/26/2025*
*ATTORNEY TO BE NOTICED*

**Third Party Plaintiff**

**Dioskouroi LLC**                                      represented by    **Charles (Chad) Flores**
*TERMINATED: 09/11/2025*                                                 (See above for address)
                                                                        *PRO HAC VICE*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **David S. Gingras**
                                                                        (See above for address)
                                                                        *TERMINATED: 09/08/2025*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Federico Andino Reynal**
                                                                        (See above for address)
                                                                        *TERMINATED: 09/26/2025*
                                                                        *ATTORNEY TO BE NOTICED*

V.

**Third Party Defendant**

**MAF Corp.**                                          represented by    **Gary Charles De Pury**
*TERMINATED: 09/11/2025*                                                 (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**The Gatalog**
*TERMINATED: 09/11/2025*

**Third Party Defendant**

**Alexander Holladay**                                 represented by    **Gary Charles De Pury**
*TERMINATED: 09/11/2025*                                                 (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**John Lettman**                                       represented by    **Matthew Larosiere**
*TERMINATED: 09/11/2025*                                                 (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

**Third Party Defendant**

**Josh Kiel Stroke**                                   represented by    **Matthew Larosiere**
*TERMINATED: 09/11/2025*                                                 (See above for address)
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Zachary Z. Zermay**
                                                                        (See above for address)
                                                                        *ATTORNEY TO BE NOTICED*

A-14

**Third Party Defendant**

**Peter Celentano**
*TERMINATED: 09/11/2025*

**Third Party Defendant**

**John Elik**                                             represented by **Matthew Larosiere**
*TERMINATED: 09/11/2025*                                                  (See above for address)
                                                                          *LEAD ATTORNEY*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Zachary Z. Zermay**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Cody Rutledge Wilson**                                  represented by **Charles (Chad) Flores**
*TERMINATED: 09/11/2025*                                                  (See above for address)
                                                                          *PRO HAC VICE*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **David S. Gingras**
                                                                          (See above for address)
                                                                          *TERMINATED: 09/08/2025*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Federico Andino Reynal**
                                                                          (See above for address)
                                                                          *TERMINATED: 09/26/2025*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Leia Villasenor Leitner**
                                                                          (See above for address)
                                                                          *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Defense Distributed**                                   represented by **Leia Villasenor Leitner**
*TERMINATED: 09/11/2025*                                                  (See above for address)
                                                                          *LEAD ATTORNEY*

                                                                          **Charles (Chad) Flores**
                                                                          (See above for address)
                                                                          *PRO HAC VICE*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **David S. Gingras**
                                                                          (See above for address)
                                                                          *TERMINATED: 09/08/2025*
                                                                          *ATTORNEY TO BE NOTICED*

                                                                          **Federico Andino Reynal**
                                                                          (See above for address)
                                                                          *TERMINATED: 09/26/2025*
                                                                          *ATTORNEY TO BE NOTICED*

A-15

**Counter Claimant**

**Defcad, Inc.**
*TERMINATED: 09/11/2025*

represented by **Leia Villasenor Leitner**
(See above for address)
*LEAD ATTORNEY*

**Charles (Chad) Flores**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Gingras**
(See above for address)
*TERMINATED: 09/08/2025*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Dioskouroi LLC**
*TERMINATED: 09/11/2025*

represented by **Charles (Chad) Flores**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David S. Gingras**
(See above for address)
*TERMINATED: 09/08/2025*
*ATTORNEY TO BE NOTICED*

**Federico Andino Reynal**
(See above for address)
*TERMINATED: 09/26/2025*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Matthew Larosiere**
*TERMINATED: 09/11/2025*

represented by **Zachary Z. Zermay**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/06/2024 | 1 | COMPLAINT against All Defendants (Filing fee $405 receipt number BFLMDC-22487885) filed by Matthew Larosiere. (Attachments: # 1 Civil Cover Sheet, # 2 Proposed Summons, # 3 Proposed Summons, # 4 Proposed Summons, # 5 Proposed Summons)(Zermay, Zachary) (Entered: 09/06/2024) |
| 09/06/2024 | 2 | NEW CASE ASSIGNED to Judge Wendy W. Berger and Magistrate Judge Leslie Hoffman Price. New case number: 6:24-cv-1629-WWB-LHP. (AA) (Entered: |

| | | 09/06/2024) |
|---|---|---|
| 09/09/2024 | 3 | SUMMONS issued as to All Defendants. (HAI) (Entered: 09/09/2024) |
| 09/09/2024 | 4 | Copyright Report electronically sent to the U.S. Copyright Office. (Attachments: # 1 Complaint) (HAI) (Entered: 09/09/2024) |
| 09/10/2024 | 5 | **NOTICE TO COUNSEL AND PARTIES: The Middle District of Florida's revised Local Rules become effective April 1, 2024, and can be found on the Court's public website https://www.flmd.uscourts.gov/local-rules. Additionally, the undersigned has issued a Standing Order, available at https://www.flmd.uscourts.gov/judges/wendy-berger, that apply to all proceedings before the undersigned. For a just and efficient resolution of this case, the parties are DIRECTED to read and comply with the Middle District of Florida's Local Rules and this Court's Standing Orders. See Local Rule 1.01(a). Failure to comply with ANY Local Rules or Court Orders may result in the imposition of sanctions including, but not limited to, the dismissal of this action or entry of default without further notice. Signed by Judge Wendy W. Berger on 9/10/2024. (RMF)** (Entered: 09/10/2024) |
| 09/10/2024 | 6 | NOTICE of Local Rule 3.02(a)(2), which requires the parties in every civil proceeding, except those described in subsection (d), to file a case management report (CMR) using the uniform form at www.flmd.uscourts.gov. The CMR must be filed (1) within forty days after any defendant appears in an action originating in this court, (2) within forty days after the docketing of an action removed or transferred to this court, or (3) within seventy days after service on the United States attorney in an action against the United States, its agencies or employees. Judges may have a special CMR form for certain types of cases. These forms can be found at www.flmd.uscourts.gov under the Forms tab for each judge. (Signed by Deputy Clerk). (RMF) (Entered: 09/10/2024) |
| 09/20/2024 | 7 | PROOF of service by Matthew Larosiere (Zermay, Zachary) (Entered: 09/20/2024) |
| 09/20/2024 | 8 | PROOF of service by Matthew Larosiere (Zermay, Zachary) (Entered: 09/20/2024) |
| 09/25/2024 | 9 | WAIVER of service returned executed on 09/24/2024 by Matthew Larosiere as to Cody Rutledge Wilson. (Zermay, Zachary) (Entered: 09/25/2024) |
| 09/25/2024 | 10 | WAIVER of service returned executed on 09/24/2024 by Matthew Larosiere as to Dioskouroi LLC. (Zermay, Zachary) (Entered: 09/25/2024) |
| 10/07/2024 | 11 | MOTION for Chad Flores to appear pro hac vice by All Defendants. (e-portal) (ARL) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 10/08/2024) |
| 10/08/2024 | 12 | NOTICE TO COUNSEL Chad Flores Local Rule 2.01(c), Special Admission - Pay the Special Admission Fee; Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (ARL) (Entered: 10/08/2024) |
| 10/08/2024 | 13 | **ORDER granting 11 Unopposed Motion for Special Admission. Charles ("Chad") Flores, Esq., may specially appear in this case as counsel for Defendants. Signed by Magistrate Judge Leslie Hoffman Price on 10/8/2024. (MKH)** (Entered: 10/08/2024) |
| 10/08/2024 | 14 | MOTION for David S. Gingras to appear pro hac vice by All Defendants. (e-portal) (ARL) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 10/08/2024) |
| 10/08/2024 | 15 | NOTICE TO COUNSEL David S. Gingras Local Rule 2.01(c), Special Admission - Pay the Special Admission Fee; Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (ARL) (Entered: 10/08/2024) |

| 10/11/2024 | 17 | MOTION for Extension of Time to File Answer re 1 Complaint, by All Defendants. (e-portal) (ARL) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 10/15/2024) |
|---|---|---|
| 10/15/2024 | 16 | **ORDER granting 14 Unopposed Motion for Special Admission. David S. Gingras, Esq., may specially appear in this case as counsel for Defendants. Signed by Magistrate Judge Leslie Hoffman Price on 10/15/2024. (MKH)** (Entered: 10/15/2024) |
| 10/15/2024 | 18 | **ENDORSED ORDER granting 17 Defendants' Unopposed Motion for Deadline Extension. The deadline for Defendants to respond to the complaint is extended up to and including November 19, 2024. Counsel is cautioned, however, that future motions that fail to comply with all applicable Local Rules (the present motion fails to comply with Local Rule 3.01(a)) may be stricken or summarily denied without further notice. Signed by Magistrate Judge Leslie Hoffman Price on 10/15/2024. (MKH)** (Entered: 10/15/2024) |
| 10/16/2024 | 19 | MOTION for Federico Andino Reynal to appear pro hac vice by All Defendants. (e-portal) (RN) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 10/16/2024) |
| 10/16/2024 | 20 | NOTICE TO COUNSEL Federico Andino Reynal Local Rule 2.01(c), Special Admission - Pay the Special Admission Fee; Submit a Pro Hac Vice E-File Registration through PACER. Visit www.flmd.uscourts.gov/for-lawyers for details (Signed by Deputy Clerk). (RN) (Entered: 10/16/2024) |
| 10/21/2024 | 21 | **ORDER granting 19 Unopposed Motion for Special Admission. Federico Andino Reynal, Esq., may specially appear in this case as counsel for Defendants. Signed by Magistrate Judge Leslie Hoffman Price on 10/21/2024. (MKH)** (Entered: 10/21/2024) |
| 10/21/2024 | | ***PRO HAC VICE FEES PAID (Receipt Number 37521 for $150) by attorney Federico Andino Reynal, appearing on behalf of Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. Related document: 19 MOTION for Federico Andino Reynal to appear pro hac vice. (ELA) (Entered: 10/21/2024) |
| 10/23/2024 | | ***PRO HAC VICE FEES PAID (Receipt Number ORL113199 for $150.00) by attorney Chad Flores, appearing on behalf of Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. Related document: 11 MOTION for Chad Flores to appear pro hac vice. (TRF) (Entered: 10/23/2024) |
| 11/07/2024 | 22 | NOTICE of *Lead Counsel* Appearance by Charles (Chad) Flores on behalf of Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson (Flores, Charles (Chad)) (Entered: 11/07/2024) |
| 11/07/2024 | 23 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Defense Distributed. (Flores, Charles (Chad)) (Entered: 11/07/2024) |
| 11/07/2024 | 24 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Defcad, Inc.. (Flores, Charles (Chad)) (Entered: 11/07/2024) |
| 11/07/2024 | 25 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Cody Rutledge Wilson. (Flores, Charles (Chad)) (Entered: 11/07/2024) |
| 11/07/2024 | 26 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Dioskouroi LLC. (Flores, Charles (Chad)) (Entered: 11/07/2024) |
| 11/12/2024 | | ***PRO HAC VICE FEES PAID (Receipt Number ORL113365 for $150) by attorney David S. Gingras, appearing on behalf of Defcad, Inc., Defense Distributed, Dioskouroi |

| | | LLC, Cody Rutledge Wilson. Related document: 14 MOTION for David S. Gingras to appear pro hac vice. (EAM) (Entered: 11/12/2024) |
|---|---|---|
| 11/19/2024 | 27 | NOTICE of Appearance by Federico Andino Reynal on behalf of Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson (Reynal, Federico) (Entered: 11/19/2024) |
| 11/19/2024 | 28 | MOTION to Dismiss the Complaint for Failure to State a Claim Upon Which Relief can be Granted and for Lack of Personal Jurisdiction by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Flores, Charles (Chad)) (Entered: 11/19/2024) |
| 11/19/2024 | 29 | *Defendants'* ANSWER and affirmative defenses to 1 Complaint , COUNTERCLAIM *of Defense Distributed* against Matthew Larosiere, The Gatalog, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, The Gatalog Foundation, MAF Corp. by Defense Distributed, Defcad, Inc., Cody Rutledge Wilson, Dioskouroi LLC.(Flores, Charles (Chad)) (Entered: 11/19/2024) |
| 11/20/2024 | 30 | PROPOSED summons to be issued by Defcad, Inc., Defense Distributed. (Gingras, David) (Main Document 30 replaced on 11/21/2024) (GL). Modified on 11/21/2024 to flatten pdf (GL). (Entered: 11/20/2024) |
| 11/20/2024 | 31 | PROPOSED summons to be issued by Defcad, Inc., Defense Distributed. (Gingras, David) (Main Document 31 replaced on 11/21/2024) (GL). Modified on 11/21/2024 to flatten pdf (GL). (Entered: 11/20/2024) |
| 11/20/2024 | 32 | PROPOSED summons to be issued by Defcad, Inc., Defense Distributed. (Gingras, David) (Main Document 32 replaced on 11/21/2024) (GL). Modified on 11/21/2024 to flatten pdf (GL). (Entered: 11/20/2024) |
| 11/20/2024 | 33 | PROPOSED summons to be issued by Defcad, Inc., Defense Distributed. (Gingras, David) (Main Document 33 replaced on 11/21/2024) (GL). Modified on 11/21/2024 to flatten pdf (GL). (Entered: 11/20/2024) |
| 11/20/2024 | 34 | PROPOSED summons to be issued by Defcad, Inc., Defense Distributed. (Gingras, David) (Main Document 34 replaced on 11/21/2024) (GL). Modified on 11/21/2024 to flatten pdf (GL). (Entered: 11/20/2024) |
| 11/21/2024 | 35 | SUMMONS issued as to Peter Celentano, John Elik, Alexander Holladay, John Lettman, Josh Kiel Stroke. (GL) (Entered: 11/21/2024) |
| 11/25/2024 | 36 | PROPOSED summons to be issued by Defcad, Inc., Defense Distributed. (Gingras, David) (Entered: 11/25/2024) |
| 11/27/2024 | 37 | SUMMONS issued as to MAF Corp. (MCB) (Entered: 11/27/2024) |
| 12/03/2024 | 38 | **ORDER: is it ORDERED and ADJUDGED that Defendants' Motion to Dismiss 28 is DENIED as moot. Signed by Judge Wendy W. Berger on 12/3/2024. (RMF)** (Entered: 12/03/2024) |
| 12/05/2024 | 39 | PROPOSED summons to be issued by Defense Distributed. (Gingras, David) (Entered: 12/05/2024) |
| 12/09/2024 | 40 | SUMMONS issued as to The Gatalog Foundation. (RN) (Main Document 40 replaced on 12/9/2024) (MGB). (Modified on 12/9/2024 to flatten PDF) (MGB). (Entered: 12/09/2024) |
| 12/10/2024 | 41 | Joint Motion for Extension of Time to Amend the complaint by Matthew Larosiere. (Attachments: # 1 Exhibit Exhibit A, Proposed First Amended Complaint)(Zermay, Zachary) Modified text on 12/11/2024 (AM). (Entered: 12/10/2024) |

A-19

| 12/11/2024 | 42 | **ORDER granting in part and denying in part 41 Joint Motion for Extension for Time and to Amend the Complaint. Plaintiff shall file the proposed amended complaint (Doc. No. 41-1) as a separate docket entry on or before December 13, 2024. Fed. R. Civ. P. 15(a)(1)(B), (2). The deadline for Plaintiff to respond to Defendants' current counterclaims, to the extent appropriate, is extended up to and including December 30, 2024. The remaining requests are DENIED. See PDF Order. Signed by Magistrate Judge Leslie Hoffman Price on 12/11/2024. (MKH)** (Entered: 12/11/2024) |
|---|---|---|
| 12/11/2024 | 43 | AMENDED COMPLAINT against All Defendants filed by Matthew Larosiere.(Zermay, Zachary) (Entered: 12/11/2024) |
| 12/12/2024 | 44 | Copyright Report electronically sent to the U.S. Copyright Office. (Attachments: # 1 Exhibit Amended Complaint) (LD) (Entered: 12/12/2024) |
| 12/16/2024 | 45 | NOTICE of Appearance by Matthew Larosiere on behalf of John Elik, Josh Kiel Stroke, John Lettman (Larosiere, Matthew) (Entered: 12/16/2024) |
| 12/16/2024 | 46 | NOTICE TO COUNSEL Matthew Larosiere and Zachary Z. Zermay of Local Rule 2.02(a), which states, "The first paper filed on behalf of a party must designate only one lead counsel who - unless the party changes the designation - remains lead counsel throughout the action." Counsel must file a **Notice of Lead Counsel Designation** identifying lead counsel. (Signed by Deputy Clerk). (MLB) (Entered: 12/16/2024) |
| 12/16/2024 | 47 | MOTION to Dismiss Defendant-Counter plaintiff Defense Distributed's Counterclaims (Dkt. No. 29) by John Elik, Josh Kiel Stroke, John Lettman. (Attachments: # 1 Affidavit of John Elik, # 2 Affidavit of Joshua Kiel Stroke, # 3 Affidavit of John Lettman) (Larosiere, Matthew) Modified on 12/18/2024 to edit docket text (JDR). (Entered: 12/16/2024) |
| 12/26/2024 | 48 | MOTION to Dismiss for Lack of Jurisdiction *all claims against Defendant Dioskouroi LLC*, MOTION to Dismiss for Failure to State a Claim *Counts 5 & 6* by All Defendants. (Flores, Charles (Chad)) (Entered: 12/26/2024) |
| 12/27/2024 | 49 | *First Amended* ANSWER and affirmative defenses to 43 Amended Complaint, THIRD PARTY COMPLAINT against MAF Corp., John Lettman, Matthew Larosiere, Peter Celentano, The Gatalog, Josh Kiel Stroke, John Elik, The Gatalog Foundation, Alexander Holladay, COUNTERCLAIM against Matthew Larosiere by Cody Rutledge Wilson, Defense Distributed, Defcad, Inc., Dioskouroi LLC. (Flores, Charles (Chad)) Modified text on 12/30/2024 (GL). (Entered: 12/27/2024) |
| 12/27/2024 | 50 | RESPONSE in Opposition re 47 MOTION to Dismiss Defendant-Counterplaintiff Defense Distributed's Counterclaims (Dkt. No. 29) filed by Defense Distributed. (Flores, Charles (Chad)) (Entered: 12/27/2024) |
| 01/03/2025 | 51 | CASE MANAGEMENT REPORT. (Reynal, Federico) (Entered: 01/03/2025) |
| 01/03/2025 | 52 | AMENDED ANSWER to *Plaintiff Larosiere's* 43 Amended Complaint , Amended THIRD PARTY COMPLAINT *of Defense Distributed* against MAF Corp., The Gatalog, Alexander Holladay, John Lettman, Josh Kiel Stroke, Peter Celentano, John Elik, Amended COUNTERCLAIM *of Defense Distributed* against Matthew Larosiere by Cody Rutledge Wilson, Defense Distributed, Defcad, Inc., Dioskouroi LLC. (Flores, Charles (Chad)) (Entered: 01/03/2025) |
| 01/08/2025 | 53 | First MOTION for Preliminary Injunction and Incorporated Memorandum of Law by Matthew Larosiere. (Attachments: # 1 Exhibit A: Copyright Registrations, # 2 Exhibit B: Declaration of Matthew Larosiere, # 3 Exhibit C: Declaration of John Elik, # 4 Exhibit D: 159 Photographs Copied by Defcad, # 5 Exhibit E: 159 Images as to DD GG and DIO, # |

| | | |
|---|---|---|
| | | 6 Exhibit F: 64 Images BUBAR SF5 KF5 as to Defcad, # 7 Exhibit G: 26 Images as to DD GG and DIO, # 8 Exhibit H: 61 Images PV4 as to Defcad, # 9 Exhibit I: 61 Images PV4 as to DD GG and Dio, # 10 Exhibit J: 63 Hitchhiker Images as to Defcad, # 11 Exhibit K: 4 3D Models as to Defcad, # 12 Exhibit L: Comparison of Textual Works) (Zermay, Zachary) Modified text on 1/9/2025 (BD). (Entered: 01/08/2025) |
| 01/10/2025 | 54 | **ORDER: Defendants shall file a consolidated response to the Motion for Preliminary Injunction on or before January 16, 2025. On or before January 16, 2025, Plaintiff and Defendants named in the Motion shall file a joint notice, not to exceed ten pages, informing this Court if an evidentiary hearing is necessary in this matter. Signed by Judge Wendy W. Berger on 1/10/2025. (RMF)** (Entered: 01/10/2025) |
| 01/13/2025 | 55 | TIME SENSITIVE MOTION for an Extension of the Filing Deadline and Length Limit for Defendant's Consolidated Response to 53 First MOTION for Preliminary Injunction by All Defendants. (Flores, Charles (Chad)) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified on 1/14/2025 to edit text (ELA). (Entered: 01/13/2025) |
| 01/14/2025 | 56 | RESPONSE to Motion re 55 Time Sensitive Motion for an Extension of the Filing Deadline and Length Limit for Defendant's Consolidated Response to 53 First MOTION for Preliminary Injunction filed by Matthew Larosiere. (Zermay, Zachary) Modified on 1/14/2025 to edit text (ELA). (Entered: 01/14/2025) |
| 01/14/2025 | 57 | **ENDORSED ORDER granting in part and denying in part 55 Defendants' Time Sensitive Motion for an Extension of the Filing Deadline and Length Limit for Defendants' Consolidated Response. Defendants' consolidated response and the parties' joint notice may be filed on or before January 22, 2025. In all other respects, the Motion is denied. Signed by Judge Wendy W. Berger on 1/14/2025. (MDJ)** (Entered: 01/14/2025) |
| 01/16/2025 | 58 | <span style="color:green">**CASE MANAGEMENT AND SCHEDULING ORDER:**</span> **Amended Pleadings due by 2/28/2025. Joinder of Parties due by 2/28/2025. Discovery due by 5/1/2026 Dispositive motions due by 6/2/2026 Pretrial statement due by 10/5/2026 All other motions due by 9/2/2026 Plaintiff disclosure of expert report due by 3/2/2026 Defendant disclosure of expert report due by 4/2/2026. Trial Status Conference set for 10/13/2026 at 10:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger Jury Trial set for the November 2026 trial term commencing on 11/2/2026 at 09:00 AM in Orlando Courtroom 3 B before Judge Wendy W. Berger. Conduct mediation hearing by 5/15/2026. Lead counsel to coordinate dates. Signed by Judge Wendy W. Berger on 1/16/2025. (RMF)** (Entered: 01/16/2025) |
| 01/16/2025 | 59 | **ORDER: the parties are directed to confer, and then advise the Court, on the selection of a mediator, on or before February 18, 2025. Signed by Judge Wendy W. Berger on 1/16/2025. (RMF)** (Entered: 01/16/2025) |
| 01/16/2025 | 60 | RESPONSE in Opposition re 48 MOTION to Dismiss for Lack of Jurisdiction *all claims against Defendant Dioskouroi LLC*, MOTION to Dismiss for Failure to State a Claim *Counts 5 & 6* filed by Matthew Larosiere. (Zermay, Zachary) Modified punctuation on 1/17/2025 (JK). (Entered: 01/16/2025) |
| 01/17/2025 | 61 | **STANDING ORDER on Discovery Motions. Signed by Magistrate Judge Leslie Hoffman Price on 2/7/2022. (MKH)** (Entered: 01/17/2025) |
| 01/17/2025 | 62 | NOTICE of Lead Counsel Designation by Zachary Z. Zermay on behalf of Matthew Larosiere. Lead Counsel: Zachary Z. Zermay. (Zermay, Zachary) (Entered: 01/17/2025) |
| 01/17/2025 | 63 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Matthew Larosiere. (Zermay, Zachary) (Entered: 01/17/2025) |

| 01/17/2025 | 64 | NOTICE of Lead Counsel Designation by Matthew Larosiere on behalf of John Elik, Josh Kiel Stroke, John Lettman. Lead Counsel: Matthew Larosiere. (Larosiere, Matthew) (Entered: 01/17/2025) |
|---|---|---|
| 01/17/2025 | 65 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by John Elik. (Larosiere, Matthew) (Entered: 01/17/2025) |
| 01/17/2025 | 66 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by John Lettman. (Larosiere, Matthew) (Entered: 01/17/2025) |
| 01/17/2025 | 67 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Josh Kiel Stroke. (Larosiere, Matthew) (Entered: 01/17/2025) |
| 01/17/2025 | 68 | NOTICE of *Lead Counsel* Appearance by Gary Charles De Pury on behalf of Alexander Holladay, MAF Corp. (De Pury, Gary) (Entered: 01/17/2025) |
| 01/17/2025 | 69 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by MAF Corp. (De Pury, Gary) Modified on 1/21/2025 to edit docket text (MSN). (Entered: 01/17/2025) |
| 01/17/2025 | 70 | DISCLOSURE STATEMENT under Rule 7.1, Federal Rules of Civil Procedure, and Local Rule 3.03 by Alexander Holladay. (De Pury, Gary) (Entered: 01/17/2025) |
| 01/17/2025 | 71 | MOTION to Dismiss for Lack of Jurisdiction *as to out-of-state Counterdefendants*, MOTION to Dismiss for Failure to State a Claim *as to all Counterdefendants*, MOTION for Attorney Fees *as to all Counterdefendants* by John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, MAF Corp., Matthew Larosiere. (Attachments: # 1 Exhibit A - Affidavit of John Elik, # 2 Exhibit B - Affidavit of Josh Stroke, # 3 Exhibit C - Affidavit of John Lettman)(Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 01/17/2025) |
| 01/21/2025 | 72 | NOTICE TO COUNSEL Zachary Z. Zermay of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (MSN) (Entered: 01/21/2025) |
| 01/22/2025 | 73 | JOINT NOTICE regarding an Evidentiary Hearing on Plaintiff's Motion for a Preliminary Injunction re 57 Order on Motion for Extension of Time to File Response / Reply, Order on Motion for Leave to File Document filed by Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, Dioskouroi LLC. (Flores, Charles (Chad)) Modified on 1/23/2025 to edit text (ELA). (Entered: 01/22/2025) |
| 01/22/2025 | 74 | RESPONSE to Motion re 53 First MOTION for Preliminary Injunction filed by Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, Dioskouroi LLC. (Attachments: # 1 Exhibit A * Document, # 2 Exhibit B * Treatise)(Flores, Charles (Chad)) (Entered: 01/22/2025) |
| 01/24/2025 | 75 | MOTION for Leave to File reply re 74 Response to Plaintiff's Motion for a Preliminary Injunction by Matthew Larosiere. (Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified motion and docket text on 1/27/2025 (EVK). (Entered: 01/24/2025) |
| 01/28/2025 | 76 | RESPONSE in Opposition re 75 MOTION for Leave to File reply re 74 Response to Plaintiff's Motion for a Preliminary Injunction filed by Cody Rutledge Wilson, Defcad, Inc., Defense Distributed, Dioskouroi LLC. (Flores, Charles (Chad)) (Entered: 01/28/2025) |
| 01/28/2025 | 77 | **ENDORSED ORDER granting 75 Plaintiff Matthew Larosiere's Motion for Leave to Reply. Plaintiff may file a reply brief, not to exceed five (5) pages in length, within** |

A-22

| | | |
|---|---|---|
| | | two (2) business days of the date of this Order. **Signed by Magistrate Judge Leslie Hoffman Price on 1/28/2025. (MKH)** (Entered: 01/28/2025) |
| 01/29/2025 | 78 | REPLY to Response to 53 First MOTION for Preliminary Injunction filed by Matthew Larosiere. (Zermay, Zachary) Modified text on 1/30/2025 (BD). (Entered: 01/29/2025) |
| 01/31/2025 | 79 | RESPONSE to 71 MOTION to Dismiss filed by Defense Distributed. (Flores, Charles (Chad)) Modified text on 2/3/2025 (BD). (Entered: 01/31/2025) |
| 02/12/2025 | 80 | MOTION to Stay Discovery *pending resolution of motions to dismiss* by John Elik, Josh Kiel Stroke, John Lettman, Matthew Larosiere. (Attachments: # 1 Exhibit A - DD's RFP to Larosiere, # 2 Exhibit B - DD's RFP to Elik, # 3 Exhibit C - DD's RFP to Lettman, # 4 Exhibit D - DD's RFP Stroke)(Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 02/12/2025) |
| 02/18/2025 | 81 | STATUS Notice Regarding Mediator Selection by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson re 59 Order Directing Compliance (Flores, Charles (Chad)) Modified text on 2/19/2025 (JK). (Entered: 02/18/2025) |
| 02/26/2025 | 82 | RESPONSE in Opposition re 80 MOTION to Stay Discovery *pending resolution of motions to dismiss* filed by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A - Feb. 26 Declaration)(Flores, Charles (Chad)) (Entered: 02/26/2025) |
| 03/06/2025 | 83 | **ORDER denying 80 Plaintiff and Counterdefendants Matthew Larosiere, John Elik, Josh Stroke, and John Lettman's Opposed Motion to Stay Discovery Pending Resolution of Counterdefendants Matthew Larosiere, John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, and MAF Corp's Consolidated Motion to Dismiss Defense Distributed's Counterclaims. Signed by Magistrate Judge Leslie Hoffman Price on 3/6/2025. (MKH)** (Entered: 03/06/2025) |
| 03/18/2025 | 84 | NOTICE by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson re 81 Notice (Other) (Flores, Charles (Chad)) Modified on 3/19/2025 counsel refiled at doc. 85 due to error in PDF (ELA). (Entered: 03/18/2025) |
| 03/19/2025 | 85 | NOTICE by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson re 81 Notice (Other), 59 Order Directing Compliance (Flores, Charles (Chad)) (Entered: 03/19/2025) |
| 03/19/2025 | 86 | PROOF of service by Defense Distributed (Flores, Charles (Chad)) (Entered: 03/19/2025) |
| 04/10/2025 | 87 | MOTION for Clerk's Entry of Default against Peter Celentano by Defense Distributed. (Attachments: # 1 Exhibit)(Reynal, Federico) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 04/10/2025) |
| 04/11/2025 | 88 | **ORDER denying without prejudice 87 Motion for Entry of Default Judgment as to Peter Celentano. Defense Distributed shall file a renewed motion within seven (7) days of this Order, in full compliance with the Local Rules, and addressing the issues identified herein. Signed by Magistrate Judge Leslie Hoffman Price on 4/11/2025. (MKH)** (Entered: 04/11/2025) |
| 04/15/2025 | 89 | **ORDER: it is ORDERED and ADJUDGED that Defendants' Motion to Dismiss 48 is DENIED as moot. Signed by Judge Wendy W. Berger on 4/15/2025. (RMF)** (Entered: 04/15/2025) |
| 04/15/2025 | 90 | **ORDER: it is ORDERED that Donna M. Doyle is appointed as Mediator in this case. Signed by Judge Wendy W. Berger on 4/15/2025. (RMF)** (Entered: 04/15/2025) |

| 04/17/2025 | 91 | **ENDORSED ORDER denying as moot 47 Counterdefendants' Motion to Dismiss Counterclaims, to Strike, and in the Alternative, for a More Definite Statement. Signed by Judge Wendy W. Berger on 4/17/2025. (MDJ)** (Entered: 04/17/2025) |
|---|---|---|
| 04/17/2025 | 92 | MOTION for Extension the Time for Service upon Counter defendant Peter Celentano and Memorandum in Support by Defcad, Inc. (Attachments: # 1 Exhibit)(Reynal, Federico) Modified on 4/18/2025 to edit the docket text (MLB). (Entered: 04/17/2025) |
| 04/18/2025 | 93 | **ORDER granting 92 Defense Distributed's Motion to Extend the Time for Service Upon Counterdefendant Peter Celentano and Memorandum in Support. The deadline for Defense Distributed to effect service of process on Counter-Defendant Peter Celentano is extended up to and including May 15, 2025. Defense Distributed shall file proof of service on or before that date. Signed by Magistrate Judge Leslie Hoffman Price on 4/18/2025. (MKH)** (Entered: 04/18/2025) |
| 05/04/2025 | 94 | MOTION for Leave to File supplemental memorandum in support of Plaintiff's motion for preliminary injunction by Matthew Larosiere. (Attachments: # 1 Supplement Ex 1 - Proposed Supplemental Memorandum, # 2 Exhibit N - Comparison of Written Works, # 3 Exhibit O - Comparison of Photographic Works, # 4 Exhibit P - Declaration of Larosiere) (Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 05/04/2025) |
| 05/05/2025 | 95 | RETURN of Service Executed for Peter Celentano on May 1, 2025. (Reynal, Federico) Modified on 5/6/2025 to edit the docket text (MLB). (Entered: 05/05/2025) |
| 05/11/2025 | 96 | Opposed Emergency MOTION to Quash Improper Subpoenas, for a Protective Order, to Stay Discovery, and For Sanctions by John Elik, Matthew Larosiere, John Lettman, Josh Kiel Stroke. (Attachments: # 1 Exhibit A - Reynal Refusing Copied, # 2 Exhibit B - The Blog Post, # 3 Exhibit C - Pre-Conference Emails, # 4 Exhibit D - Reynal Admitting Undisclosed Subpoena and Flores Refusing Corrective Measures, # 5 Exhibit E - Undisclosed Digital Ocean Subpoena, # 6 Exhibit F - Elik Declaration, # 7 Exhibit G - Zermay Declaration, # 8 Exhibit H - Larosiere Declaration)(Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified text on 5/12/2025 (BD). (Entered: 05/11/2025) |
| 05/12/2025 | 97 | **ORDER denying in part and deferring in part 96 Opposed Emergency Motion to Quash Improper Subpoenas, for a Protective Order, to Stay Discovery, and For Sanctions. See the PDF Order for further details and requirements. Signed by Magistrate Judge Leslie Hoffman Price on 5/12/2025. (ECJ)** (Entered: 05/12/2025) |
| 05/12/2025 | 98 | NOTICE of hearing on motion re 96 MOTION to Quash Improper Subpoenas, for Protective Order and for Sanctions. Motion Hearing set for 6/13/2025 at 10:00 AM in Orlando Courtroom 5 D before Magistrate Judge Leslie Hoffman Price. (ECJ) (Entered: 05/12/2025) |
| 05/12/2025 | 99 | EMERGENCY OBJECTION re 97 Order on Motion to Quash Order on Motion for Protective Order Order on Motion for Sanctions Order on Motion to Stay Discovery by John Elik, Matthew Larosiere, John Lettman, Josh Kiel Stroke by John Elik, Matthew Larosiere, John Lettman, Josh Kiel Stroke. (Zermay, Zachary) Modified text on 5/13/2025 (GL). (Entered: 05/12/2025) |
| 05/19/2025 | 100 | RESPONSE in Opposition re 94 MOTION for Leave to File supplemental memorandum in support of Plaintiff's motion for preliminary injunction filed by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Flores, Charles (Chad)). (Entered: 05/19/2025) |
| 05/28/2025 | 101 | ***STRICKEN PER ORDER 102*** RESPONSE to Motion re 96 Emergency MOTION to Quash Improper Subpoenas, Emergency MOTION for Protective Order, |

| | | |
|---|---|---|
| | | MOTION for Sanctions, MOTION to Stay Discovery filed by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Flores, Charles (Chad)) Modified on 5/28/2025 to edit the docket text (MLB). Modified on 5/29/2025 to strike as directed (RPB). (Entered: 05/28/2025) |
| 05/28/2025 | 102 | **ORDER to strike re: 101 Defense Distributed's Response to the Emergency Motions Regarding Discovery and Emergency Objections to Magistrate Judge Hoffman Price's May 12, 2015 Order. It is ORDERED that on or before close of business today, May 28, 2025, Defense Distributed shall file, as separate documents, its response to Plaintiff's motion to quash (Doc. No. 96) and its response to Plaintiff's emergency objection to the Order entered thereon (Doc. No. 99). Any filing made after this deadline will result in the striking of such late filing, and the underlying motion and/or objection being treated as unopposed. Local Rule 3.01(c). Signed by Magistrate Judge Leslie Hoffman Price on 5/28/2025. (MKH)** (Entered: 05/28/2025) |
| 05/28/2025 | 103 | RESPONSE to Motion re 96 Emergency MOTION to Quash Improper SubpoenasEmergency MOTION for Protective Order MOTION for Sanctions MOTION to Stay Discovery filed by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Flores, Charles (Chad)) (Entered: 05/28/2025) |
| 05/28/2025 | 104 | RESPONSE re 99 Objection *to Magistrate Judge's May 12, 2025 Order* filed by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Flores, Charles (Chad)) (Entered: 05/28/2025) |
| 06/02/2025 | 105 | MOTION for Clerk's Entry of Default against Peter Celentano by Defense Distributed. (Attachments: # 1 Exhibit Exhibits in Support of Defense Distributed's Request for Entry of Default Judgment as to Peter Celentano)(Reynal, Federico) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 06/02/2025) |
| 06/02/2025 | 106 | **ORDER: it is ORDERED and ADJUDGED that Counter-Defendants' Objection 99 is OVERRULED. Signed by Judge Wendy W. Berger on 6/2/2025. (RMF)** (Entered: 06/02/2025) |
| 06/03/2025 | 107 | **ORDER denying without prejudice for failure to comply with Local Rule 3.01(g) 105 Request for Entry of Default Judgment as to Peter Celentano. Defense Distributed shall file a renewed motion within seven (7) days of the date of this Order, in full compliance with the Local Rules. Signed by Magistrate Judge Leslie Hoffman Price on 6/3/2025. (MKH)** (Entered: 06/03/2025) |
| 06/03/2025 | 108 | Joint NOTICE re 96 Emergency MOTION to Quash Improper Subpoenas Emergency MOTION for Protective Order MOTION for Sanctions MOTION to Stay Discovery , 97 Order on Motion to Quash Order on Motion for Protective Order Order on Motion for Sanctions Order on Motion to Stay Discovery by Defcad, Inc., Defense Distributed, Dioskouroi LLC, John Elik, Alexander Holladay, Matthew Larosiere, John Lettman, MAF Corp., Josh Kiel Stroke, Cody Rutledge Wilson (Flores, Charles (Chad)) Modified on 6/4/2025 to edit text. (FLY) (Entered: 06/03/2025) |
| 06/10/2025 | 109 | MOTION for Clerk's Entry of Default against Peter Celentano by Defense Distributed. (Attachments: # 1 Exhibit In Support of Defense Distributed's Renewed Motion for Entry of Default Judgment as to Peter Celentano)(Reynal, Federico) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 06/10/2025) |
| 06/13/2025 | 110 | Minute Entry. In Person Proceedings held before Magistrate Judge Leslie Hoffman Price: MOTION HEARING held on 6/13/2025 re 96 Emergency MOTION to Quash Improper Subpoenas, Emergency MOTION for Protective Order , MOTION for Sanctions , |

| | | MOTION to Stay Discovery filed by John Lettman, Matthew Larosiere, Josh Kiel Stroke, John Elik. (DIGITAL) (ECJ) (Entered: 06/13/2025) |
|---|---|---|
| 06/13/2025 | 111 | **ORDER granting in part and denying in part in its remainder 96 Plaintiff and Counter-Defendants Matthew Larosiere, John Elik, Josh Stroke, and John Lettman's Opposed Emergency Motion to Quash Improper Subpoenas, for a Protective Order, to Stay Discovery, and for Sanctions. See PDF Order. Signed by Magistrate Judge Leslie Hoffman Price on 6/13/2025. (MKH)** (Entered: 06/13/2025) |
| 06/20/2025 | 112 | NOTICE of Compliance re 111 Order on Motion to Quash Order on Motion for Protective Order, Order on Motion for Sanctions by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Flores, Charles (Chad). Modified on 6/20/2025 to edit the docket text (MLB). (Entered: 06/20/2025) |
| 06/26/2025 | 113 | TRANSCRIPT of Motion Hearing held on 6/13/25 before Judge Leslie Hoffman Price. Court Reporter/Transcriber: Suzanne L. Trimble RPR, CRR, WA-CCR. Email address: trimblecourtreporter@outlook.com. Telephone number: 4079008775.

NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 7/17/2025. Redacted Transcript Deadline set for 7/28/2025. Release of Transcript Restriction set for 9/24/2025. (SLT) (Entered: 06/26/2025) |
| 06/27/2025 | 114 | NOTICE by Defcad, Inc., Defense Distributed, Dioskouroi LLC, John Elik, Alexander Holladay, Matthew Larosiere, John Lettman, MAF Corp., Josh Kiel Stroke, The Gatalog Foundation, Cody Rutledge Wilson re 111 Order on Motion to Quash Order on Motion for Protective Order Order on Motion for Sanctions (Attachments: # 1 Appendix Stipulated Protective Order and Mutual Confidentiality Agreement)(Flores, Charles (Chad)) Modified text on 6/27/2025 (GL). (Entered: 06/27/2025) |
| 07/01/2025 | 115 | **ENDORSED ORDER granting 109 Renewed Motion for Entry of Default Judgment as to Peter Celentano. The Clerk of Court is directed to enter default against Counterdefendant Peter Celentano. Signed by Magistrate Judge Leslie Hoffman Price on 7/1/2025. (MKH)** (Entered: 07/01/2025) |
| 07/01/2025 | 116 | Clerk's ENTRY OF DEFAULT as to Peter Celentano. (ECJ) (Entered: 07/01/2025) |
| 08/05/2025 | 117 | NOTICE by Defense Distributed *of Issue Regarding Default Judgment as to Peter Celentano* (Reynal, Federico) (Entered: 08/05/2025) |
| 08/25/2025 | 118 | MOTION for Protective Order by Cody Rutledge Wilson. (Attachments: # 1 Exhibit) (Reynal, Federico) Motions referred to Magistrate Judge Leslie Hoffman Price (chambers notified). Modified on 8/26/2025 as to docket text (ARL). (Entered: 08/25/2025) |
| 08/26/2025 | 119 | RESPONSE in Opposition re 118 MOTION for Protective Order filed by John Elik. (Attachments: # 1 Exhibit A - Communications Concerning Late Production)(Larosiere, Matthew) (Entered: 08/26/2025) |
| 08/26/2025 | 120 | **ORDER denying without prejudice 118 Defendant Cody Wilson's Motion for Protective Order Regarding Document Production. Signed by Magistrate Judge Leslie Hoffman Price on 8/26/2025. (ECJ)** (Entered: 08/26/2025) |

A-26

| | | |
|---|---|---|
| 09/04/2025 | 121 | MOTION to Compel Complete Responses to Interrogatories by John Elik. (Attachments: # 1 Exhibit A - Eliks Interrogatories to Defense Distributed, # 2 Exhibit B - Defense Distributeds Response to Eliks Interrogatories, # 3 Exhibit C - Eliks Interrogatories to Cody Rutledge Wilson, # 4 Exhibit D - Wilsons Response to Eliks Interrogatories) (Larosiere, Matthew) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 09/04/2025) |
| 09/04/2025 | 122 | MOTION for Discovery *Briefing Schedule & Evidentiary Hearing regarding Federal Rule of Civil Procedure 37(e) Spoliation* by Defense Distributed. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H) (Flores, Charles (Chad)) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 09/04/2025) |
| 09/05/2025 | 123 | NOTICE of voluntary dismissal by Defense Distributed (Flores, Charles (Chad)) (Entered: 09/05/2025) |
| 09/05/2025 | 124 | **ENDORSED ORDER denying without prejudice 122 Defense Distributed's Short-Form Discovery Motion Regarding Rule 37(e) Spoliation Relief. While the Court is aware of the 500-word limitation on discovery motions, the present motion does not clearly identify the party or parties against whom sanctions are sought, nor identify the sanctions requested. It is also unclear the effect, if any, Defense Distributed's recently-filed Fed. R. Civ. P. 41(a)(1)(A)(i) Notice of Dismissal has on the present motion. See Doc. No. 123. The Court could make assumptions, but that is a dangerous path to travel. Accordingly, if Defense Distributed wishes to file a renewed motion for sanctions under Fed. R. Civ. P. 37(e), it may do so within 14 days of the date of this Order. The motion may follow the normal page limits set forth in Local Rule 3.01(a) - 25 pages - and must include all exhibits Defense Distributed wishes the Court to consider. The parties to whom any such motion is directed may each file a response of no more than 20 pages in length, within 14 days of service. See Local Rules 3.01(b), (c). Any response(s) must also attach all exhibits the party or parties wish the Court to consider. Signed by Magistrate Judge Leslie Hoffman Price on 9/5/2025. (MKH)** (Entered: 09/05/2025) |
| 09/08/2025 | 125 | RESPONSE to Motion re 121 MOTION to Compel Complete Responses to Interrogatories filed by Defense Distributed, Cody Rutledge Wilson. (Reynal, Federico) (Entered: 09/08/2025) |
| 09/08/2025 | 126 | MOTION for David S. Gingras to Withdraw as Attorney by All Defendants. (Gingras, David) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 09/08/2025) |
| 09/08/2025 | 127 | **ENDORSED ORDER re 121 Counter-Defendant John Elik's Short-Form Motion to Compel Complete Responses to Interrogatories, 125 Response. On or before Friday September 12, 2025, John Elik shall file a reply brief addressing the response (Doc. No. 125), and specifically, whether the motion (Doc. No. 121) should be denied because Mr. Elik is no longer a party to the case pursuant to Defense Distributed's voluntary dismissal of all claims against him (Doc. No. 123). The response shall not exceed five (5) pages in length. Alternatively, Mr. Elik may withdraw the motion (Doc. No. 121) on or before September 12, 2025. Failure to timely comply with this Order will result in the summary denial of the motion. Signed by Magistrate Judge Leslie Hoffman Price on 9/8/2025. (MKH)** (Entered: 09/08/2025) |
| 09/08/2025 | 128 | **ORDER granting 126 Motion to Withdraw with Client Consent. Attorney Gringas is hereby TERMINATED as counsel for Defendants. Signed by Magistrate Judge Leslie Hoffman Price on 9/8/2025. (ECJ)** (Entered: 09/08/2025) |

| | | |
|---|---|---|
| 09/11/2025 | 129 | **ORDER re 123 Counter and Third-Party Defendant Defense Distributed's Rule 41(a)(1)(A)(i) Notice of Dismissal: Pursuant to Federal Rule of Civil Procedure 41(a)(1) and (c), all counter and third-party claims asserted in the Second Amended Answer with Counterclaims 52 are DISMISSED without prejudice. Counterdefendants' Consolidated Motion to Dismiss Counterclaims 71 is DENIED as moot. The Clerk is directed to terminate all counter and third-party parties in this matter and amend the case style accordingly. Signed by Judge Wendy W. Berger on 9/11/2025. (RMF)** (Entered: 09/11/2025) |
| 09/11/2025 | 130 | NOTICE of WITHDRAWAL of motion re 121 Motion to Compelfiled by John Elik by John Elik (Larosiere, Matthew) (Entered: 09/11/2025) |
| 09/12/2025 | 131 | **ENDORSED ORDER denying as moot 121 Counter-Defendant John Elik's Short-Form Motion to Compel Complete Responses to Interrogatories. The motion has been withdrawn. See Doc. No. 130. Signed by Magistrate Judge Leslie Hoffman Price on 9/12/2025. (MKH)** (Entered: 09/12/2025) |
| 09/15/2025 | 132 | **ORDER: it is ORDERED and ADJUDGED that Plaintiff Matthew Larosiere's Motion for Preliminary Injunctio 53 and Plaintiff's Motion for Leave to File Supplemental Memorandum in Support of Motion for Preliminary Injunction 94 are DENIED. Signed by Judge Wendy W. Berger on 9/15/2025. (RMF)** (Entered: 09/15/2025) |
| 09/19/2025 | 133 | NOTICE of Appearance by Leia Villasenor Leitner on behalf of Defcad, Inc., Cody Rutledge Wilson (Leitner, Leia) (Entered: 09/19/2025) |
| 09/19/2025 | 134 | NOTICE of Appearance by Jura Christine Zibas on behalf of Defcad, Inc., Cody Rutledge Wilson (Zibas, Jura) (Entered: 09/19/2025) |
| 09/19/2025 | 135 | NOTICE of Appearance by Amaris Lilly-Joy Chris Gyebi on behalf of Defcad, Inc., Cody Rutledge Wilson (Gyebi, Amaris) (Entered: 09/19/2025) |
| 09/19/2025 | 136 | MOTION for Sanctions *with Appointment of a Special Master* by Defense Distributed. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I)(Flores, Charles (Chad)) (Entered: 09/19/2025) |
| 09/25/2025 | 137 | MOTION for Federico Reynal to Withdraw as Attorney by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Reynal, Federico) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 09/25/2025) |
| 09/25/2025 | 138 | MOTION for Sanctions *pursuant to § 1927 and the Court's Inherent Authority* by John Elik, Alexander Holladay, Matthew Larosiere, John Lettman, MAF Corp., Josh Kiel Stroke. (Attachments: # 1 Exhibit A - Defendants Productions I, # 2 Exhibit B - Defendants Discovery Responses, # 3 Exhibit C - Affidavit of John Lettman I, # 4 Exhibit D - Transcript of Meet and Confer, # 5 Exhibit E - Composite of Communications Between Counsel, # 6 Exhibit F - Subpoenas, # 7 Exhibit G - Defendants Production II, # 8 Exhibit H - Lettman Affidavit II, # 9 Request for Hearing and Argument)(Zermay, Zachary) (Entered: 09/25/2025) |
| 09/26/2025 | 139 | NOTICE TO COUNSEL Zachary Z. Zermay of Local Rule 2.01(b)(2)(B), which requires members of the Middle District bar to maintain with the clerk a current telephone number, mailing address, and email address. Update your contact information for the Middle District through PACER. (Signed by Deputy Clerk). (MSN) (Entered: 09/26/2025) |
| 09/26/2025 | 140 | **ORDER granting 137 Motion to Withdraw with Client Consent. Attorney Federico Andino Reynal terminated. See the PDF Order for further details and requirements.** |

| | | |
|---|---|---|
| | | **Signed by Magistrate Judge Leslie Hoffman Price on 9/26/2025. (ECJ)** (Entered: 09/26/2025) |
| 09/30/2025 | 141 | RESPONSE in Opposition re 138 MOTION for Sanctions *pursuant to § 1927 and the Court's Inherent Authority* filed by David Scott Gingras. (Attachments: # 1 Declaration of David S. Gingras)(Gingras, David) (Entered: 09/30/2025) |
| 10/01/2025 | 142 | Consent MOTION for Leave to File reply *to David Gingras' response* by John Elik, Alexander Holladay, Matthew Larosiere, John Lettman, MAF Corp., Josh Kiel Stroke. (Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 10/01/2025) |
| 10/02/2025 | 143 | NOTICE of Appearance by Amaris Lilly-Joy Chris Gyebi on behalf of Defense Distributed (Gyebi, Amaris) (Entered: 10/02/2025) |
| 10/02/2025 | 144 | NOTICE of Appearance by Jura Christine Zibas on behalf of Defense Distributed (Zibas, Jura) (Entered: 10/02/2025) |
| 10/02/2025 | 145 | NOTICE of Appearance by Leia Villasenor Leitner on behalf of Defense Distributed (Leitner, Leia) (Entered: 10/02/2025) |
| 10/03/2025 | 146 | RESPONSE in Opposition re 136 MOTION for Sanctions *with Appointment of a Special Master* filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - Defendants Productions I, # 2 Exhibit B - Affidavit of Lettman, # 3 Exhibit C - Transcript of Meet-and-Confer)(Zermay, Zachary) (Entered: 10/03/2025) |
| 10/03/2025 | 147 | NOTICE of a related action per Local Rule 1.07(c) by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. Related case(s): Yes (Flores, Charles (Chad)) (Entered: 10/03/2025) |
| 10/03/2025 | 148 | **ENDORSED ORDER Granting Matthew Larosiere, John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, and MAF Corp.'s Consolidated Motion for Leave to Reply to David S. Gingras' Doc. 141 Response in Opposition (Doc. No. 142). These former Counter defendants may file a reply brief of no more than five (5) pages in length within seven (7) days from the date of this Order. Signed by Magistrate Judge Leslie Hoffman Price on 10/3/2025. (RN)** (Entered: 10/03/2025) |
| 10/09/2025 | 149 | RESPONSE in Opposition re 138 MOTION for Sanctions *pursuant to § 1927 and the Court's Inherent Authority* filed by Defense Distributed, Federico Reynal, Charles Flores. (Flores, Charles (Chad)) (Entered: 10/09/2025) |
| 10/10/2025 | 150 | REPLY to Response to Motion re 138 MOTION for Sanctions *pursuant to § 1927 and the Court's Inherent Authority as to Response of David Gingras* filed by John Elik, Alexander Holladay, Matthew Larosiere, John Lettman, MAF Corp., Josh Kiel Stroke. (Attachments: # 1 Exhibit A - Affidavit of John Lettman, # 2 Exhibit B - Affidavit of Sean Martin)(Zermay, Zachary) (Entered: 10/10/2025) |
| 10/20/2025 | 151 | **ORDER re 136 MOTION for Sanctions *with Appointment of a Special Master*. It is ORDERED that within fourteen (14) days of the date of this Order, Defense Distributed shall file a reply brief, not to exceed seven (7) pages in length, addressing the issues raised by Plaintiff's response. Signed by Magistrate Judge Leslie Hoffman Price on 10/20/2025. (ECJ)** (Entered: 10/20/2025) |
| 10/31/2025 | 152 | Case Reassigned to Judge Anne-Leigh Gaylord Moe. New case number: 6:24-cv-1629-AGM-LHP. Judge Wendy W. Berger no longer assigned to the case. (LMW) (Entered: 10/31/2025) |
| 11/01/2025 | 153 | MOTION for Sanctions *Pursuant to Rule 11 As To Defendants' Doc. 136 Motion* by Matthew Larosiere. (Zermay, Zachary) Motions referred to Magistrate Judge Leslie |

| | | Hoffman Price. (Entered: 11/01/2025) |
|---|---|---|
| 11/03/2025 | 154 | REPLY to Response to Motion re 136 MOTION for Sanctions *with Appointment of a Special Master* filed by Defense Distributed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Flores, Charles (Chad)) (Entered: 11/03/2025) |
| 11/05/2025 | 155 | NOTICE OF RESCHEDULING HEARING (AS TO PRESIDING JUDGE ONLY): The Trial Status Conference previously scheduled for 10/13/2026, Jury Trial hearing previously scheduled for 11/2/2026 is rescheduled. New scheduling date and time: Trial Status Conference set for 10/13/2026 at 10:00 AM in Orlando Courtroom 3 B before Judge Anne-Leigh Gaylord Moe. Jury Trial set for the November 2026 trial term commencing on 11/2/2026 at 09:00 AM in Orlando Courtroom 3 B before Judge Anne-Leigh Gaylord Moe. (RMF) (Entered: 11/05/2025) |
| 11/05/2025 | 156 | MOTION to Compel Complete Responses to Interrogatories and Requests for Production by All Plaintiffs. (Attachments: # 1 Exhibit A - Wilson's Responses to Interrogatories, # 2 Exhibit B - Wilson's Responses to Requests for Production, # 3 Exhibit C - Defense Distributed's Responses to Interrogatories, # 4 Exhibit D - Defense Distributed's Responses to Requests for Production, # 5 Exhibit E - Defcad's Responses to Interrogatories, # 6 Exhibit F- Defcad's Responses to Requests for Production)(Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 11/05/2025) |
| 11/10/2025 | 157 | Time Sensitive MOTION for Protective Order by Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 11/10/2025) |
| 11/10/2025 | 158 | RESPONSE in Opposition re 156 MOTION to Compel Complete Responses to Interrogatories and Requests for Production filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A)(Leitner, Leia) (Entered: 11/10/2025) |
| 11/12/2025 | 159 | **ENDORSED ORDER denying without prejudice 157 Defendant Cody Wilson's Time-Sensitive Motion for Protective Order. The motion fails to comply with the Standing Order on Discovery Motions (Doc. No. 61). Signed by Magistrate Judge Leslie Hoffman Price on 11/12/2025. (MKH)** (Entered: 11/12/2025) |
| 11/12/2025 | 160 | MOTION for Protective Order by Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 11/12/2025) |
| 11/12/2025 | 161 | **ENDORSED ORDER re 160 Defendant, Cody Wilson's Renewed Motion for Protective Order with Incorporated Memorandum of Law. According to the motion, the deposition of Cody Wilson to which this motion is directed, originally scheduled for November 14, 2025, has been canceled. Doc. No. 160, at 1 & n.2. However, it is unclear from the attachments to the motion whether any party intends this deposition to proceed and/or if it has been rescheduled to a different date. In an abundance of caution, it is ORDERED that the deposition of Cody Wilson is hereby SUSPENDED pending resolution of the motion. Plaintiff shall respond as set forth in the Standing Order on Discovery Motions. See Doc. No. 61 Signed by Magistrate Judge Leslie Hoffman Price on 11/12/2025. (MKH)** (Entered: 11/12/2025) |
| 11/12/2025 | 162 | **ORDER re 156 Plaintiff Larosiere's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Interrogatories and Requests for Production. Within fourteen (14) days of the date of this Order, the parties shall meet and confer as set forth in this Order. See PDF Order for further requirements and details. Signed by Magistrate Judge Leslie Hoffman Price on 11/12/2025. (MKH)** (Entered: 11/12/2025) |

| 11/14/2025 | 163 | RESPONSE in Opposition re 153 MOTION for Sanctions *Pursuant to Rule 11 As To Defendants' Doc. 136 Motion* filed by Defense Distributed, Charles Flores. (Flores, Charles (Chad)) (Entered: 11/14/2025) |
| --- | --- | --- |
| 11/17/2025 | 164 | Joint NOTICE Regarding In Person Conference re 162 Order by Matthew Larosiere (Zermay, Zachary) Modified on 11/18/2025 as to docket text (ARL). (Entered: 11/17/2025) |
| 11/17/2025 | 165 | RESPONSE in Opposition re 160 MOTION for Protective Order filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - Transcript of October 31 Conference, # 2 Exhibit B - Defense Counsel's November 7 Letter, # 3 Exhibit C - Defendant's Discovery Requests)(Zermay, Zachary) (Entered: 11/17/2025) |
| 11/18/2025 | 166 | **ENDORSED ORDER re 164 Joint Notice Regarding In-Person Conference. The Joint Notice states that the parties will meet and confer on "Monday November 25, 2025." Doc. No. 164. However, it is not clear whether the parties actually mean Monday November 24, 2025, or Tuesday November 25, 2025. Accordingly, it is ORDERED that the parties shall file an amended Joint Notice on or before 5:00 p.m. today, November 18, 2025, clarifying the date of the meet and confer. Signed by Magistrate Judge Leslie Hoffman Price on 11/18/2025. (MKH)** (Entered: 11/18/2025) |
| 11/18/2025 | 167 | Amended Joint NOTICE by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson re 166 Order 164 Notice (Other) (Leitner, Leia) Modified on 11/18/2025 as to docket text (ARL). (Entered: 11/18/2025) |
| 11/18/2025 | 168 | NOTICE of a related action *pending in the Middle District* per Local Rule 1.07(c) by Matthew Larosiere. Related case(s): Yes (Zermay, Zachary) (Entered: 11/18/2025) |
| 11/19/2025 | 169 | **ORDER denying 153 Plaintiff's Rule 11 Motion for Sanctions Regarding Defendant's Doc. 136 Motion for Rule 37 and 53 Relief and Incorporated Memorandum of Law in Support Thereof. Signed by Magistrate Judge Leslie Hoffman Price on 11/19/2025. (MKH)** (Entered: 11/19/2025) |
| 11/20/2025 | 170 | **ORDER denying 160 Defendant, Cody Wilson's Renewed Motion for Protective Order with Incorporated Memorandum of Law. Plaintiff's request for sanctions for responding is also DENIED. See Fed. R. Civ. P. 37(a)(5)(A)(iii). The suspension on Mr. Wilson's deposition, see Doc. No. 161, is hereby LIFTED. Signed by Magistrate Judge Leslie Hoffman Price on 11/20/2025. (MKH)** (Entered: 11/20/2025) |
| 11/24/2025 | 171 | Second Amended NOTICE by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson re 167 Notice (Other), 162 Order *Second Amended Joint Notice* (Gyebi, Amaris) Modified text on 11/25/2025 (ABM). (Entered: 11/24/2025) |
| 11/25/2025 | 172 | Time Sensitive MOTION to Extend Deadline to File Joint Status Report (Dkt. 162) by Matthew Larosiere. (Zermay, Zachary) Modified text on 11/25/2025 (ABM). (Entered: 11/25/2025) |
| 12/01/2025 | 173 | **ENDORSED ORDER granting 172 Plaintiff's Time Sensitive Motion to Extend Deadline to File Joint Status Report. The deadline for the parties to file their joint status report is extended up to and including December 15, 2025. Signed by Magistrate Judge Leslie Hoffman Price on 12/1/2025. (MKH)** (Entered: 12/01/2025) |
| 12/12/2025 | 174 | NOTICE of Withdrawal of Request for Lanham-Act Prevailing Party Fees by Matthew Larosiere re 138 MOTION for Sanctions *pursuant to § 1927 and the Court's Inherent Authority . (Zermay, Zachary) Modified on 12/12/2025 to edit docket text (ELA). (Entered: 12/12/2025)* |

| | | |
|---|---|---|
| 12/15/2025 | 175 | NOTICE by Matthew Larosiere re 162 Order Joint Notice RE: Conferral Attempts Concerning Plaintiff's DOC. 156 MOTION to Compel (Attachments: # 1 Exhibit 11/24/2025 Transcript, # 2 Exhibit 11/24/2025 Transcript, # 3 Exhibit Defendants' Exhibit-1, # 4 Appendix Defendants' Appendix "A")(Zermay, Zachary). (Entered: 12/15/2025) |
| 12/30/2025 | 176 | MOTION to Quash Third-Party Subpoenas *or, in the alternative*, MOTION for Protective Order by Matthew Larosiere. (Attachments: # 1 Exhibit A - Subpoena to Etsy, # 2 Exhibit B - Subpoena to Shopify, # 3 Exhibit C - Subpoena to Registered Agents Inc, # 4 Exhibit D - Declaration of Target of Etsy Subpoena, # 5 Exhibit E - Declaration of Target of Shopify Subpoena, # 6 Exhibit F - Declaration of Target of Registered Agents Inc Subpoena)(Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 12/30/2025) |
| 12/30/2025 | 177 | MOTION to Amend 52 Amended Answer to Complaint Third Party Complaint Counterclaim *with regard to Plaintiff's First Amended Complaint 43;* by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B - Email, # 3 Exhibit C - Defendants' Proposed Third Amended Answer & Affirmative Defenses to 1st Amended Complaint, # 4 Exhibit D - Meet & Confer Emails) (Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified on 12/31/2025 to edit text. (LD). (Entered: 12/30/2025) |
| 12/31/2025 | 178 | **ENSDORSED ORDER Upon review of Defendants' Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Affirmative Defenses 177, and in particular the meet and confer emails attached (Doc. No. 177-4), it appears that Plaintiff has not been cooperative in engaging in a good faith conferral as required by Local Rule 3.01(g). Accordingly, on or before January 7, 2026, the parties are directed to engage in a good faith meet and confer in accordance with Local Rule 3.01(g), and Defendants shall file a supplemental conferral certification on or before January 7, 2026 which details Plaintiffs' position on the motion, as well as the manner of conferral. The parties are reminded that purposely refusing to engage in a good faith conferral can result in sanctions. Signed by Magistrate Judge Leslie Hoffman Price on 12/31/2025. (RPB)** (Entered: 12/31/2025) |
| 01/02/2026 | 179 | MOTION for Reconsideration re 178 Order *Directing Conference and Warning Parties* by Matthew Larosiere. (Attachments: # 1 Exhibit A - Transcript of December 30 Conference, # 2 Exhibit B - Emails Between Counsel, # 3 Exhibit C - Transcript of January 2 Conference)(Zermay, Zachary) (Entered: 01/02/2026) |
| 01/05/2026 | 180 | MEMORANDUM in opposition re 176 Motion to Quash, Motion for Protective Order *Motion to Quash Third Party Subpoenas* filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Leitner, Leia) (Entered: 01/05/2026) |
| 01/06/2026 | 181 | **ORDER denying in part and deferring in part 176 Plaintiff Larosiere's Short-Form Motion to Quash Improper Third-Party Subpoenas. To the extent that Plaintiff seeks to quash the subpoenas under Rule 45, the motion is DENIED. To the extent that Plaintiff seeks a protective order under Rule 26, the motion is DEFERRED. Within fourteen (14) days of the date of this Order, the parties shall each file briefing, not to exceed ten (10) pages in length respectively, addressing the issues set forth in this Order. Signed by Magistrate Judge Leslie Hoffman Price on 1/6/2026. (MKH)** (Entered: 01/06/2026) |
| 01/07/2026 | 182 | Amended MOTION to Amend 178 Order by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A Composite - Larosiere v. Wilson Assignment and Employment Docs, # 2 Exhibit B - 2025-01-13 |

| | | |
|---|---|---|
| | | Email, # 3 Exhibit C - Proposed Amended Answer and Affirmative Defenses, # 4 Exhibit D - Meet and Confer Emails)(Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified on 1/8/2026 to edit the docket text (MLB). (Entered: 01/07/2026) |
| 01/12/2026 | 183 | **ORDER denying as moot 177 Defendants' Motion for Leave to Amend Defendants' Answer and Affirmative Defense to Add Additional Affirmative Defenses. Plaintiff shall respond to the amended motion (Doc. No. 182) on or before January 21, 2026. Signed by Magistrate Judge Leslie Hoffman Price on 1/12/2026. (MKH)** (Entered: 01/12/2026) |
| 01/12/2026 | 184 | **ORDER denying 138 Former Counter-Defendants Matthew Larosiere, John Elik, Alexander Holladay, Josh Kiel Stroke, John Lettman, and MAF Corp's Consolidated Motion for an Award of Reasonable Attorneys' Fees and Related Expenses Against Defense Distributed, Federico Reynal, Chad Flores, and David Gringas. Signed by Magistrate Judge Leslie Hoffman Price on 1/12/2026. (MKH)** (Entered: 01/12/2026) |
| 01/14/2026 | 185 | **ORDER Setting Hearing on Motion 156 Plaintiff Larosiere's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Interrogatories and Requests for Production: Motion Hearing set for 2/10/2026 at 10:00 AM in Orlando Courtroom 5 D before Magistrate Judge Leslie Hoffman Price. See PDF Order for further details and requirements. Signed by Magistrate Judge Leslie Hoffman Price on 1/14/2026. (MKH)** (Entered: 01/14/2026) |
| 01/14/2026 | 186 | **ORDER Setting Hearing on Motion 136 Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master: Evidentiary Hearing set for 2/11/2026 at 10:00 AM in Orlando Courtroom 5 D before Magistrate Judge Leslie Hoffman Price. See PDF Order for further requirements and details. Signed by Magistrate Judge Leslie Hoffman Price on 1/14/2026. (MKH)** (Entered: 01/14/2026) |
| 01/16/2026 | 187 | MEMORANDUM in opposition re 179 Motion for Reconsideration / Clarification filed by Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson. (Leitner, Leia) (Entered: 01/16/2026) |
| 01/20/2026 | 188 | DEFENDANT'S BRIEF re 181 Order on Motion to Quash, Order on Motion for Protective Order filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K) (Gyebi, Amaris) Modified to remove duplicate language on 1/22/2026 (AA). (Entered: 01/20/2026) |
| 01/20/2026 | 189 | MEMORANDUM in support re 181 Order on Motion to Quash, Order on Motion for Protective Order filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - Declaration of M Larosiere, # 2 Exhibit B - Defendant Blog Post Discussing Romanov, # 3 Exhibit C - Defendant Blog Post Discussing Unmasking, # 4 Exhibit D - Defendant's 4:27PM January 20 Production)(Zermay, Zachary) (Entered: 01/20/2026) |
| 01/21/2026 | 190 | MEMORANDUM in opposition re 177 Motion to Amend / Correct / Modify / Supplement filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - September 2025 Email Chain)(Zermay, Zachary) (Entered: 01/21/2026) |
| 01/21/2026 | 191 | MEMORANDUM in opposition re 182 Motion to Amend / Correct / Modify / Supplement filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - September 2025 Email Chain)(Zermay, Zachary) (Entered: 01/21/2026) |
| 01/22/2026 | 192 | **ENDORSED ORDER re 176 Plaintiff Larosiere's Short-Form Motion to Quash Improper Third-Party Subpoenas. Upon consideration, the Court will address this** |

A-33

| | | |
|---|---|---|
| | | **motion and all related filings (see Doc. Nos. 176, 180, 188-89) at the February 10, 2026 hearing scheduled before the undersigned, and the parties shall be prepared to address the same therein. See Doc. No. 185. Signed by Magistrate Judge Leslie Hoffman Price on 1/22/2026. (MKH)** (Entered: 01/22/2026) |
| 01/22/2026 | 193 | **ORDER re 182 Defendants' Amended Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Affirmative Defenses, 190 Plaintiff's Response. It is ORDERED that on or before 5:00 p.m. on Wednesday January 28, 2026, Defendants shall file a reply brief, not to exceed seven (7) pages in length, addressing the issues raised by Plaintiff's response. In addition, the reply brief must specifically address, by citation to evidence and legal authority in support, the issues set forth in this Order. See PDF Order. Signed by Magistrate Judge Leslie Hoffman Price on 1/22/2026. (MKH)** (Entered: 01/22/2026) |
| 01/25/2026 | 194 | OBJECTION re 184 Order on Motion for Sanctions by John Elik, Alexander Holladay, Matthew Larosiere, John Lettman, MAF Corp., Josh Kiel Stroke by John Elik, Alexander Holladay, Matthew Larosiere, John Lettman, MAF Corp., Josh Kiel Stroke. (Zermay, Zachary) (Entered: 01/25/2026) |
| 01/28/2026 | 195 | REPLY to Response to Motion re 182 Amended MOTION to Amend 178 Order filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit Composite Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Leitner, Leia) (Entered: 01/28/2026) |
| 01/28/2026 | 196 | OBJECTION re 185 Order Setting Hearing on Motion *insofar as it Sustains Defendants' Definitional and Control Objections* by Matthew Larosiere by Matthew Larosiere. (Zermay, Zachary) (Entered: 01/28/2026) |
| 01/29/2026 | 197 | **ENDORSED ORDER re 182 Defendants' Amended Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Affirmative Defenses. Upon consideration, the Court will address this motion and all related filings (see Doc. Nos. 182, 190, 195) at the February 10, 2026 hearing scheduled before the undersigned, and the parties shall be prepared to address the same therein. See Doc. No. 185. Signed by Magistrate Judge Leslie Hoffman Price on 1/29/2026. (MKH)** (Entered: 01/29/2026) |
| 01/29/2026 | 198 | **ENDORSED ORDER denying as moot 179 Plaintiff's Motion for Reconsideration of the December 31, 2025 Endorsed Order (Doc. 178) Regarding Rule 3.01(g) Conferral. The motion is directed to an order requiring conferral (Doc. No. 178), the subsequent conferral has already occurred and Defendants have filed an amended motion (Doc. No. 182), mooting the initial motion to which the conferral order was directed (Doc. No. 177), and rendering Plaintiff's request for reconsideration related thereto (Doc. No. 179) moot. Signed by Magistrate Judge Leslie Hoffman Price on 1/29/2026. (MKH)** (Entered: 01/29/2026) |
| 02/03/2026 | 199 | MEMORANDUM in opposition re 194 Objection filed by David Scott Gingras. (Gingras, David) (Entered: 02/03/2026) |
| 02/04/2026 | 200 | DEFENDANT'S BRIEF re 185 Order Setting Hearing on Motion *(Defendants' Supplemental Briefing in Support of Plaintiff's Motion to Overrule Objections)* filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A - Privilege Log - Volume 1 Production, # 2 Exhibit B - Production Chart- Volume 1) (Leitner, Leia) Modified docket text on 2/5/2026 (JG). (Entered: 02/04/2026) |

| | | |
|---|---|---|
| 02/04/2026 | 201 | PLAINTIFF'S BRIEF re 185 Order Setting Hearing on Motion filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - Email Communications Concerning Production, # 2 Exhibit B - Defendants' Production Chart, # 3 Exhibit C - Defendants' Proposed ESI Protocol)(Zermay, Zachary) (Entered: 02/04/2026) |
| 02/06/2026 | 202 | NOTICE of Lead Counsel Designation by Leia Villasenor Leitner on behalf of Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. Lead Counsel: Leia V. Leitner. (Leitner, Leia) (Entered: 02/06/2026) |
| 02/06/2026 | 203 | Amended NOTICE of Appearance by Charles (Chad) Flores on behalf of Defcad, Inc., Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson (Flores, Charles (Chad)) Modified text on 2/9/2026 (LAW). (Entered: 02/06/2026) |
| 02/06/2026 | 204 | Witness List by Matthew Larosiere. (Zermay, Zachary) (Entered: 02/06/2026) |
| 02/06/2026 | 205 | NOTICE by Matthew Larosiere re 185 Order Setting Hearing on Motion *regarding parties' ongoing conferral* (Attachments: # 1 Exhibit A - Communications between counsel, # 2 Exhibit B - Communications between counsel, # 3 Exhibit C - Communications between counsel, # 4 Exhibit D - Communications between counsel) (Zermay, Zachary) (Entered: 02/06/2026) |
| 02/06/2026 | 206 | Witness List by Defense Distributed. (Leitner, Leia) (Entered: 02/06/2026) |
| 02/06/2026 | 207 | Exhibit List *for Evidentiary Hearing on Defense Distributed's Motion for Rule 37(e) Spoliation Relief* by Defense Distributed. (Gyebi, Amaris) (Entered: 02/06/2026) |
| 02/10/2026 | 208 | Minute Entry. In Person Proceedings held before Magistrate Judge Leslie Hoffman Price: MOTION HEARING held on 2/10/2026 re 156 MOTION to Compel Complete Responses to Interrogatories and Requests for Production filed by Matthew Larosiere, 182 Amended MOTION to Amend 178 Order filed by Cody Rutledge Wilson, Dioskouroi LLC, Defcad, Inc., Defense Distributed, 176 MOTION to Quash Third-Party Subpoenas *or, in the alternative* MOTION for Protective Order filed by Matthew Larosiere. Court Reporter: Heather Suarez (ECJ) (Entered: 02/10/2026) |
| 02/11/2026 | 209 | Minute Entry. In Person Proceedings held before Magistrate Judge Leslie Hoffman Price: Evidentiary Hearing held on 2/11/2026. For reasons stated on the record, the hearing was canceled. Court Reporter: Heather Suarez (ECJ) (Entered: 02/11/2026) |
| 02/13/2026 | 210 | STRICKEN and REMOVED from Docket per 214 ORDER. NOTICE by Defense Distributed re 136 MOTION for Sanctions *with Appointment of a Special Master*, 154 Reply to Response to Motion, 186 Order Setting Hearing on Motion (Attachments: # 1 Exhibit A, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Exhibit 20, # 22 Exhibit 21, # 23 Exhibit 22, # 24 Exhibit 23, # 25 Exhibit 24, # 26 Exhibit 25, # 27 Exhibit 26, # 28 Exhibit 27, # 29 Exhibit 28, # 30 Exhibit 29, # 31 Exhibit 30, # 32 Exhibit 31, # 33 Exhibit 32, # 34 Exhibit 33, # 35 Exhibit 34, # 36 Exhibit 35, # 37 Exhibit 36, # 38 Exhibit 37, # 39 Exhibit 38, # 40 Exhibit 39, # 41 Exhibit 40, # 42 Exhibit 41, # 43 Exhibit 42, # 44 Exhibit 43, # 45 Exhibit 44, # 46 Exhibit 45, # 47 Exhibit 46, # 48 Exhibit 47, # 49 Exhibit 48, # 50 Exhibit 49, # 51 Exhibit 50, # 52 Exhibit 51, # 53 Exhibit 52, # 54 Exhibit 53, # 55 Exhibit 54, # 56 Exhibit 55, # 57 Exhibit 56, # 58 Exhibit 57, # 59 Exhibit 58, # 60 Exhibit 59, # 61 Exhibit 60, # 62 Exhibit 61, # 63 Exhibit 62, # 64 Exhibit 63, # 65 Exhibit 64, # 66 Exhibit 65, # 67 Exhibit 66, # 68 Exhibit 67, # 69 Exhibit 68, # 70 Exhibit 69, # 71 Exhibit 70, # 72 Exhibit 71, # 73 Exhibit 72, # 74 Exhibit 73, # 75 Exhibit 74, # 76 Exhibit 75, # 77 Exhibit 76, # 78 |

A-35

| | | |
|---|---|---|
| | | Exhibit 77, # 79 Exhibit 78)(Zibas, Jura) Modified text on 2/13/2026 (MCB). Modified on 2/17/2026 to edit the docket text (MLB). (Entered: 02/13/2026) |
| 02/13/2026 | 211 | **ORDER denying 182 Defendants' Amended Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Affirmative Defenses. As stated at the hearing, the objections period related to this Order shall run from the date of this written Order. Fed. R. Civ. P. 72(a). Signed by Magistrate Judge Leslie Hoffman Price on 2/13/2026. (MKH)** Modified on 2/13/2026 (MKH). (Entered: 02/13/2026) |
| 02/13/2026 | 212 | **ORDER granting in part and denying in part in its remainder 176 Plaintiff Larosiere's Short-Form Motion to Quash Improper Third-Party Subpoenas. See PDF Order. As stated at the hearing, the objections period related to this Order, to include the rulings incorporated and previously made, see Doc. No. 181, shall run from the date of this written Order. See Fed. R. Civ. P. 72(a). Signed by Magistrate Judge Leslie Hoffman Price on 2/13/2026. (MKH)** Modified on 2/13/2026 (MKH). (Entered: 02/13/2026) |
| 02/13/2026 | 213 | **ORDER granting in part and denying in part 156 Plaintiff Larosiere's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Interrogatories and Requests for Production. See PDF Order. As stated at the hearing, the objections period related to this Order, to include the rulings incorporated and previously made, see Doc. No. 185, shall run from the date of this written Order. See Fed. R. Civ. P. 72(a). Signed by Magistrate Judge Leslie Hoffman Price on 2/13/2026. (MKH)** Modified on 2/13/2026 (MKH). (Entered: 02/13/2026) |
| 02/13/2026 | 214 | **ORDER and Direction to Clerk of Court denying without prejudice 136 Defense Distributed's Motion for Rule 37(e) Spoliation Relief with Appointment of a Special Master. Within thirty (30) days from the date of this Order, Defense Distributed may file a renewed motion for spoliation sanctions, as set forth in this Order. See PDF Order for further requirements and details. The "Notice of Filing" (Doc. No. 210) and all attachments (Doc. Nos. 210-1 through Doc. No. 210-79) are hereby STRICKEN, and the Clerk is DIRECTED to remove them from the docket. Signed by Magistrate Judge Leslie Hoffman Price on 2/13/2026. (MKH)** (Entered: 02/13/2026) |
| 02/20/2026 | 215 | NOTICE of compliance re 213 Order on Motion to Compel *(Notice of Partial Compliance)* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson (Attachments: # 1 Exhibit Exhibit A - Amended Privilege Log (Wilson, Def Dist, Defcad))(Leitner, Leia) (Entered: 02/20/2026) |
| 02/24/2026 | 216 | MOTION for Miscellaneous Relief, specifically Permission to serve Deposition Subpoena to be served upon C. Christensen without restriction by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A - Joint Notice of Mutually Agreed to Protective Order - Christensen Subpoena, # 2 Exhibit B - Communication, # 3 Exhibit C - USDC Subpoena - Testify at Depo - Clay Christensen (3-25-2026))(Gyebi, Amaris) Modified text on 2/25/2026 (LAW). (Entered: 02/24/2026) |
| 02/24/2026 | 217 | RESPONSE in Opposition re 216 MOTION for Miscellaneous Relief, specifically Permission to serve Deposition Subpoena to be served upon C. Christensen without restriction filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - Declaration of Zachary Zermay)(Zermay, Zachary) (Entered: 02/24/2026) |
| 02/25/2026 | 218 | NOTICE of Filing by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson re 216 MOTION for Miscellaneous Relief, specifically Permission to serve Deposition Subpoena to be served upon C. Christensen without restriction (Attachments: # 1 Exhibit A - Joint Notice of Mutually Agreed Protective Order, # 2 Exhibit B - Correspondence re |

| | | |
|---|---|---|
| | | Joint Notice Agreement)(Gyebi, Amaris) Modified on 2/26/2026 to edit duplicate text. (JVC) (Entered: 02/25/2026) |
| 02/25/2026 | 219 | **ENDORSED ORDER denying as moot 216 Motion for Miscellaneous Relief, in light of the 218 Notice of Filing withdrawing the motion. Signed by Magistrate Judge Leslie Hoffman Price on 2/25/2026. (MKH)** (Entered: 02/25/2026) |
| 02/27/2026 | 220 | TRANSCRIPT of Motion Hearing re: 156 Plaintiff's Larosiere's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Interrogatories and Requests for Production, 176 Plaintiff Larosiere's Short-Form Motion to Quash Improper Third-Party Subpoenas, and 182 Defendants' Amended Motion for Leave to Amend Defendants' Answer and Affirmative Defenses to Add Additional Affirmative Defenses held on 02/10/2026 before Judge Leslie Hoffman Price. Court Reporter: Heather Suarez, RDR, CRR, FCRR, FPR-C. Email address: heather@stenosuarez.com. Telephone number: (407) 801-8921.<br><br>NOTICE TO THE PARTIES - The parties have seven (7) calendar days to file with the court a Notice of Intent to Request Redaction of this transcript. If no such notice is filed, the transcript may be made remotely available to the public without redaction after ninety (90) calendar days. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER or purchased through the Court Reporter. Redaction Request due 3/20/2026. Redacted Transcript Deadline set for 3/30/2026. Release of Transcript Restriction set for 5/28/2026. (HLS) (Entered: 02/27/2026) |
| 02/27/2026 | 221 | NOTICE of Filing Affidavit of Cody R. Wilson in Compliance with Court's Order by Cody Rutledge Wilson re 213 Order on Motion to Compel (Leitner, Leia) Modified on 3/2/2026 to edit docket text (JDR). (Entered: 02/27/2026) |
| 02/27/2026 | 222 | NOTICE of Compliance with Amended Privilege Log pursuant to the Court's Order by Defense Distributed, Dioskouroi LLC, Cody Rutledge Wilson (Leitner, Leia) Modified on 3/2/2026 (JDR). (Entered: 02/27/2026) |
| 02/27/2026 | 223 | NOTICE of List of all Nicknames, Usernames, and topics for Slack Production by Cody Rutledge Wilson re 213 Order on Motion to Compel (Leitner, Leia) Modified on 3/2/2026 to edit docket text (JDR). (Entered: 02/27/2026) |
| 02/27/2026 | 224 | NOTICE of compliance re 213 Order on Motion to Compel *Slack Chat Custodians* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson (Gyebi, Amaris) (Entered: 02/27/2026) |
| 02/27/2026 | 225 | OBJECTION re 213 Order on Motion to Compel *Privileged Communications and Documents*. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Gyebi, Amaris) Modified on 3/2/2026 to edit docket text (JDR). (Entered: 02/27/2026) |
| 02/27/2026 | 226 | NOTICE on Plaintiff's position as to proposed custodians by Matthew Larosiere re 213 Order on Motion to Compel < (Attachments: # 1 Exhibit A - Communications between counsel)(Zermay, Zachary) Modified on 3/2/2026 to edit docket text (JDR). (Entered: 02/27/2026) |
| 02/27/2026 | 227 | OBJECTION re 213 Order on Motion to Compel *insofar as it Sustains Defendants' Definitional Objections and NOTICE of Withdrawal of (Doc. 196) Objection as Moot*. (Attachments: # 1 Exhibit A - Defendants Amended Responses Subject to Definition) (Zermay, Zachary) (Entered: 02/27/2026) |
| 03/02/2026 | 228 | **ORDER. It is ORDERED that on or before 5:00 p.m. on Thursday March 5, 2026, Defendants Cody Wilson, Defcad, Inc., and Defense Distributed shall file on the** |

| | | |
|---|---|---|
| | | **docket their own proposed list of custodians for the Slack chat search. Failure to comply will result in the imposition of sanctions without further notice. Signed by Magistrate Judge Leslie Hoffman Price on 3/2/2026. (MKH)** (Entered: 03/02/2026) |
| 03/02/2026 | 229 | Amended Notice of Filing of Custodians for Slack Chat Search by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson re 213 Order on Motion to Compel 228 Order (Gyebi, Amaris) Modified docket text on 3/3/2026 (JOS). (Entered: 03/02/2026) |
| 03/05/2026 | 230 | Time Sensitive MOTION for Sanctions *under Rule 37(b) for Failing to Comply With (Doc. 213)* by Matthew Larosiere. (Attachments: # 1 Exhibit A - Wilson's Amended Response to RFPs, # 2 Exhibit B - Wilson's Published Uses of Other Names, # 3 Exhibit C - Declaration of Matthew Larosiere, # 4 Exhibit D - Communications between counsel) (Zermay, Zachary) (Entered: 03/05/2026) |
| 03/05/2026 | 231 | MOTION to Compel Compliance with Rule 26(a)(1) by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 03/05/2026) |
| 03/06/2026 | 232 | **ORDER re ESI Protocol. Signed by Magistrate Judge Leslie Hoffman Price on 3/6/2026. (MKH)** (Entered: 03/06/2026) |
| 03/06/2026 | 233 | **STANDING ORDER REQUIRING DISCLOSURE OF THIRD-PARTY LITIGATION FUNDING. Signed by Judge Anne-Leigh Gaylord Moe on 3/6/2026. (RMF)** (Entered: 03/06/2026) |
| 03/06/2026 | 234 | MOTION to Compel Plaintiff's complete responses to Defendants' Second Request for Production and Privilege Log by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 03/06/2026) |
| 03/09/2026 | 235 | MOTION to Compel Plaintiff's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Plaintiff's Second Set of Discovery by Matthew Larosiere. (Attachments: # 1 Exhibit 1 Exhibit A - Composite of Materials Previously Provided and Defendants' Public Statements, # 2 Exhibit Defendant, Cody Wilson's Responses and Objections to Plaintiff's Second Set of Requests for Production, # 3 Exhibit Defendant, DEFCAD Inc.'s Answers and Objections to Plaintiff's Second Set of Interrogatories, # 4 Exhibit D - Defendant, Defense Distributed's Answers and Objections to Plaintiff's Second Set of Interrogatories, # 5 Exhibit E - Defendant DEFCAD, Inc's Responses and Objections to Plaintiff's Second Requests for Production, # 6 Exhibit F - Declaration of Attorney Zachary Z. Zermay, # 7 Exhibit G - Defendant, Defense Distributed's Responses and Objections to Plaintiff's Second Set of Requests for Production)(Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified on 3/10/2026 to edit docket text (MSN). (Entered: 03/09/2026) |
| 03/10/2026 | 236 | MOTION to Stay Discovery *regarding Compliance with Order to Produce Privileged Communications* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Gyebi, Amaris) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 03/10/2026) |
| 03/10/2026 | 237 | MEMORANDUM in opposition re 230 Motion for Sanctions filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Leitner, Leia) (Entered: 03/10/2026) |
| 03/10/2026 | 238 | CERTIFICATE of counsel re 230 Time Sensitive MOTION for Sanctions *under Rule 37(b) for Failing to Comply With (Doc. 213) regarding ongoing conferral attempts* by Zachary Z. Zermay on behalf of Matthew Larosiere (Zermay, Zachary) (Entered: 03/10/2026) |

| 03/10/2026 | 239 | MOTION for Protective Order *regarding Redaction of Third Party/ Sensitive Information* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit Exhibit A)(Gyebi, Amaris) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 03/10/2026) |
|---|---|---|
| 03/10/2026 | 240 | MOTION for Miscellaneous Relief, specifically to De-Designate Certain Documents as "Highly Confidential - Attorneys' Eyes Only" by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Leitner, Leia) (Entered: 03/10/2026) |
| 03/10/2026 | 241 | RESPONSE in Opposition re 231 MOTION to Compel Compliance with Rule 26(a)(1) filed by Matthew Larosiere. (Attachments: # 1 Exhibit A - Defendants Letters With Responses Integrated, # 2 Exhibit B - Declaration of Zachary Z Zermay, # 3 Exhibit C - Second Amended Initial Disclosures)(Zermay, Zachary) (Entered: 03/10/2026) |
| 03/11/2026 | 242 | Certification of No Third-Party Litigation Funding re 233 Standing Order by Zachary Z. Zermay on behalf of Matthew Larosiere (Zermay, Zachary) Modified on 3/13/2026 to edit docket text. (WLB). (Entered: 03/11/2026) |
| 03/11/2026 | 243 | RESPONSE in Opposition re 234 MOTION to Compel Plaintiff's complete responses to Defendants' Second Request for Production and Privilege Log filed by Matthew Larosiere. (Zermay, Zachary) (Entered: 03/11/2026) |
| 03/13/2026 | 244 | MEMORANDUM in opposition re 235 Motion to Compel *Responses to Plaintiff's Second Set of Discovery* filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A)(Leitner, Leia) (Entered: 03/13/2026) |
| 03/13/2026 | 245 | MEMORANDUM in opposition re 227 Objection filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Gyebi, Amaris) (Entered: 03/13/2026) |
| 03/14/2026 | 246 | CERTIFICATE of compliance re 233 Standing Order by Dioskouroi LLC. (Flores, Charles (Chad)) (Entered: 03/14/2026) |
| 03/16/2026 | 247 | NOTICE by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson re 233 Standing Order *(Defendants' Verified Disclosure of Third-Party Litigation Funding)* (Leitner, Leia) (Entered: 03/16/2026) |
| 03/16/2026 | 248 | RESPONSE in Opposition re 236 MOTION to Stay Discovery *regarding Compliance with Order to Produce Privileged Communications* filed by Matthew Larosiere. (Zermay, Zachary) (Entered: 03/16/2026) |
| 03/16/2026 | 249 | RESPONSE in Opposition re 239 MOTION for Protective Order *regarding Redaction of Third Party/ Sensitive Information* filed by Matthew Larosiere. (Zermay, Zachary) (Entered: 03/16/2026) |
| 03/16/2026 | 250 | RESPONSE in Opposition re 240 MOTION for Miscellaneous Relief, specifically to De-Designate Certain Documents as "Highly Confidential - Attorneys' Eyes Only" filed by Matthew Larosiere. (Attachments: # 1 Exhibit Declaration of John Elik)(Zermay, Zachary) (Entered: 03/16/2026) |
| 03/19/2026 | 251 | **ORDER granting in part and denying in part 230 Time Sensitive Plaintiff's Short-Form Motion for Sanctions Under Rule 37(b)(2); denying 236 Defendants' Motion to Stay Compliance; denying 239 Defendants' Motion for Protective Order. See PDF Order for further requirements and details. Signed by Magistrate Judge Leslie Hoffman Price on 3/19/2026. (MKH)** (Entered: 03/19/2026) |

| 03/20/2026 | 252 | **ORDER granting in part and denying in part 231 Defendants' Motion to Compel Compliance with Rule 26(a)(1) Disclosures. See PDF Order. Signed by Magistrate Judge Leslie Hoffman Price on 3/20/2026. (MKH)** (Entered: 03/20/2026) |
|---|---|---|
| 03/21/2026 | 253 | Time Sensitive MOTION for Protective Order *regarding Plaintiff's Rule 30(b)(6) Deposition Notices* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 03/21/2026) |
| 03/21/2026 | 254 | Time Sensitive MOTION for Protective Order *regarding Plaintiff's Rule 30(b)(6) Deposition Notices* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Leitner, Leia) Motions referred to Magistrate Judge Leslie Hoffman Price. (Entered: 03/21/2026) |
| 03/22/2026 | 255 | NOTICE regarding Plaintiff's Rule 30(b)(6) Deposition Notices by Defcad, Inc., Defense Distributed re 254 Time Sensitive MOTION for Protective Order, 253 Time Sensitive MOTION for Protective Order (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Gyebi, Amaris) Modified docket text on 3/23/2026 (JOS). (Entered: 03/22/2026) |
| 03/23/2026 | 256 | MOTION to Compel Responses to Plaintiff's Second Set of Discovery by Matthew Larosiere. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J) (Zermay, Zachary) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified docket text on 3/23/2026 (JOS). (Entered: 03/23/2026) |
| 03/23/2026 | 257 | **ENDORSED ORDER denying as moot 253 Defendants' Time-Sensitive Motion for Protective Order Regarding Plaintiff's Rule 30(b)(6) Deposition Notices, denying as moot 254 Defendants' Time-Sensitive Motion for Protective Order Regarding Plaintiff's Rule 30(b)(6) Deposition Notices, in light of 255 Defendants' Notice. Signed by Magistrate Judge Leslie Hoffman Price on 3/23/2026. (MKH)** (Entered: 03/23/2026) |
| 03/23/2026 | 258 | **ENDORSED ORDER re 256 Plaintiff's Motion to Overrule Objections and Compel Responses to Plaintiff's Second Set of Discovery. Given the request for supplemental briefing, Doc. No. 256, at 1; see also Doc. No. 61 paras. 6-7, it is ORDERED that within seven (7) days of the date of this Order, Plaintiff may file a supplemental brief in support of the motion, not to exceed twenty (20) pages in length. Within seven (7) days of Plaintiff's supplemental briefing, Defendants may file a response to the motion and supplement, not to exceed twenty (20) pages in length. Signed by Magistrate Judge Leslie Hoffman Price on 3/23/2026. (MKH)** (Entered: 03/23/2026) |
| 03/23/2026 | 259 | **ENDORSED ORDER re 234 Defendants' Short Form Motion to Compel Complete Responses to Defendants' Second Requests for Production. Upon consideration, it is ORDERED that within seven (7) days of the date of this Order, Defendants shall file a reply brief, not to exceed seven (7) pages in length. In reply, Defendants shall address the issues raised by Plaintiff's response (Doc. No. 243), and shall identify with specificity each issue that remains outstanding for resolution by the Court, with citation to applicable legal authority in support. Signed by Magistrate Judge Leslie Hoffman Price on 3/23/2026. (MKH)** (Entered: 03/23/2026) |
| 03/23/2026 | 260 | **ENDORSED ORDER re 235 Plaintiff's Short-Form Motion to Overrule Meritless Objections and Compel Complete Responses to Plaintiff's Second Set of Discovery. Upon consideration, it is ORDERED that within seven (7) days of the date of this Order, Plaintiff shall file a reply brief, not to exceed seven (7) pages in length. In reply, Plaintiff shall address the issues raised by Defendants' response (Doc. No. 244), to specifically include whether supplemental production by Defendants has occurred and whether Plaintiff was to/has narrowed the definitions outlined in** |

| | | response. The reply shall identify with specificity which discovery requests remain at issue for resolution by the Court, with argument and citation to applicable legal authority in support. Signed by Magistrate Judge Leslie Hoffman Price on 3/23/2026. **(MKH)** (Entered: 03/23/2026) |
|---|---|---|
| 03/23/2026 | 261 | **ORDER denying 240 Defendants' Motion to De-Designate Certain Documents As "Highly Confidential-Attorneys' Eyes Only." Signed by Magistrate Judge Leslie Hoffman Price on 3/23/2026. (MKH)** (Entered: 03/23/2026) |
| 03/23/2026 | 262 | Unopposed MOTION for Chad Flores to appear telephonically *at mediation* by Dioskouroi LLC. (Flores, Charles (Chad)) (Entered: 03/23/2026) |
| 03/24/2026 | 263 | NOTICE of mediation conference/hearing to be held on Friday, March 27, 2026 at 9:00AM before Donna M. Doyle. (Zermay, Zachary) (Entered: 03/24/2026) |
| 03/26/2026 | 264 | Short-Form MOTION to Overrule Objections and Compel Production (Documents Responsive to Third Party Subpoena) by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Gyebi, Amaris) Motions referred to Magistrate Judge Leslie Hoffman Price. Modified on 3/27/2026 to edit docket text. (WLB). (Entered: 03/26/2026) |
| 03/27/2026 | 265 | Short-Form MOTION for Miscellaneous Relief, specifically to De-Designate Defendants' Blanket Confidentiality Designations as Confidential or Highly Confidential by Matthew Larosiere. (Attachments: # 1 Exhibit A - Communications Concerning Mass Designation) (Zermay, Zachary) Modified on 3/27/2026 to edit docket text. (WLB). (Entered: 03/27/2026) |
| 03/27/2026 | 266 | Short-Form MOTION for Miscellaneous Relief, specifically to Seal Under Local Rule 1.11 as to Exhibits re 265 Short-Form MOTION for Miscellaneous Relief, specifically to De-Designate Defendants' Blanket Confidentiality Designations as Confidential or Highly Confidential by Matthew Larosiere. (Zermay, Zachary) Modified on 3/27/2026 to edit docket text. (WLB). (Entered: 03/27/2026) |
| 03/27/2026 | 267 | MOTION for Sanctions Under Rule 37(b) for Failing to Comply With re 232 Order by Matthew Larosiere. (Attachments: # 1 Exhibit A - Communications between counsel) (Zermay, Zachary) Modified on 3/27/2026 to edit docket text. (WLB). (Entered: 03/27/2026) |
| 03/27/2026 | 268 | **STRICKEN per Endorsed Order 269.** MEMORANDUM in opposition re 256 Motion for Sanctions filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Attachments: # 1 Exhibit A)(Leitner, Leia) Modified text on 3/30/2026 (BD). (Entered: 03/27/2026) |
| 03/30/2026 | 269 | **ENDORSED ORDER striking 268 Defendants' Response to 256 Motion to Compel. The Court ordered supplemental briefing on this motion, and thus Defendants' response is premature and in non-compliance with that Order. See Doc. No. 258. Signed by Magistrate Judge Leslie Hoffman Price on 3/30/2026. (MKH)** (Entered: 03/30/2026) |
| 03/30/2026 | 270 | NOTICE of settlement *(Joint)* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson (Leitner, Leia) (Entered: 03/30/2026) |
| 03/30/2026 | 271 | TIME-SENSITIVE JOINT MOTION to Stay *All Pending Deadlines* by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Leitner, Leia) Modified on 3/31/2026 to edit text and to note that Chambers has been notified. (JVC) (Entered: 03/30/2026) |
| 03/30/2026 | 272 | REPLY to Response to Motion re 234 MOTION to Compel Plaintiff's complete responses to Defendants' Second Request for Production and Privilege Log *pursuant to Court Order* |

| | | *(Dkt. 251)* filed by Defcad, Inc., Defense Distributed, Cody Rutledge Wilson. (Gyebi, Amaris) (Entered: 03/30/2026) |
|---|---|---|
| 03/31/2026 | 273 | **ENDORSED ORDER dismissing the case with prejudice and without costs, pursuant to Local Rule 3.09(b) of the Middle District of Florida. The Court, having been advised by the 270 Joint Notice of Settlement that the case has been settled in its entirety, dismisses the case subject to the right of any party, within sixty days from the date of this Order, to move the Court to enter a stipulated form of final order or judgment, or, on good cause shown, to reopen the case for further proceedings. The Clerk is directed to terminate any pending motions and close this case. Signed by Judge Anne-Leigh Gaylord Moe on 3/31/2026. (TAH)** (Entered: 03/31/2026) |
| 03/31/2026 | 274 | MEDIATION report Hearing held on March 27, 2026. Hearing outcome: Settled.. (Doyle, Donna) (Entered: 03/31/2026) |
| 04/01/2026 | 275 | NOTICE of Local Rule 1.11(e), which provides that, unless an order states another time, a seal under Rule 1.11 expires ninety days after a case is closed and all appeals are exhausted. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or interested non-party must move for relief before the seal expires. (Signed by Deputy Clerk). (BD) (Entered: 04/01/2026) |
| 04/01/2026 | 276 | Copyright Report electronically sent to the U.S. Copyright Office. (Attachments: # 1 Copy of Order 273) (BD) (Entered: 04/01/2026) |
| 04/23/2026 | 277 | NOTICE OF APPEAL as to 273, Order 184 Order on Motion for Sanctions by John Elik, Alexander Holladay, John Lettman, MAF Corp., Josh Kiel Stroke. Filing fee $605, receipt number AFLMDC-24841373. ***Case Stayed. (Larosiere, Matthew) (Entered: 04/23/2026) |
| 04/27/2026 | 278 | TRANSMITTAL of initial appeal package to the U.S. Court of Appeals - 11th Circuit re 277 Notice of Appeal. Filing fee paid. (LSS) (Entered: 04/27/2026) |
| 04/27/2026 | | ***11th Circuit Case Number: 26-11420 for 277 Notice of Appeal filed by John Lettman, Josh Kiel Stroke, John Elik, MAF Corp., Alexander Holladay. (WLB) (Entered: 04/28/2026) |
| 05/11/2026 | 279 | TRANSCRIPT information form filed by John Elik, Alexander Holladay, John Lettman, MAF Corp., Josh Kiel Stroke re 277 Notice of Appeal. USCA number: 26-11420. No transcript(s) requested. (Larosiere, Matthew) (Entered: 05/11/2026) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/08/2026 18:43:17 | | |
| **PACER Login:** | MLAROSIERE | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 6:24-cv-01629-AGM-LHP |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

A-43

(Doc. 1) ORIGINAL COMPLAINT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE №: 6:24-cv-1629

MATTHEW LAROSIERE,

*Plaintiff,*

v.

CODY RUTLEDGE WILSON, DEFCAD, Inc., DEFENSE DISTRIBUTED, and DIOSKOUROI LLC,

*Defendants.*

_____/

## **COMPLAINT**

1.    This is an action for copyright infringement, false designation of origin and unfair competition under the Lanham Act, and for unauthorized publication of name or likeness and unjust enrichment under the laws of the Great State of Florida.

## **PARTIES**

**Plaintiff**

2.    Plaintiff Matthew Larosiere is a natural person, citizen and resident of the United States and the Great State of Florida, counties of Orange and Palm Beach. Plaintiff owns property and conducts business in Orange County, Florida. Plaintiff is a firearms industry attorney and author. Plaintiff engages in the design and development of firearms technologies, and produces

U.S.C.A. 11 APPENDIX TO No. 26-11420-DD

USCA11 Case: 26-11420    Document: 11-1    Date Filed: 06/15/2026    Page: 45 of 209
Case 6:24-cv-01629-AGM-LHP    Document 1    Filed 09/06/24    Page 2 of 56 PageID 2

pictorial, written, and visual art works related to his advocacy. Plaintiff is the exclusive owner of all works at issue in this litigation.

**Defendants, Generally & Alter Ago Allegations**

3.    Defendant Cody Rutledge Wilson (hereinafter "Defendant Wilson") established a web of corporations including Defendant Defcad, Inc., Defendant Defense Distributed, Inc., and Defendant Dioskouroi LLC, (collectively, the "Business Entity Defendants") each of which is an alter ego of Defendant Wilson.

4.    Defendant Wilson exerts complete control of the Business Entity Defendants.

5.    Defendant Wilson owns at least 80% of each Business Entity Defendant.

6.    The collective operations of the Business Entity Defendants constitute a single business enterprise.

7.    Facts underlying the alter ego relationship specific to each of the Business Entity Defendants are pled below.

8.    The Business Entity Defendants have identical addresses, corporate directors, and owners, with the exception of Dioskouroi, LLC, which is identical to the other Business Entity Defendants in all material respects save for purported ownership information.

9.    According to information and belief, Defendant Wilson and his alter-ego corporate co-defendants are engaged in a corporate shell game designed to allow Defendant Wilson to dissipate assets and avoid judgments.

10.    Defendant Wilson has transferred the assets of the corporate co-defendants to third parties and to himself.

11.    Defendant Wilson has commingled his own assets with the assets of the corporate co-defendants, most frequently those of Defendant Defense Distributed, to support an extravagant lifestyle.

12.    On August 15, 2018, Defendant Wilson used a vehicle and other assets belonging to Defense Distributed for strictly personal matters.

13.    August 16, 2018, Defendant Wilson emptied every cryptocurrency account connected to himself and the then-extant Business Entity Defendants into a single cryptocurrency account. (the "consolidating transfer").

14.    On August 31, 2018, Defendant Wilson transferred the contents of the consolidating transfer to another cryptocurrency account accessible to him for his own personal use.

15.    The 2018 consolidating transfer commingled all cryptocurrency assets of the then-existing Business Entity Defendants together with Defendant Wilson's personal assets.

16.    Defendant Wilson continues to commingle money and other assets from the Business Entity Defendants, chiefly Defense Distributed.

17. The improper use of the corporate forms on the part of Defendant Wilson in his use of the Business Entity Defendants have damaged and are designed to damage Plaintiff in numerous ways, including but not limited to lost revenue from infringing activities, enabling Defendant Wilson to personally use the corporate forms to amplify his personal torts against Plaintiff, and to shield assets from Plaintiff's inevitable recovery.

**Defendant Defcad**

18. Defendant Defcad, Inc. ("Defcad") is a corporation organized and existing under the laws of the State of Delaware, with concomitant registrations in the states of Arkansas, and most recently, Texas.

19. Defcad is the alter ego of Defendant Wilson, because Defendant Wilson exerts complete control of it, and is its sole director and owner.

20. Defcad does not have a registered agent listed with the Delaware Secretary of State. Defendant Defcad may be served by serving its alter ego, Defendant Wilson.

21. Defcad's Arkansas registration lists a Principal Address of 2320 Donley Drive, Ste C, Austin, TX 78758. Its officers are Defendant Wilson, as President, and Morgan Noble as Incorporator.

22.   Defcad's Texas registration lists a mailing address of 2320 Donley Dr, Stc C, Austin TX 78758, and lists Defendant DEFENSE DISTRIBUTED as Registered Agent, with the same Donley Dr. Address.

23.   Defcad's Texas registration lists Defendant Wilson as Director, listing Defendant Wilson's address as 4610 Crestway Drive, Austin, TX 78731.

24.   Defendant Defcad is the owner and operator of the website Defcad.com. This website hosts and distributes downloadable three-dimensional models of various firearms and firearms accessories, plus documentation and photographs relating to the downloadable models.

25.   To access the files, Defcad requires prospective downloaders to purchase a subscription through DDLegio.com—itself proclaiming to be "Defense Distributed's technical and legal support fraternity," owned by Defendant Defense Distributed.[1]

26.   Defcad also publishes and maintains a blog at https://defcad.com/blog/, where it announces news about Defcad. ("the Defcad blog").

27.   Defendant Wilson frequently posts updates or causes updates to be posted to the Defcad blog.

---

[1] Defendants' DDLegio website states "LEGIO membership is the only method for accessing DEFCAD, the world's largest 3D gun file repository, archive and search engine. Join us." https://ddlegio.com/join/

28. Defendant Wilson is the only director, officer, or executive, of Defcad.

**Defendant Defense Distributed**

29. Defendant Defense Distributed is incorporated as a nonprofit in the State of Texas, with a mailing and registered address of 2320 Donley Dr, Ste C, Austin, TX 78758.

30. Defendant Wilson is listed as Defense Distributed's registered agent, Director, and Governing Member.

31. Defense Distributed does business as "Ghostguns.com," "Legio," "DDLegio," and "Ghost Gunner."

32. Defense Distributed extracts revenues from Legio Memberships.

33. Defense Distributed sells, offers for sale, and advertises USB flash drives that contain the same sorts of works found on Defcad, through its e-commerce website "Ghostguns.com."

34. Defense Distributed also publishes and maintains a blog at https://ddlegio.com/blog, where it announces news about Defense Distributed and Defcad.

35. The posts on the DDLegio blog are written and/or curated by Defendant Wilson.

36. Defendant Wilson is the only director, officer, or executive, of Defense Distributed.

37. Defense Distributed has accepted payment by cryptocurrency since around 2013.

38. Defendant Wilson diverted many of the cryptocurrency payments to himself.

**Defendant Dioskouroi LLC**

39. Defendant Dioskouroi LLC is incorporated in the State of Texas, with a mailing address of 397 Gaitan Ln, Kingsbury TX 78638.

40. Dioskouroi LLC's registered agent is listed as "ZPA," with a registered office street address of 4610 Crestway Drive, Austin, TX 78731.

41. The Crestway Drive address is the same address listed for Defendant Wilson in his capacity as Defendant Defcad's director.

42. The Crestway Drive address is the residence of Defendant Wilson.

43. Dioskouroi LLC operates "PrecursorParts.com".

44. Credit card purchases from Ghostguns.com are conducted through Dioskouroi LLC's PrecursorParts.com, who takes payment for the USB drives which contain works that Defendants otherwise distribute through Defcad.

**Defendant Cody Rutledge Wilson**

45.   Defendant Wilson is a natural person who resides in Austin, Texas.

46.   Defendant Wilson has primary control and command of Defense Distributed.

47.   Defendant Wilson is the director and governing member of Defense Distributed, and by extension Defense Distributed's subsidiaries.

48.   Defendant Wilson has primary control and command of Defcad, Inc.

49.   Defendant Wilson has primary control and command of Dioskouroi, LLC.

50.   At all times material to this complaint, Defendant Wilson either personally performed or directed the complained-of conduct.

## JURISDICTION

51.   This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.* and 28 U.S.C. §§1331 and 1338(a).

52.   This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the Great State of Florida pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiff's claims under federal

law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

53.    This Court has personal jurisdiction over Defendants.

**Personal Jurisdiction – Defendant Defcad**

54.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defcad is subject to general personal jurisdiction in the Middle District of Florida because it is engaged in substantial and not isolated activity in Florida, namely advertising and selling works such as the infringing works to the State of Florida.

55.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defcad is subject to specific personal jurisdiction in the Middle District of Florida because it committed a tortious act within the State of Florida, including but not limited to the distribution and sale of Plaintiff's copyrighted works on its website, which could be and were accessed by Floridians, including Plaintiff.

**Personal Jurisdiction – Defendant Defense Distributed**

56.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defense Distributed is subject to general personal jurisdiction in the Middle District of Florida because it is engaged in substantial activity

in Florida, including but not limited to advertising, selling, and delivering works such as the infringing works to the State of Florida.

57. Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defense Distributed is subject to specific personal jurisdiction in the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the distribution of Plaintiff's copyrighted works on its website, which could be and were accessed by Floridians, including Plaintiff.

58. Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Defense Distributed is subject to specific personal jurisdiction in the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the sale of copies of Plaintiff's works, which could be and were purchased by Floridians, including by Plaintiff.

**Personal Jurisdiction – Dioskouroi LLC**

59. Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6), and (1)(a)(6)(b), Fla. Stat., Defendant Dioskouroi LLC is subject to general personal jurisdiction in the Middle District of Florida because it is engaged in substantial activity in Florida, including but not limited to advertising, selling, and delivering works such as the infringing works to the state of Florida.

60. Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Dioskouroi LLC is subject to specific personal jurisdiction in

the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the distribution of Plaintiff's copyrighted works on its website, which could be and were accessed by Floridians, including Plaintiff.

61.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Dioskouroi LLC is subject to specific personal jurisdiction in the Middle District of Florida because it committed tortious acts in Florida, including but not limited to the sale of copies of Plaintiff's works, which could be and were purchased by Floridians, including by Plaintiff.

**Personal Jurisdiction – Defendant Wilson**

62.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to specific personal jurisdiction in the Middle District of Florida because he committed tortious acts in Florida, including but not limited to the distribution of Plaintiff's copyrighted works on his websites, by his companies, which he directs, which could be and were accessed by Floridians, including Plaintiff.

63.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to specific personal jurisdiction in the Middle District of Florida because his tortious acts caused injury to persons and property in Florida, including but not limited to the libelous statements he wrote on the DDLegio blog and elsewhere.

64.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to specific personal jurisdiction in the Middle District of Florida because he directed the jurisdictionally relevant acts of the Business Entity co-Defendants, and otherwise because Defcad and Defense Distributed are at a minimum his alter egos.

65.    Pursuant to §§ 48.193(1)(a)(1), (1)(a)(6)(a), and (1)(a)(6)(b), Fla. Stat., Defendant Wilson is subject to general jurisdiction in the Great State of Florida because the Business Entity Defendants are his alter egos, and is thus subject to general jurisdiction on the same grounds as any of the Business Entity Defendants.

## **VENUE**

66.    Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b)(2).

## **BACKGROUND**

67.    Defendant Wilson founded Defense Distributed in October of 2012.

68.    Defcad was founded in March of 2013.

69.    Around March of 2020, Defcad began to invite authors to upload their works to its site.

70.    In addition, Defcad began to download works it came across on the Internet and redistribute them on Defcad.com without authorization.

71.    Around March of 2020, Defcad began to require prospective downloaders to first purchase a membership from ddlegio.com. (a "Legio membership").

72.    The price of a Legio membership has varied, but typically costs about 60 United States Dollars per year.

73.    Concurrent with Defcad's March of 2020 changes, Defense Distributed began offering for sale physical USB drives containing many of the same works distributed on Defcad.

74.    Through the blogs on the respective corporations' websites, the corporations post announcements and news concerning their operations.

75.    Through these blog posts, Defendants Defcad and Defense Distributed have boasted about the publication of Plaintiff's copyrighted files.[2]

76.    These posts go as far as to acknowledge that publishing Plaintiff's works of authorship is prohibited by copyright law.

77.    These posts are authored in whole or in part by Defendant Wilson.

---

[2] https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/ ("The Plastikov v4 is now on DEFCAD. The Plastikov v4 documentation and images are also available.")

see also https://ddlegio.com/busting-the-fudd-busters-part-ii/ ("If images can be "property" and if employers can be "authors," as the Copyright Act and Gatalog Foundation insist, then there's no possible controversy. And we know Fudd Busters understands this. In his own Copyright Office REGISTRATION OF THE SF5 3D GUN FILES, he has clearly listed himself as an employer who commissioned work-for-hire drawings. The SF5 is officially a "work-for-hire" product, and its registration denies Fudd Busters' underling his proper, public credit. I will fix this.")

78.    Defcad has an employee upload infringing works to the site, and Defcad.com's administrators update the web pages hosting the works to associate a "creator" with the file – which gives the appearance of the files having been uploaded by their "creator", when in reality these files were uploaded without the creator's permission.

## FACTS COMMON TO ALL CLAIMS OF INFRINGEMENT (CHRONOLOGICAL)

79.    Each named infringement below, unless otherwise specified, consists of the unauthorized reproduction and distribution of one of Plaintiff's owned and copyrighted works.

80.    For each of the works at issue in this matter, Plaintiff either holds a copyright registration certificate or has a pending timely copyright registration filing from the United States Copyright Office.

81.    On or about March 17, 2022, Defendant Wilson caused Plaintiff's photographs to be uploaded to Defcad.com.[3] ("the Amigo Grande infringement").

82.    Defcad required a paid Legio membership to download the Amigo Grande infringement.

---

[3] https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/, archived at: https://web.archive.org/web/20231227052221/https://defcad.com/library/b04ef13c-b5ba-46a1-8270-f879e9581b1c/

A-57

83. The Amigo Grande infringement contains exact, unauthorized reproductions of one hundred of Plaintiff's registered photographic visual arts works that depict the Amigo Grade, and which have a United States Copyright Office (USCO) registration number of VA0002381513.

84. On or about October 13, 2023, Defendant Wilson uploaded or caused to be uploaded "Matthew's Patent Project 99" to Defcad.com.[4] ("the MPP99 infringement.")

85. Defcad required a paid Legio membership to download the MPP99 infringement.

86. The MPP99 infringement contains exact, unauthorized reproductions of sixty-three of Plaintiff's registered photographic visual arts works that depict the MPP99, and which have a USCO registration number of VA0002381513.

87. The MPP99 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered visual arts works, namely a 3D model depicting a handgun frame, which has a USCO registration number of VA0002385899.

---

[4] https://defcad.com/library/matthews-patent-project-99/, archived at:
https://web.archive.org/web/20231227052121/https://defcad.com/library/d3ac8ffb-3814-4c8a-8402-ccd71d8604db/

88.    The MPP99 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, written documentation concerning the MPP99, which has a USCO registration number of TX0009358088.

89.    On or about October 13, 2023, Defendant Wilson uploaded or caused to be uploaded "BUBAR10" to Defcad.com.[5] ("the BUBAR infringement").

90.    Defcad required a paid Legio membership to download the BUBAR infringement.

91.    The BUBAR infringement contains exact, unauthorized reproductions of fourteen of Plaintiff's registered photographic visual arts works that depict the BUBAR, and which have a USCO registration number of VA0002381769.

92.    On or about October 13, 2023, Defendant Wilson uploaded or caused to be uploaded "The KF5" to Defcad.com.[6] ("the KF5 infringement").

93.    Defcad required a paid Legio membership to download the KF5 infringement.

---

[5] https://defcad.com/library/e226a55b-7817-49f7-b839-cb65b7f01045/, archived at:
https://web.archive.org/web/20231227051907/https://defcad.com/library/e226a55b-7817-49f7-b839-cb65b7f01045/
[6] https://defcad.com/library/the-kf5-1/, archived at:
https://web.archive.org/web/20240710193631/https://defcad.com/library/the-kf5-1/

A-59

94.    The KF5 infringement contains exact, unauthorized reproductions of sixteen of Plaintiff's registered photographic visual arts works that depict the KF5, and which have a USCO registration number of VA0002381769.

95.    On or about October 13, 2023, Defendant Wilson listed, or caused to be listed, USB drives containing the KF5 infringement, the Amigo Grande infringement, and the MPP99 infringement on Ghostguns.com.[7]

96.    From October 13, 2023, Defendants Defendant Wilson and Defense Distributed have continued to offer for sale, and sell, USB drives containing unauthorized reproductions of the KF5 infringement, the Amigo Grande infringement, and the MPP99 infringement, and delivered them by mail to individuals in the Great state of Florida and nationwide.

97.    On or about December 7th, 2023, Defendant Wilson uploaded or caused to be uploaded "The SF5" to Defcad.com. ("the SF5 infringement").[8]

98.    On December 7, 2023, Defendant Wilson posted, or caused to be posted an article titled "SF5, 'El Ratto', & Yeet22" to the Defcad.com blog. In

---

[7] https://ghostguns.com/the-gatalog-usb/, https://ghostguns.com/matthews-patent-project-99-by-the-gatalog/, archived at:
https://web.archive.org/web/20240830022125/https://ghostguns.com/the-gatalog-usb/,
https://web.archive.org/web/20240830022252/https://ghostguns.com/matthews-patent-project-99-by-the-gatalog/
[8] https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/, archived at:
https://web.archive.org/web/20231227051448/https://defcad.com/library/531a3626-c438-455c-a475-7c7a98a69bb2/

this post, Defendant Wilson acknowledges "this week we've seen the upload of the SF5".[9]

99.    Defcad required a paid Legio membership to download the SF5 infringement.

100.   The SF5 infringement contains exact, unauthorized reproductions of 50 registered photographic visual arts works that depict the SF5, and which have a USCO registration number of VA0002381769.

101.   The SF5 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered visual arts works, namely a 3D model depicting a gun, the SF5, which has a USCO registration number of VA0002385901.

102.   The SF5 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, a written "readme" concerning the SF5, which has a USCO registration number of TX0009372199.

103.   The SF5 infringement contains another exact, unauthorized reproduction of one of Plaintiff's registered literary works, namely written documentation concerning the SF5, which has a USCO registration number of TX0009372196.

---

[9] https://defcad.com/blog/sf5-and-el-ratto/, archived at:
https://web.archive.org/web/20240830014554/https://defcad.com/blog/sf5-and-el-ratto/

104.    Two of the works copied in the SF5 infringement contain hidden "watermarks", which leave no doubt as to the fact that these works were copied.[10] Images of these watermarks can be seen below.

Not Licensed for Commercial Use, Subscription, or Sale.

Copyright 2023 Matt Larosiere.

105.    Additionally, the works copied in the SF5 infringement contain substantial affixed copyright notices which clearly indicated that the works were copyrighted. Images of these notices can be seen below.

No files or models Licensed for Commercial Use, Subscription, or Sale. Copyright 2023 Matt Larosiere.

---

[10] The work registered under TX0009372196 includes invisible disclaimer text, the work registered under VA0002385901 includes a small 3D visual model that depicts disclaimer text

```
Walls: 8 walls recommended
Nozzle: 0.4mm
Layer Height: 0.15mm
Temp: 230/60C
Infill: Ideally 100% - though if you use 8 walls you can use much lower infill - this has been tested at 20% infill and 8 walls, if you are trying to set a low weight record.
Supports: On/full (tree supports are ok)
No files or models Licensed for Commercial Use, Subscription, or Sale. Copyright 2023 Matt Larosiere.
Cooling fan: 20% normal, 50% on bridges. Off for the first 20 layers. Keep the fan low to prevent warp (this is a guideline, your settings may vary).
Bed Adhesion: gluestick or hairspray - since the big sections of this print have small footprints on the bed, using plenty of gluestick or hairspray is recommended.

All other settings can/should be left as default or whatever you know works best with your printing setup.
```

106.   Plaintiff became aware of the Amigo Grande infringement on or about December 10, 2023.

107.   Plaintiff became aware of the MPP99 infringement on or about December 10, 2023.

108.   Plaintiff became aware of the BUBAR infringement on or about December 10, 2023.

109.   Plaintiff became aware of the KF5 infringement on or about December 10, 2023.

110.   Plaintiff became aware of the SF5 infringement on or about December 10, 2023.

111.   On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the Amigo Grande infringement.

112.   On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the MPP99 infringement.

A-63

113. On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the BUBAR infringement.

114. On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the KF5 infringement.

115. On or about December 10, 2023, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the SF5 infringement.

116. Plaintiff filed the works copied in the Amigo Grande infringement with USCO on December 23, 2023.

117. The effective date of registration for the works infringed in the Amigo Grande infringement is December 23, 2023.

118. Defendants Wilson, Defcad, Defense Distributed, and Dioskouroi LLC have continued to reproduce and distribute the Amigo Grande infringement, including all registered works therein, up to and including the present day.

119. Plaintiff filed the works copied in the MPP99 infringement with USCO on December 23, 2023.

120. The effective date of registration for the works infringed in the MPP99 infringement is December 23, 2023.

121. Defendants Wilson, Defcad, Defense Distributed, and Dioskouroi LLC have continued to reproduce and distribute the MPP99 infringement, including all registered works therein, up to and including the present day.

122. Plaintiff filed the works copied in the BUBAR infringement with USCO on December 23, 2023.

123. The effective date of registration for the works infringed in the BUBAR infringement is December 23, 2023.

124. Defendants Wilson and Defcad have continued to reproduce and distribute the BUBAR infringement, including all registered works therein, up to and including the present day.

125. Plaintiff filed for a certificate of registration of the works copied in the KF5 infringement with USCO on December 23, 2023.

126. The effective date of registration for the works infringed in the KF5 infringement is December 23, 2023.

127. Defendants Wilson, Defcad, Defense Distributed, and Dioskouroi LLC have continued to reproduce and distribute the KF5 infringement, including all registered works therein, up to and including the present day.

128. Plaintiff filed for a certificate of registration of the works copied in the SF5 infringement with USCO on December 23rd and 24th, 2023, within three months of initial publication of the works copied by the SF5 infringement.

A-65

129. The effective date of registration for the works infringed in the SF5 infringement are December 23 and 24, 2023.

130. Defendants have continued to reproduce and distribute the SF5 infringement, including all registered works therein, up to and including the present day.

131. On April 25, 2024, Defendant Wilson posted or caused to be posted an article titled "MAC-11 and The Leaderboard" to the Defcad blog[11] (the "April 25 blog post").

132. In the April 25 blog post, Defendant Wilson acknowledges that the "SF5 STEP files" were registered "with the Copyright Office."

133. On or about May 23rd, 2024, Defendant Wilson uploaded or caused to be uploaded "Plastikov V4" to Defcad.com.[12] ("the PV4 infringement").

134. Defcad required a paid Legio membership to download the PV4 infringement.

135. The PV4 infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, a written "readme" concerning the Plastikov V4, which has a USCO registration number of TX0009413646.

---

[11] https://defcad.com/blog/mac-11-and-the-leaderboard/, archived at:
https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/"https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/

[12] https://defcad.com/library/plastikov-v4/, archived at:
https://web.archive.org/web/20240723221550/https://defcad.com/library/plastikov-v4/

136. The PV4 infringement contains another exact, unauthorized reproduction of one of Plaintiff's registered literary works, written documentation concerning the Plastikov V4, which has a USCO registration number of TX0009403056.

137. The PV4 infringement contains exact, unauthorized reproductions of sixty-one of Plaintiff's photographic visual arts works that depict the Plastikov V4. Registration of these photographs is pending with the USCO.

138. The PV4 infringement contains an unauthorized reproduction of one of Plaintiff's registered visual arts work, namely 3D models depicting parts of a firearm, the Plastikov V4, registration of which is pending with the USCO. The reproduction is exact, save for the intentional removal of a copyright notice.

139. The works copied in the PV4 infringement contained copyright disclaimers which clearly indicated that the works were copyrighted.

140. Plaintiff became aware of the PV4 infringement on or about May 23, 2024.

141. On or about May 23, 2024, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's Defcad website and downloaded the PV4 infringement.

U.S.C.A. 11 APPENDIX TO No. 26-11420-DD

USCA11 Case: 26-11420 Document: 11-1 Date Filed: 06/15/2026 Page: 68 of 209
Case 6:24-cv-01629-AGM-LHP Document 1 Filed 09/06/24 Page 25 of 56 PageID 25

142. On or about May 23, 2024, Defendant Wilson posted a manifesto titled "Black Flag White Paper".[13] ("Wilson's manifesto")

143. Defendant Wilson's Defcad.com cites Wilson's manifesto as "Wilson, Cody R. Black Flag White Paper, 2024".[14]

144. Wilson's manifesto is available for sale on Amazon.com, with "Cody Wilson" listed as the author.[15]

145. In Wilson's manifesto, Defendant Wilson admits to personally removing or having caused the removal of one of the copyright disclaimers from the works copied in the PV4 infringement that was reproduced on Defcad.com.

146. In Wilson's manifesto, Defendant Wilson complains at length that individuals have asserted their copyright rights against him.

147. In Wilson's manifesto, Defendant Wilson recognizes that in December of 2023, Plaintiff "registered their files with the U.S. Copyright Office."

148. In Wilson's manifesto, Defendant Wilson admits that Plaintiff's "build guide is copyrightable."

---

[13] https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/, archived at https://web.archive.org/web/20240830034042/https://defcad.com/blog/the-plastikov-v4-and-back-flag-white-paper/

[14] https://defcad.com/opensource/, archived at: https://web.archive.org/web/20240830033107/https://defcad.com/opensource/

[15] https://www.amazon.com/dp/B0D5VXPJJV, archived at: https://web.archive.org/web/20240830033826/https://www.amazon.com/dp/B0D5VXPJJV

149. In Wilson's manifesto, Defendant Wilson admits to removing the affixed copyright notice to the Plastikov registered 3D model, under the theory that "the only copyrightable part of the design is the copyright statement itself."

150. In Wilson's manifesto, Defendant Wilson identifies a website that he created or caused to be created which presents a mock version of the USCO's public records website.[16] ("the fedcad website")

151. The fedcad website lists the Amigo Grande infringement, the MPP99 infringement, the SF5 infringement, and the PV4 infringement.

152. The fedcad website acknowledges that the works that Defendant Wilson, through Defcad, reproduced or caused to be reproduced, were reproduced in violation of the law.

153. On May 24, 2024, Defendant Wilson announced Wilson's manifesto on the DDLegio blog.[17]

154. In the May 24, 2024, blog post, Defendant Wilson wrote "The reason you don't sue is because you got the law wrong on copyright. That and because you're a huge pussy. Anyway, I wrote a paper to commemorate the great pirates who lit our way. They pillaged so we could plunder."

---

[16] https://www.fedcad.com/database.html, archived at:
https://web.archive.org/web/20240830034655/https://www.fedcad.com/database.html
[17] https://ddlegio.com/the-gatalog-foundation/, archived at:
https://web.archive.org/web/20240830043843/https://ddlegio.com/the-gatalog-foundation/

155.    On May 27, 2024, using a pseudonym, Plaintiff purchased a USB drive advertised as "The Gatalog – USB" from Ghostguns.com.[18] ("the May 27 purchase".)

156.    One day later, on May 28, 2024, Defendant Wilson shipped or caused to be shipped the May 27 purchase to Plaintiff in Florida.

157.    On May 31, 2024, Plaintiff received the May 27 purchase.

158.    The shipment of the May 27 purchase contained a USB drive, a receipt, and a sticker advertising Ghostguns.com.

159.    The USB drive contained in the May 27 purchase included an unauthorized digital reproduction of the KF5 infringement, the Amigo Grande infringement, and a copy of Wilson's manifesto.

160.    From June 1, 2024, until at least July 17, 2024, GhostGuns.com sent Plaintiff advertisements via email. These advertisements included offers for the sale of USB drives containing infringing copies of the works present in the May 27 purchase.

161.    Plaintiff filed for a certificate of registration of the works copied in the PV4 infringement with USCO on June 8, 2024, within three months of initial publication of the works copied by the PV4 infringement.

---

[18] https://ghostguns.com/the-gatalog-usb/, archived at:
https://web.archive.org/web/20240830044207/https://ghostguns.com/the-gatalog-usb/

U.S.C.A. 11 APPENDIX TO No. 26-11420-DD

USCA11 Case: 26-11420    Document: 11-1    Date Filed: 06/15/2026    Page: 71 of 209
Case 6:24-cv-01629-AGM-LHP    Document 1    Filed 09/06/24    Page 28 of 56 PageID 28

162. On or about July 8, 2024, Defendant Wilson listed for sale, or caused to be listed for sale, USB drives containing the PV4 infringement on Ghostguns.com.

163. On or about July 10, 2024, from a computer located in Orange County, Florida, Plaintiff purchased two USB drives from Ghostguns.com ("the July 10 purchase"). This time, Plaintiff ordered the USBs to his office in Orange County, Florida, using his own name and email address.

164. One USB drive was advertised as "PLASTIKOV V4 – USB BY THE GATALOG". This USB drive was advertised as containing an unauthorized digital reproduction of the PV4 infringement.

165. The other USB drive in the July 10 purchase was advertised as "The Gatalog – USB" (the same item Plaintiff had purchased in the May 27 purchase).

166. When Plaintiff selected the option to use a credit card to pay for the July 10 purchase, he was redirected to PrecursorParts.com to complete the purchase, where Plaintiff completed the purchase.

167. Plaintiff received an order confirmation for the July 10 purchase from PrecursorParts.com on July 10, 2024.

168. On or about July 13th, 2024, Defendant Wilson posted or caused to be posted "the Hitchhiker" to Defcad.com, which contained unauthorized reproductions of all sixty-five works of authorship Plaintiff published and filed

a timely USCO application for on July 10th, 2024.[19] ("the Hitchhiker infringement")

169. The Hitchhiker infringement contains an exact, unauthorized reproduction of one of Plaintiff's registered literary works, written documentation concerning the Hitchhiker, which has a USCO registration number of TX0009412695.

170. The Hitchhiker infringement contains an unauthorized reproduction of Plaintiff's three-dimensional visual art work, namely 3D models depicting parts of a firearm, the Hitchhiker, registration of which is pending with the USCO. The reproduction is exact, save for the removal of a copyright notice.

171. The Hitchhiker infringement contains exact, unauthorized reproductions of sixty-three of Plaintiff's photographic works of the visual arts that depict the Hitchhiker. Registration of these photographs is pending with the USCO.

172. Defcad required a paid Legio membership to download the Hitchhiker infringement.

173. The works copied by Defendant Wilson in the Hitchhiker infringement had affixed copyright notices.

---

[19] https://defcad.com/library/the-hitchhiker/, archived at:
https://web.archive.org/web/20240830184349/https://defcad.com/library/the-hitchhiker/

174. On or about July 13, 2024, Plaintiff became aware of the Hitchhiker infringement.

175. On or about July 13, 2024, from a computer located in Orange County, Florida, Plaintiff accessed Defendant's DefCad website and downloaded the Hitchhiker infringement.

176. The registered works copied by Defendant Wilson in the Hitchhiker infringement contained hidden watermarks and other unique features which are present in the files downloaded from Defcad.

177. The following image depicts the three-dimensional work created by Plaintiff as it was published and registered:



178.   Similarly to the PV4 infringement, Defendant Wilson removed the copyright notice from the registered 3D model he copied from Plaintiff and reproduced on Defcad.

179.   The following image depicts the same three-dimensional work in the Hitchhiker infringement that Defendant Wilson distributed through Defcad:



180.   The models, the watermarks, and the specific spacing of individual three-dimensional components in the Hitchhiker infringement are exactly the same as Plaintiff's registered three-dimensional work.

181.   On the Defcad web page advertising the Hitchhiker infringement, the "about" section features a word-for-word copying of the "theory of the project" page of Plaintiff's registered textual work.[20]

182.   On or about July 22, 2024, Plaintiff had not yet received the July 10 purchase, in contrast to the May 27 purchase which was shipped the next

---

[20] USCO registration number TX0009412695

day and delivered within 4 days. Plaintiff contacted Ghostguns.com's customer support.

183. On July 22, 2024, Plaintiff received a reply from support@ghostgunner.net which stated that a support ticket had been entered to resolve the failure to deliver the July 10 purchase. This reply included a footnote indicating the reply was a service from "Precursor Parts".

184. Plaintiff has still not received the July 10 purchase as of the filing of this complaint.

185. On or about August 1, 2024, Plaintiff attempted a new order from Ghostguns.com, consisting of the same two USBs at issue in the July 10 purchase ("the August 1 purchase").

186. During the August 1 purchase, when Plaintiff entered any information containing his name, office address, email, or phone number, the Ghostguns.com website prevented him from completing checkout.

187. When Plaintiff entered an alias for his name, his adjoining office address, and an alternate email and phone number, the Ghostguns.com website allowed him to complete the purchase.

188. On August 1, 2024, Ghostguns.com sent Plaintiff an order confirmation for the August 1 purchase.

189. On August 1, 2024, Plaintiff made payment for the August 1 purchase, and said payment was accepted by Defense Distributed.

190. On August 5, 2024, GhostGuns.com shipped the August 1 purchase to Defendant via USPS. ("the August 5 shipment").

191. Defendant Wilson blacklisted or caused to be blacklisted Plaintiff's personally identifying information from his web stores in an attempt to frustrate Plaintiff from getting proof of Defendant Wilson's, and through him the Business Entity Defendants', infringing activity.

192. On August 8, 2024, Plaintiff received the August 5 shipment.

193. Unlike the May 27 purchase, the August 5 shipment did not include a sticker advertising Ghostguns.com or a receipt.

194. Unlike the USB drive delivered in the May 27 purchase, and in contrast to what was ordered and advertised in the August 1 purchase, the USB drive in the August 5 shipment contained only a PDF copy of Thomas Jefferson's notes on the State of Virginia, plus system volume information.

195. Based on information and belief, Defendant Wilson, knowing it was Plaintiff making the order, intentionally and fraudulently made the August 5 shipment different from what was ordered in the August 1 purchase.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

196. Plaintiff repeats and re-alleges all paragraphs concerning Defendant Wilson's and the Business Entity Defendants' copying of Plaintiff's registered works, specifically paragraphs 3 through 6, 8 through 46, and 61 through 179 inclusive, as if fully set forth herein.

197. At all times relevant hereto, Plaintiff has been the owner of the photographic, visual, and textual works reproduced, distributed, sold, offered for sale, and publicly displayed by Defendants. Plaintiff published each work prior to Defendants' infringing activity.

198. For each of the works cited in this cause of action, Plaintiff holds a copyright registration certificate from the United States Copyright Office.

COUNT 1: COPYRIGHT INFRINGMENT AS TO DEFENDANT DEFCAD

199. Without authorization, Defendant DEFCAD, Inc., reproduced and distributed the following Plaintiff'-owned and copyrighted works:

    a. From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

d. From at least October 13, 2023, and continuing to the present day, fourteen (14) photographic visual art works that depict the BUBAR, and which are registered under VA0002381769.

e. From at least October 13, 2023, and continuing to the present day, an additional sixteen (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

f. From at least December 7, 2023, and continuing until the present day, an additional thirty-four (34) photographic visual art works that depict the SF5, and which are registered under VA0002381769.

g. From at least December 7, 2023, and continuing until the present day, a three-dimensional visual art work (SF5 3D model) registered under VA0002385901.

h. From at least December 7, 2023, and continuing until the present day, a literary work (written "readme" concerning the SF5) registered under TX0009372199.

i. From at least December 7, 2023, and continuing until the present day, a literary work (written documentation concerning the SF5) registered under TX0009372196.

j. From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

k. From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

l. From at least July 13 2024, and continuing until the present day, a literary work (written documentation concerning the Hitchhiker) registered under TX0009412695.

200. Plaintiff did not authorize Defendant's copying, display, or distribution of Plaintiff's works.

201. As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

202. Plaintiff is entitled to recover damages including any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

COUNT 2: COPYRIGHT INFRINGEMENT AS TO DEFENDANT DEFENSE DISTRIBUTED

203. Without authorization, Defendant DEFENSE DISTRIBUTED reproduced and distributed the following Plaintiff-owned and copyrighted works:

    a. From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

    b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

    c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

    d. From at least October 13, 2023, and continuing to the present day, (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

e. From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

f. From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

204. Plaintiff did not authorize Defendant's copying, display, or distribution of Plaintiff's works.

205. As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

206. Plaintiff is entitled to recover damages including any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

COUNT 3: COPYRIGHT INFRINGEMENT AS TO DEFENDANT DIOSKOUROI LLC

207. Without authorization, Defendant DIOSKOUROI LLC reproduced and distributed the following Plaintiff-owned and copyrighted works:

a. From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art

works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

d. From at least October 13, 2023, and continuing to the present day, (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

e. From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

f. From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

208. Plaintiff did not authorize Defendant's copying, display, or distribution of Plaintiff's works.

209. As a result of its wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered,

and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

210.   Plaintiff is entitled to recover damages including any and all profits Defendant has made as a result of its wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

## COUNT 4: COPYRIGHT INFRINGEMENT AS TO DEFENDANT WILSON

211.   Without authorization, Defendant Wilson, himself and through his alter ego business entities, reproduced and distributed, or caused to be reproduced and distributed, the following Plaintiff-owned and copyrighted works:

  a. From at least October 13, 2023, and continuing to the present day, one-hundred-and-sixty-three (163) photographic visual art works that depict the Amigo Grande and MPP99, and which are registered under VA0002381513.

  b. From at least October 13, 2023, and continuing to the present day, a literary work (written documentation concerning a pistol project) registered under TX0009358088.

  c. From at least October 13, 2023, and continuing to the present day, a three-dimensional visual art work (3D model of the MPP99) registered under VA0002385899.

d. From at least October 13, 2023, and continuing to the present day, fourteen (14) photographic visual art works that depict the BUBAR, and which are registered under VA0002381769.

e. From at least October 13, 2023, and continuing to the present day, an additional sixteen (16) photographic visual art works that depict the KF5, and which are registered under VA0002381769.

f. From at least December 7, 2023, and continuing until the present day, an additional thirty-four (34) photographic visual art works that depict the SF5, and which are registered under VA0002381769.

g. From at least December 7, 2023, and continuing until the present day, a three-dimensional visual art work (SF5 3D model) registered under VA0002385901.

h. From at least December 7, 2023, and continuing until the present day, a literary work (written "readme" concerning the SF5) registered under TX0009372199.

i. From at least December 7, 2023, and continuing until the present day, a literary work (written documentation concerning the SF5) registered under TX0009372196.

j. From at least May 23, 2024, and continuing until the present day, a literary work (written documentation concerning the Plastikov v4) registered under TX0009403056.

k. From at least May 23, 2024, and continuing until the present day, a literary work (written "readme" concerning the Plastikov v4) registered under TX0009413646.

l. From at least July 13 2024, and continuing until the present day, a literary work (written documentation concerning the Hitchhiker) registered under TX0009412695.

212. Plaintiff did not authorize Defendants' copying, display, or distribution of Plaintiff's works.

213. As a result of his wrongful conduct, Defendant is liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

214. Plaintiff is entitled to recover damages including any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

AS TO COUNTS 1 THROUGH 4: Defendant Wilson Willfully Infringed Plaintiff's Registered Copyrights

215. Defendant Wilson and the Business Entity Defendants infringed the copyrights in Plaintiff's creative works by reproducing, distributing, and/or publicly displaying the works by and through various Defendant Wilson-owned-and-operated websites, blogs, and online stores without proper approval or authorization of Plaintiff.

216. On March 1st, 2024, Defendant Wilson uploaded or caused to be uploaded "GunCAD: History and Value" to the Defense Distributed YouTube channel. https://www.youtube.com/watch?v=V7iuyS5WMEs ("the March 1st video"), wherein Defendant Wilson speaks at length.

217. In the March 1st video, Defendant Wilson discusses his frustrations with individuals who have asked him to cease his unauthorized reproduction of their copyrighted works.

218. In the March 1st video, Defendant Wilson states that "we resist copyright not just for historical reasons like, oh it's, you know, its origins are in censorship and, you know, it actually promoted piracy like, there are good libertarian stories, uh, for rejecting copyright specifically through—like Garrett mentioned about the First Amendment—copyright is an instrument of the modern capitalist state. Copyright is an excuse to assert and reduplicate, you know, new types of control, new types of subjugation under the law

A-87

through agencies of United Nations like the world leaders property organization, uh, the World Trade Organization, you know, things like [unintelligible] all these things, and we're fighting that, okay?"

219. On June 3rd, 2024, Defendant Wilson acknowledged on his blog it had been "5,568 hours since" Plaintiff requested the removal of copyrighted works from Defendants' websites.

220. On August 2, 2024, Defendant Wilson posted or caused to be posted "SF5 STEP Master Application for Copyright Registration." to Defcad.com. ("the SF5 post").

221. The SF5 post contains a photocopy of a certified copy of "the very first federal registration of a 3D printable gun model, by none other than Matthew Larosiere Esquire. Federal registration dated 12/23/2023."

222. The SF5 post goes on to state "3D models with copyright registrations require permission from the author before you may reprint them."

223. The Business Entity Defendants were, at all times material to this matter, functioning as alter egos for Defendant Wilson.

224. Defendants knew the infringed works belonged to Plaintiff and that they did not have permission to exploit Plaintiff's works.

225. Defendant Wilson wrote a manifesto detailing his contempt for copyright, and for Plaintiff's rights.

226. Defendant Wilson acknowledged and mocked Plaintiff's federal copyright registrations on multiple occasions.

227. Defendants, in concert with or controlled by Defendant Wilson, went so far as to delete copyright notices from Plaintiff's visual art works.

228. Defendants knew their acts constituted copyright infringement.

229. Defendants' conduct was willful within the meaning of the Copyright Act.

230. As a result of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to his business reputation and goodwill.

231. Plaintiff is entitled to recover damages including any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. §504, and in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c).

232. Because Defendants' infringement was willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. §504(c)(2).

233. Plaintiff is eligible to recover his attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**SECOND CAUSE OF ACTION**
**False Designation of Origin and**
**Unfair Competition Under 15 U.S.C. § 1125**

234. Plaintiff repeats and re-alleges the allegations set forth in paragraph 3-6, 8-50, 67-78, inclusive, and 131 as if fully set forth herein.

235. In violation of 15 U.S.C. §1125(a), Defendants have used in commerce a slogan, trade dress, word, name, symbol, device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which was and is likely to cause confusion or to cause mistake, or to deceive consumers as to an affiliation, connection, or association with Plaintiff.

COUNT 5: FALSE DESIGNATION AND UNFAIR COMPETITION AS TO DEFENDANT WILSON, AND THROUGH HIM, THE BUSINESS ENTITY DEFENDANTS

236. Beginning at latest December 7th, 2023, and continuing until the present day, Defendant Wilson changed or caused to be changed the description of "The Gatalog," a category present on his several websites, under which Defendant Wilson sells and distributes both digital works and physical goods. ("The Gatalog change").

237. As Part of The Gatalog change, Defendants referred to "The Gatalog" as "Owned and directed by Matt Larosiere."

238. Plaintiff Matthew Larosiere does not "own" or "direct" "The Gatalog."

239. The corporate Defendants, by and through the direct actions of Defendant Wilson, knew or should have known the information in The Gatalog change was misrepresentative.

240. DefCad.com, the website of Defendant Defcad, contains over one-hundred separate pages purporting to be authored by "The Gatalog," and thus misattributed to and affiliated with Plaintiff.

241. Ghostguns.com, the website of Defendant Defense Distributed, contains at least thirteen pages that explicitly misattribute and affiliate Plaintiff by identifying Plaintiff as owning and directing "The Gatalog".

242. On or about February 21, 2024, Defendant Wilson personally ordered Pablo Molina Diaz, an employee or contract employee of Defendant Wilson, to create a graphic containing a likeness of Plaintiff and to present the graphic as if Plaintiff had created it. ("the Molina-Diaz work").

243. On or about February 21, 2024, Defendant Wilson uploaded or caused to be uploaded "Universal Guncad License" to the Defcad.com website. ("the February 21 post")

244. The February 21 post was attributed as being created by "The Gatalog."

245. The February 21 post contained the Molina-Diaz work and two wrongful copyright notices purporting to be a 2024 copyright of "The Gatalog," depicted below:

A-91



246.   The February 21 post, and the Molina-Diaz work, were designed and intended to misrepresent Plaintiff's association with defendants, to mock Plaintiff's racial background, and falsely associate Plaintiff with fascist ideology.

247.   On or about April 25, 2024, Defendant Wilson posted or caused to be posted "Gatalog MAC11/9 NDA" to Defcad.com[21] ("the MAC NDA post").

[21] https://defcad.com/library/gatalog-mac-119-nda/, archived at:
https://web.archive.org/web/20240830031202/https://defcad.com/library/gatalog-mac-119-nda/

248. The MAC NDA post contained an edited version of a contract signed by Plaintiff.

249. On April 25, 2024, Defendant Wilson posted or caused to be posted an article titled "MAC-11 and The Leaderboard" to the Defcad blog[22] (the "April 25 blog post").

250. The April 25 blog post references and links to the MAC NDA post.

251. In the April 25 blog post, Defendant Wilson claims that a model "was gatekept, but never released, by The Gatalog."

252. In the April 25 blog post, Defendant Wilson claims that drawings were "hoarded" by Plaintiff, and refers to Plaintiff's agreement as "anti-competitive" and "illegal," then purports to "preserve" the document on Defcad.

253. The PDF file bearing Plaintiff's signature in the MAC NDA post was intentionally edited by Defendant Wilson to mislead as to its purpose and effect, and to paint Plaintiff in a bad light.

254. Defendant Wilson knew or should have known the statements he made in the April 25 blog post were materially misleading, because he himself edited the MAC NDA post to make Plaintiff appear to be "hoarding" information.

---

[22] https://defcad.com/blog/mac-11-and-the-leaderboard/, archived at:
https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/"https://web.archive.org/web/20240830031049/https://defcad.com/blog/mac-11-and-the-leaderboard/

255. In the April 25 blog post, Defendant Wilson acknowledges that the "SF5 STEP files" were registered "with the Copyright Office."

256. Defendants have willfully infringed Plaintiff's copyrights, have falsely designated their infringements as being approved by or in affiliation with Plaintiff, and have made material misrepresentations and descriptions of fact and have falsely attributed numerous items as being those of Plaintiff.

257. As a direct and proximate result of Defendants' willful misconduct, Plaintiff has suffered and continues to suffer irreparable harm to his reputation and business goodwill and associated common law rights.

258. Unless Defendants are enjoined from further infringement of Plaintiff's works and from further false designations, Plaintiff will continue to be irreparably harmed.

### THIRD CAUSE OF ACTION
### UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS
### IN VIOLATION OF §540.08, Fla. Stat.

259. Plaintiff repeats and re-alleges the allegations set forth in paragraph 3 through 6, 8 through 50, 67 through 78, 131, and 236 through 256 inclusive, as if fully set forth herein.

COUNT 6: UNAUTHORIZED PUBLICATION OF NAME OR LIKENESS AS TO DEFENDANT WILSON, AND THROUGH HIM, DEFCAD AND DEFENSE DISTRIBUTED

260. Defendant Wilson, and through him Defcad and Defense Distributed, in violation of §540.08, Fla. Stat., did, for purposes of trade or for

any commercial or advertising purpose, publish, print, or display the name, photograph or other likeness of Plaintiff without Plaintiff's express consent.

261. Defendant Wilson, and through him Defcad and Defense Distributed, have used Plaintiff's name, photograph, or other likeness, have falsely designated their activity as being approved by or in affiliation with Plaintiff, and have made material misrepresentations and descriptions of fact and have falsely attributed numerous items as being those of Plaintiff.

262. As a direct and proximate result of Defendants' willful misconduct, Plaintiff has suffered and continues to suffer irreparable harm to his reputation and business goodwill and associated common law rights.

263. Plaintiff is entitled to injunctive relief from Defendants' unauthorized publication of his name and likeness.

264. Plaintiff is entitled to the recovery of damages from Defendants' unauthorized publication of his name and likeness, including an amount which would have been a reasonable royalty, and punitive or exemplary damages where, as here, the conduct was willful.

## FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT, FLORIDA COMMON LAW

265. Plaintiff repeats and re-alleges all paragraphs concerning Defendant Wilson's and the Business Entity Defendants' copying of Plaintiff's works of authorship, specifically paragraphs 3 through 6, 8 through 46, and 61 through 179 inclusive, as if fully set forth herein.

266. At all times relevant hereto, Plaintiff has been the owner of the photographic, visual, and textual works reproduced, distributed, sold, offered for sale, and publicly displayed by Defendants.

267. For each of the works cited in the following count, Plaintiff does not yet hold a certificate of registration from the USCO.

COUNT 7: UNJUST ENRICHMENT AS TO DEFENDANT WILSON, AND THROUGH HIM, DEFCAD AND DEFENSE DISTRIBUTED

268. Defendant Wilson, and through him Defendants Defcad and Defense Distributed, for the purposes of profit and other commercial motives, have reproduced, displayed, and offered for sale the following:

> a. In the PV4 infringement, exact, unauthorized reproductions of sixty-one (61) of Plaintiff's photographic visual art works that depict the Plastikov V4.
>
> b. In the PV4 infringement, an exact, unauthorized reproduction of one of Plaintiff's visual art works, namely 3D models depicting the Plastikov V4.

A-96

     c. In the Hitchhiker infringement, an exact, unauthorized reproduction of Plaintiff's three-dimensional visual art work, namely a 3D model depicting the Hitchhiker.

     d. In the Hitchhiker infringement, an exact, unauthorized reproductions of sixty-three (63) of Plaintiff's photographic visual art works depicting the Hitchhiker.

269. Plaintiff has conferred a benefit upon Defendant Wilson, namely the financial, goodwill, and other intangibles associated with Defendant's unauthorized sale and distribution of Plaintiff's work.

270. Defendant has knowledge of the benefit conferred upon him, and Defendant has intentionally and voluntarily retained the benefit of Plaintiff's work.

271. The circumstances render Defendant's retention of the benefit inequitable unless the Defendant pays to the Plaintiff the reasonable value of the benefit.

## PRAYER FOR RELIEF

272. Plaintiff prays this Honorable Court grant the following relief:

   a. A preliminary and permanent injunction preventing Defendants' continued unauthorized copying, display, and distribution of Plaintiff's works;

   b. Award Plaintiff statutory damages for Defendants' infringements under 17 U.S.C. § 504(c);

   c. Enhance Plaintiff's damages award due to Defendants' willful conduct under 17 U.S.C. § 504(c)(2);

   d. A preliminary and permanent injunction preventing Defendants' continued unauthorized and false designations of origin;

   e. Award Plaintiff damages under 15 U.S.C. § 1125;

   f. A preliminary and permanent injunction preventing Defendants' continued unauthorized use of Plaintiff's name and likeness in violation of § 540.08, Fla. Stat;

   g. Award Plaintiff a reasonable royalty for Defendants' conduct under § 540.08, Fla. Stat;

   h. Award Plaintiff the reasonable value of the unjust benefits conferred upon Defendants;

    i.  Award Plaintiff his attorneys fees and costs under 17 U.S.C. § 505, or other relevant laws; and

    j.  Award Plaintiff any other relief this Honorable Court deems just and proper.

DATED:  September 6, 2024

_____
Zachary Z. Zermay, Esq.
Fla. Bar № 1002905
Zermay Law, P.A.
1200 Fourth Street, #1102
Key West, FL 33040
Email: zach@zermaylaw.com
Telephone: (310) 752-9728
*Counsel for Plaintiff*

(Doc. 29) COUNTERCLAIMS & ANSWER

United States District Court
Middle District of Florida
Orlando Division

Matthew Larosiere,
                Plaintiff,

v.

Cody Rutledge Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC,
                Defendants.

_____                          No.  6:24-cv-1629


Defense Distributed,
                Counterplaintiff,

v.

The Gatalog, Matthew Larosiere,
John Elik, Alexander Holladay, Peter
Celentano, Josh Kiel Stroke, John Lettman,
The Gatalog Foundation, and MAF Corp,
                Counterdefendants.

_____

**Counterclaims & Answer**

A-101

## Table of Contents

Counterclaims .................................................................................... 5

I.     Summary ................................................................................ 5

II.    Parties .................................................................................. 8

      A.     Counterplaintiff Defense Distributed. ................................ 8

      B.     Counterdefendants ........................................................ 9

            1.     The Gatalog ............................................................ 9

            2.     Matthew Larosiere ............................................... 10

            3.     John Elik. .......................................................... 11

            4.     Alexander Holladay. ............................................. 12

            5.     Peter Celentano. ................................................. 12

            6.     Josh Kiel Stroke. ................................................ 13

            7.     John Lettman. .................................................... 14

            8.     The Gatalog Foundation. ..................................... 15

            9.     MAF Corp. ......................................................... 16

III.   Subject Matter Jurisdiction ..................................................... 17

IV.   Venue ................................................................................. 17

V.    Facts .................................................................................. 18

      A.     DEFCAD makes digital firearms information available legally. ........ 18

2

B.  DEFCAD worked with Elik and Holladay before The Gatalog. ........ 21

C.  Defense Distributed Re-Launches its Website in March 2020 ........ 23

D.  Elik and Holladay request financial partnership............................. 24

E.  Elik and Holladay disparage DEFCAD and demand money ........... 25

F.  The Counterdefendants begin coordinating their activities............. 28

G.  *Everytown* Litigation and Peter Celentano/Freeman1337 .............. 34

H.  Business Disparagement Ensues.................................................... 36

I.  Business Disparagement Escalates to Tortious Interference.......... 40

J.  The Counterdefendants failed to preserve records. ....................... 45

K.  The Counterdefendants Launched ongoing DDoS attacks. ............ 47

L.  Attribution & Agency ...................................................................... 51

    1.  Joint and several liability........................................................ 51

    2.  Single Business Enterprise..................................................... 51

    3.  Civil Conspiracy..................................................................... 52

    4.  Agency and Alter Ego............................................................ 53

M.  Damages & Irreparable Harm......................................................... 54

VI.  Causes of Action ..................................................................................... 56

A.  Counterclaim One: Civil RICO....................................................... 56

    1.  Predicate Racketeering: Wire Fraud .................................... 58

3

2.    Predicate Racketeering: Extortion ........................................ 61

3.    Predicate Racketeering: Money Laundering ........................ 64

4.    Predicate Racketeering: Obstruction of Justice .................... 66

5.    Predicate Racketeering: CFAA ............................................ 69

6.    Predicate Racketeering: Threat of murder. .......................... 71

B.    Counterclaim Two: Lanham Act ..................................................... 75

C.    Counterclaim Three: Computer Fraud and Abuse Act ................... 79

D.    Counterclaim Four: Digital Millennium Copyright Act ..................... 81

E.    Counterclaim Five: Tortious Interference ....................................... 83

F.    Counterclaim Six: Trade Libel ........................................................ 86

G.    Counterclaim Seven: Florida DUTPA. ............................................ 88

H.    Counterclaim Eight: Spoliation. ...................................................... 92

VII.   Prayer for Relief ...................................................................................... 93

Answer ............................................................................................................. 95

I.     Denials & Admissions. ............................................................................. 95

II.    Defenses. ............................................................................................... 105

III.   Attorney's Fees & Costs. ........................................................................ 106

IV.   Prayer for Relief ..................................................................................... 108

4

## Counterclaims

Defense Distributed pleads these counterclaims against The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Stroke, John Lettman, The Gatalog Foundation, and MAF Corp.

## I.　Summary

1.　Defense Distributed exists to promote and expand the Second Amendment's individual right to keep and bear Arms, both functionally and legally. To that end, Defense Distributed generates and distributes innovative digital firearms information to the American public under public and open source licenses. Its pioneering work drives the field's technical and legal advancements, and it provides business and content platforms that assist developers in achieving independence.

2.　Federal law regulates this constitutional industry severely. Foremost here is the United States Department of Commerce's "EAR" regime—a system of "Export Administration Regulations" administered by Commerce's Bureau of Industry and Security pursuant to the Arms Export Control Act of 1976. *See* 15 C.F.R. §§ 731-774.1. In 15 C.F.R. § 734.7(c), the Commerce Department's EAR regime restricts the distribution of commonly-used digital firearms information (file types like "AMF or G-code" that are "'ready for insertion" into manufacturing machines) by imposing a licensing system that limits both who can receive such files and how. 15 C.F.R. §§ 734.3(d), 734.7(c). In essence, this EAR regime makes the unrestricted online publication of such files highly illegal.

5

3.　Defense Distributed does not *want* to comply with EAR restrictions. On the contrary, Defense Distributed has for most of its existence been actively litigating to have the EAR and regimes like it held unconstitutional.  But until these challenges succeed, Defense Distributed has no choice but to comply with the law courts opt to impose (and not an inch more).  In particular, Defense Distributed complies with the EAR's restrictive system by implementing technical safeguards ensuring satisfaction of the § 734.7(c) limits on who can receive this information and how it is received.  Though compliance is highly burdensome, Defense Distributed bites the bullet to maintain the United States' only legal web portal, search engine, and development hub for regulated digital firearms information.

4.　"The Gatalog" is a criminal enterprise organized in express opposition to this.  It profits by dealing illegally in the same digital firearms information that Defense Distributed handles legally.  Led by a disgruntled former employee and opponents of Defense Distributed, The Gatalog publishes files governed by the EAR (and a similar State Department regime, the ITAR), by giving anyone in the world unlimited access—an obvious violation of the federal regime courts uphold.

5.　The Gatalog enterprise is a black-market operator in the worst sense, achieving its illegal ends with dangerously illegal means of criminal wire fraud, money laundering, extortion, and even threatened murder: "you realize there's a bounty on your head, right?"  In this way, The Gatalog's disgruntled principals are stealing business from Defense Distributed—the only firm serious enough to do

6

the work legally—and distorting an otherwise thriving and compliance market in digital firearms information.

6.    To further injure Defense Distributed, The Gatalog's members have acted in concert to destroy Defense Distributed's market reputation by spreading false, defamatory rumors that Defense Distributed's website, DEFCAD, has been hacked and is "in league" with federal government officials. The Gatalog also tortiously interfered with Defense Distributed's business relationships by harassing, threatening, and lying to its customers and partner contributors.

7.    Past financial harms are substantial and many are irreparable.  Lost profits will soon cross from high six figures into millions.  Intangible losses like damaged business reputation are of equally high value. And because this illegal enterprise goes on unabated, irreparable harms continue to mount every day.

8.    It's difficult enough already for Defense Distributed to do the right thing and lead its industry by following existing law until reform is achieved the right way. For The Gatalog to undercut all of that with the wrongdoing at issue here is not just economically foolish and legally criminal, it is a massively counterproductive disservice to the "community" they purport to serve.

9.    No one knows for sure what The Gatalog's next worst illegal deed will be.  Maybe it will be another illegal export of federally-controlled firearms technical data to a foreign adversary.  Maybe it will be more threats of violence and murder. Hence this action's counterclaims, which seek not just to compensate Defense

7

Distributed for all of The Gatalog's past harms, but to put a definitive end to this illegal racketeering enterprise for good.

## II.     Parties

### A.     Counterplaintiff Defense Distributed.

10.     Counterplaintiff Defense Distributed is a private business corporation organized under the laws of the State of Texas.  Its headquarters and principal place of business are now and at all relevant times have been in Austin, Texas.

11.     Defcad, Inc. is a private business corporation organized under the laws of the State of Texas.  Its headquarters and principal place of business are now and at all relevant times in the past have been in Austin, Texas.  Defcad, Inc. is a subsidiary of Defense Distributed.

12.     Defense Distributed counterclaims on its own behalf and on behalf of Defcad, Inc.  At all times relevant to this action, Defense Distributed and Defcad, Inc. constituted fully distinct legal persons with separate legal rights and obligations.  But solely with respect to the assertion of this action's counterclaims and without prejudice to the rights and obligations of any other context, Defense Distributed counterclaims on its own behalf and on behalf of Defcad, Inc. because the two entities operated as a single integrated business enterprise that suffered collective injuries harming all their shared economic interests.  Defense Distributed and Defcad, Inc. expressly reserve and do not waive their rights to assert their distinct corporate identities in other legal or regulatory contexts, including but not limited to matters of taxation and corporate governance.

8

**B.    Counterdefendants**

13.    The Counterdefendants are The Gatalog, Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, John Lettman, The Gatalog Foundation, and MAF Corp.

**1.    The Gatalog**

14.    The Gatalog is an unincorporated association with the capacity to be sued under the laws of the State of Florida.  Its principal place of business is Florida, where it can be reached for service of process.

15.    The Gatalog's members associate for the purpose of opposing DEFCAD by commercially developing and publishing 3D printable and other CAD models regarding firearms without restriction on Odysee.com and other channels, in violation of 15 CFR 734.7(c).

16.    The Gatalog maintains a website at thegatalog.com.

17.    The "Gatalog" constitutes an "enterprise" as defined in 18 U.S.C. § 1961(4), which includes any individual, partnership, corporation, association, or other legal entity, or any group of individuals associated in fact, although not a legal entity.

18.    This Court has personal jurisdiction over The Gatalog.  General personal jurisdiction exists because The Gatalog resides and is domiciled in the State of Florida.  Specific personal jurisdiction exists because this action arises out of and relates to conduct by which The Gatalog purposefully availed itself of the privilege of conducting activities within the State of Florida.

9

### 2.    Matthew Larosiere

19.    Counterdefendant Matthew Larosiere is an individual resident of the State of Florida.  He can be reached for service of process at his residence.

20.    Larosiere sometimes goes by the alias "Fuddbuster."

21.    Larosiere is an attorney that practices law as a member of the bar of the State of Florida.

22.    Larosiere is responsible for the conduct of the "Gatalog" enterprise because he is now and was at all material times one of its principal leaders. He is currently a director of The Gatalog Foundation and was at material times in the past.  He is currently a director of MAF Corp. and was at material times in the past. He is an employer, partner, and alter ego of John Elik.  He "has the pleasure of representing The Gatalog and The Gatalog Foundation in all matters related to intellectual property."[1]  He is an administrator of The Gatalog enterprise's chat service and has administrative access to its Odysee pages, where he facilitates and oversees the unrestricted exchange of technical data.

23.    This Court has personal jurisdiction over Larosiere.  General personal jurisdiction exists because he resides in the State of Florida.  Specific personal jurisdiction exists because this action arises out of and relates to conduct by which

---

[1] Declaration of Erin Galloway in Opposition to Defendants' Motion to Dismiss and Refuting Certain Statements Made in Defendants' Declarations, Doc. 126 at 4, ¶ 17 *Everytown for Gun Safety Action Fund, Inc. v. DEFCAD, Inc. et al*, No. 21-cv-08704-PGG (S.D.N.Y).

10

Larosiere purposefully availed himself of the privilege of conducting activities within the State of Florida.

**3.    John Elik.**

24.    Counterdefendant John Elik is an individual resident of the State of Illinois.  He can be reached for service of process at his residence.

25.    Elik sometimes goes by the alias "Ivan the Troll" and/or the alias "NaviGoBoom."

26.    Elik is a former employee of Defense Distributed.

27.    Elik is responsible for the conduct of the "Gatalog" enterprise because he is now and was at key material times in the past one of its principal leaders.  He is a director of The Gatalog Foundation. He is Matthew Larosiere's employee, business partner, alter ego, and was recently exposed by *The New York Times* for having violated the federal export laws at issue in this case. He is an administrator of The Gatalog enterprise's chat service and has administrative access to its Odysee page, where he directs, facilitates and oversees the unrestricted exchange of technical data.

28.    This Court has personal jurisdiction over Elik.  Specific personal jurisdiction exists because this action arises out of and relates to conduct by which Elik purposefully availed himself of the privilege of conducting activities within the State of Florida.

11

**4.　Alexander Holladay.**

30.　Counterdefendant Alexander Holladay is an individual resident of the State of Florida. He can be reached for service of process at his residence.

31.　Holladay is responsible for the conduct of the "Gatalog" enterprise because he is now and was at key material times in the past one of its principal leaders. Holladay is a director of The Gatalog Foundation and MAF Corp. He is an employee of and partner of Larosiere and Elik. Holladay owns thegatalog.com website. Holladay is an administrator of The Gatalog enterprise's chat service and has administrative access to its Odysee page, where he facilitates and oversees the unrestricted exchange of technical data. In addition, he manages the enterprise's business communications, product fulfillment, and money transmitting.

32.　This Court has personal jurisdiction over Holladay. General personal jurisdiction exists because he resides in the State of Florida. Specific personal jurisdiction exists because this action arises out of and relates to conduct by which Holliday purposefully availed himself of the privilege of conducting activities within the State of Florida.

**5.　Peter Celentano.**

33.　Counterdefendant Peter Celentano is an individual resident of the State of New York. He can be reached for service of process at the Niagara County Jail.

12

34. Celentano is responsible for the conduct of the "Gatalog" enterprise because he is now and was at key material times in the past one of its principal administrators. He is compensated by MAF Corp. and was an administrator of The Gatalog, with access to its chat and direct message histories. For years, he administered the "beta rooms" of many Gatalog projects, where he facilitated and oversaw the unrestricted exchange of technical data, especially that of projects of foreign developers, in violation of federal export law and in furtherance of the enterprise. Celentano's role is still advertised at chat.deterrencedispensed.com, a subdomain of The Gatalog web page. Celentano was recently arrested for Federal firearms offenses and is being detained without bond in the Western District of New York.

35. This Court has personal jurisdiction over Celentano. Specific personal jurisdiction exists because this action arises out of and relates to conduct by which Celentano purposefully availed himself of the privilege of conducting activities within the State of Florida.

**6.    Josh Kiel Stroke.**

36. Counterdefendant Josh Stroke is an individual resident of the State of Arizona. He can be reached for service of process at his residence.

37. Stroke is responsible for the conduct of the "Gatalog" enterprise because he is now and was at key material times in the past one of its principal leaders. He is an agent of MAF Corp. and has acted as The Gatalog enterprise's "Chief of Propaganda" since 2022. He promotes The Gatalog's illegal enterprise

13

on social media, and regularly engages in trade libel, false advertising and tortious interference against DEFCAD on behalf of the enterprise. Mr. Stroke's harassment of DEFCAD and its employees is so frequent and so violent that DEFCAD had to secure a workplace harassment injunction against him in Arizona's Maricopa County Superior Court, which he is still violating.

38.    This Court has personal jurisdiction over Stroke.  Specific personal jurisdiction exists because this action arises out of and relates to conduct by which Stroke purposefully availed himself of the privilege of conducting activities within the State of Florida.

**7.    John Lettman.**

39.    Counterdefendant John Lettman is an individual resident of the Commonwealth of Pennsylvania.  He can be reached or service of process at his residence.  *See* 18 U.S.C. § 1965(b).

40.    Lettman sometimes goes by the aliases "Jnyboy" and/or "JnyTheHuman."

41.    Lettman is responsible for the conduct of the "Gatalog" enterprise because he is now and was at key material times in the past one of its principal leaders.  A partner of Counterdefendant Holladay, Counterdefendant Lettman is The Gatalog enterprise's IT Director, and a systems administrator since at least 2022. Lettman worked closely with Counterdefendant Celentano until Celentano's arrest and maintains access to The Gatalog's complete chat and direct message histories. For years, he has facilitated and overseen the unrestricted exchange of

14

technical data, especially that of projects of foreign developers, which are in violation of federal export law and in furtherance of the enterprise. Mr. Lettman executes and organizes cyberattacks against the DEFCAD platform under the direction of Counterdefendants Elik and Larosiere in violation of Title 18, United States Code, Section 1030(a)(5)(A).

42.    This Court has personal jurisdiction over Lettman.  Specific personal jurisdiction exists because this action arises out of and relates to conduct by which Lettman purposefully availed himself of the privilege of conducting activities within the State of Florida.

### 8.    The Gatalog Foundation.

43.    Counterdefendant The Gatalog Foundation is a nonprofit corporation organized under the laws of the State of Florida that maintains a principal place of business there.  Its primary agent is Matt Larosiere, 6824 Hanging Moss Rd., Orlando, FL 32807.  According to the Division of Corporations of the State of Florida, the Officers and Directors of The Gatalog Foundation are Counterdefendants Larosiere, Holladay and Elik. The Gatalog Foundation is responsible for the conduct of the "Gatalog" enterprise because it is now and was at key material times in the past one of its principal leaders.

44.    This Court has personal jurisdiction over The Gatalog Foundation. General personal jurisdiction exists because The Gatalog Foundation resides and is domiciled in the State of Florida.  Specific personal jurisdiction exists because this action arises out of and relates to conduct by which The Gatalog Foundation

15

purposefully availed itself of the privilege of conducting activities within the State of Florida.

### 9.    MAF Corp.

45.    Counterdefendant MAF Corp. is a corporation organized under the laws of the State of Florida that maintains a principal place of business there.  It can be reached for service of process at MAF Corp.*,* C/O Alexander Holladay, 6824 Hanging Moss Rd., Orlando, FL 32807. Its Officers and Directors are Larosiere and Holladay.

46.    MAF Corp. maintains a website at maf-arms.com.  There, it monetizes the files illegally released by The Gatalog by selling their related parts kits and compensates the files' domestic and international developers with development incentives and royalties.  It tries to monopolize this practice through false advertising and fraudulent copyright applications.

47.    This Court has personal jurisdiction over MAF Corp.  General personal jurisdiction exists because MAF Corp. resides and is domiciled in the State of Florida.  Specific personal jurisdiction exists because this action arises out of and relates to conduct by which MAF Corp. purposefully availed itself of the privilege of conducting activities within the State of Florida.

16

### III.    Subject Matter Jurisdiction

48.    28 U.S.C. § 1331 supplies the Court with original federal question jurisdiction over this action because it arises under the laws of the United States.

49.    28 U.S.C. § 1332 supplies the Court with original diversity jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

50.    28 U.S.C. § 1331 supplies the Court with original federal question jurisdiction over this action because its claims arise under federal laws, including both the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1961 et seq.) and Lanham Act.

51.    28 U.S.C. § 1367 supplies the Court with supplemental subject-matter jurisdiction over the action's state-law claims because the state-law claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The action's state-law claims do not raise novel or complex issues of state law. The action's state-law claims do not substantially predominate over the claim or claims over which the district court has original jurisdiction.

### IV.    Venue

52.    This Court constitutes a proper venue for this action because it is brought under 18 U.S.C. § 1964(c) and is a district in which one of the Counterdefendants resides, is found, has an agent, or transacts his affairs. *See* 18 U.S.C. § 1965(a) ("Any civil action or proceeding under this chapter against any

17

person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.").

53.     This Court constitutes a proper venue for this action because a substantial part of the events or omissions giving rise to the claims occurred here. *See* 28 U.S.C. § 1391(e)(1)(B).

54.     This Court constitutes a proper venue for this action because a substantial part of the property that is subject of the action is situated here. *See* 28 U.S.C. § 1391(b)(2).

## V.     Facts

### A.     DEFCAD makes digital firearms information available legally.

55.     Defense Distributed exists to legally promote and expand the Second Amendment's individual right to keep and bear Arms.  To that end, Defense Distributed provides to the American public a wide variety of digital firearms information under an array of public, open source, commercial, and non-commercial licenses.

56.     "DEFCAD" is the website hosted at defcad.com.  Legal responsibility for DEFCAD has always belonged to Defense Distributed and its subsidiary, Defcad, Inc. DEFCAD was, is, and will continue to be Defense Distributed's primary (though not exclusive) content platform.

57.     DEFCAD serves as a web portal, search engine, and development hub for digital firearms information.  It focuses on the needs of designers and hobbyists that handle 3D printable and other CAD models regarding firearms.

18

58.    DEFCAD operates in compliance with all applicable federal and state laws.  In particular, DEFCAD operates in compliance with the United States Department of Commerce's "EAR" regime—the system of "Export Administration Regulations" administered by the Department's Bureau of Industry and Security pursuant to the Arms Export Control Act of 1976 (codified at 22 U.S.C. ch. 39). *See generally Control of Firearms, Guns, Ammunition and Related Articles the President Determines No Longer Warrant Control Under the United States Munitions List (USML)*, 85 Fed. Reg. 4136, 4140-42, 4172 (Jan. 23, 2020).

59.    DEFCAD also operates in compliance with a similar regime administered by the United States Department of State called "ITAR," short for the International Traffic in Arms Regulations, 22 C.F.R. Parts 120-130,[2] and with certain state laws being challenged in litigation.  *See* N.J. Stat 2C:39-9(*l*)(2).

---

[2] The Arms Export Control Act of 1976, 22 U.S.C. ch. 22 (the "AECA"), addresses the President's authority to control the import and export of defense articles and defense services. The International Traffic in Arms Regulations, 22 C.F.R. Parts 120-130 ("ITAR"), constitute AECA's primary implementing regulations. The State Department administers the AECA and the ITAR. Within the State Department, primary responsibility for administering the AECA and the ITAR lies with the Directorate of Defense Trade Controls ("DDTC") in the Bureau of Political-Military Affairs. The AECA provides that "no defense articles or defense services . . . may be exported or imported without a license for such export or import." 22 U.S.C. § 2778(b)(2). It provides for criminal penalties up to a $1,000,000 fine and 20 years in prison for "[a]ny person who willfully violates any provision of this section ... or any rule or regulation issued under this section." *Id.* § 2778(c). The AECA authorizes the President "to designate those items which shall be considered as defense articles and defense services for the purposes of this section and to promulgate regulations for the import and export of such articles and services. The items so designated shall constitute the United States Munitions List." *Id.* § 2778(a)(1).  The President, by executive order, has delegated to the State Department the authority to regulate under the AECA and to designate defense

19

60.    Defense Distributed has never *wanted* to make DEFCAD comply with restrictive regimes like the Commerce Department's EAR system.  On the contrary, Defense Distributed has, from the very beginning, devoted extraordinary time, talent, and treasure to the project of litigating against such restrictions.  *See, e.g.*, *Def. Distributed v. United States Dep't of State*, 838 F.3d 451 (5th Cir. 2016), 865 F.3d 211 (5th Cir. 2017) (on petition for reh'g *en banc*); *State v. Def. Distributed*, No. 20-35030, 2020 WL 4332902 (9th Cir. July 21, 2020); *Def. Distributed v. Grewal*, 971 F.3d 485 (5th Cir. 2020); *Def. Distributed v. Attorney Gen. of New Jersey*, 72, F.3d 193 (3d Cir. 2020); *Def. Distributed v. Bruck*, 30 F.4th 414 (5th Cir.

---

"articles" and "services" for inclusion on the United States Munitions List ("USML"). *See* Exec. Order No. 13,637, § 1(n)(i), 78 Fed. Reg. 16,129 (Mar. 8, 2013).  These regulations made it unlawful to, inter alia, "export or attempt to export from the United States any defense article or technical data or to furnish or attempt to furnish any defense service for which a license or written approval is required" without such a license. Id. § 127.1(a)(1).  The ITAR's definition of "export" includes the "actual shipment or transmission out of the United States, including the sending or taking of a defense article out of the United States in any manner." Id. § 120.17(a)(1).  The ITAR also provide that a "deemed export," defined as "[r]eleasing or otherwise transferring technical data to a foreign person in the United States," constitutes an "export." *Id.* § 120.17(a)(2). The ITAR also include, at 22 C.F.R. § 121.1, the USML, which enumerates the "articles, services, and related technical data [that] are designated as defense articles or defense services" for purposes of the AECA and ITAR. *Id.* § 121.1(a). The USML organizes the designated items into twenty-one categories, encompassing various forms of weaponry, ammunition, explosives, military-type equipment and vessels, toxicological agents, classified data, and more. Each of the twenty-one categories includes as a designated item "[t]echnical data" and *"defense services" that are "directly related to the defense articles"* listed in that category. *See, e.g., id. §§* 121.1(I)(i), (II)(k), (III)(e), (IV)(i), (V)(j), (VI)(g), (VII)(h). The ITAR define "technical data" to include "[i]nformation ... required for the design, development, production, manufacture, assembly, operation, repair, testing, maintenance or modification of defense articles." *Id.* § 120.10(a)(1).

20

2022); *Def. Distributed v. Bonta*, No. CV 22-6200-GW-AGRX, 2022 WL 15524983 (C.D. Cal. Oct. 24, 2022); *Def. Distributed v. Platkin*, 48 F.4th 607 (5th Cir. 2022) (decision on motion to expedite), 55 F.4th 486 (5th Cir. 2022) (decision on the merits); *see also Garland v. VanDerStok*, No. 23-852 (U.S.).  But unless and until Defense Distributed's array of legal challenges achieves full success in eliminating regimes like the Department of Commerce's "EAR" regime, Defense Distributed has no choice but to comply with what the current legal restrictions require (and no more).

61.    Thus, DEFCAD, in its most recent operational modes, complies with the EAR's restrictive system.  As described in further detail below, DEFCAD complied most recently by implementing technical safeguards ensuring that EAR's limits regarding who can receive this information and how it can be received are satisfied.  *See* 15 CFR §§ 734.3(d), 734.7(c).

**B.    DEFCAD worked with Elik and Holladay before The Gatalog.**

62.    During the spring of 2019, Counterdefendant John Elik approached Defense Distributed for employment and for assistance in obtaining merchant processing services for his own business in 3D printed files.  Elik is a digital firearms designer recently identified by *The New York Times* for collaborating with German citizen Jacob Duygu, aka JStark ("JStark"), on a revision to a famous and popular printable firearm design known as the FGC-9.

63.    In May of 2019, Counterdefendant Elik signed an NDA with Defense Distributed. Elik agreed to participate in any business deal with Defense

21

Distributed that would assist him in buying a house, would keep his private information from being on Google, and would not "prevent [him] from holding [his] security clearance." Defense Distributed created new privacy terms, secure applications, and commercial arrangements to work with Elik and protect his identity. In early 2020, Defense Distributed anticipated the conclusion of *Washington v. Department of State* and began planning the re-launch of a new version of DEFCAD to share 3D gun files online. Well-known 3D gun designers like John Elik (going by the name "Ivan the Troll"), and less well-known designers like Counterdefendant Alex Holladay agreed to become agents of the site and promote its compliant business model in advance of what became the launch date of March 27, 2020.

64.    When building the March 2020 version of DEFCAD, Cody Wilson thoroughly explained to Counterdefendant Elik the 2018 outcome of the Arms Export Control Reform initiative, the settlement of *Defense Distributed v U.S. Department of State,* the transfer of technical data from ITAR to EAR (State Department to Commerce Department), the outcome of *Washington v. U.S. Department of State*, and the new federal interpretation of the provisions of 15 CFR 734.7(c), which prohibited the unrestricted posting of files for frames, receivers, and complete firearm assemblies to the Internet. Wilson explained the law-mandated procedures for screening downloaders for their status as US persons. Wilson explained to Elik that DEFCAD would implement a general paywall model to allow the platform to make relevant 3D files available in a way that complied with

22

both open-source licenses and federal law. Elik understood this instruction and agreed to comply with federal export law when acting as an agent of DEFCAD, and as a way of promoting its business model and educating the public on the law.



65. Such statements evidence the Counterdefendants' knowledge of the Department of Commerce's "EAR" regime, including the CAD/CAM distinction made in 15 CFR 734.7(c) that directly informs the legality of their operations.

**C.    Defense Distributed Re-Launches its Website in March 2020**

66.    On March 27, 2020, Defense Distributed made available online a substantial set of computer files with digital firearms information via DEFCAD.  The computer files with digital firearms information made available via DEFCAD during this period included original and legacy firearms models, CAD data, CAM data, blueprints and drawings.

67.    Unlike Defense Distributed's prior periods of distribution at DEFCAD in 2013 and 2018, Defense Distributed in this period did not allow DEFCAD visitors to download files without some level of screening.  In this period, in compliance with 15 CFR 734.7(c), Defense Distributed's screening procedures deemed certain DEFCAD visitors ineligible for file distribution.

23

68.    Unlike Defense Distributed's prior periods of public access at DEFCAD, Defense Distributed in this period did not allow DEFCAD to make files available to foreign persons or persons outside the United States. And unlike Defense Distributed's prior periods of public access at DEFCAD, Defense Distributed in this period did not make its files available to residents of and persons in the State of New Jersey who lacked a federal firearms license.

69.    Defendants Elik and Holladay knew and understood why Defense Distributed created an international firewall at DEFCAD to allow it to comply with the new EAR provisions and New Jersey law, and Wilson ensured this fact was well publicized in the national press.[3]

### D.    Elik and Holladay request financial partnership.

70.    Beginning in or after March 2020, Larosiere, and Holladay began a business relationship related to their volunteer work in "Deterrence Dispensed," a design coalition named in homage to Defense Distributed. Defense Distributed allowed Elik, Holladay, and other members of Deterrence Dispensed to advertise their Bitcoin addresses, business websites, and social media profiles on DEFCAD. Defense Distributed also worked with a Texas state charter bank to explore payment arrangements for these creators. Since February 2021, Defense

---

[3] *See, e.g.*, The Wall Street Journal, *Gun-Rights Activist Releases Blueprints for Digital Guns* (Mar. 28, 2020), *available at* https://www.wsj.com/articles/gun-rights-activist-releases-blueprints-for-digital-guns-11585414671.

24

Distributed has paid Elik and Holladay thousands of dollars to act as partners and promotional agents of the export-compliant version of DEFCAD.

### E.    Elik and Holladay disparage DEFCAD and demand money

71.    Despite his paid partner relationship, after an event called Bear Arms N' Bitcoin, which was held in Austin in April 2021, Defense Distributed Director Cody Wilson learned that Counterdefendant Elik had, as his online persona "Ivan the Troll," publicly accused DEFCAD of not giving enough money to "the community," and taking too much for itself instead. These posts were made on Reddit and Twitter.com. When Wilson confronted Elik and asked why he was publicly critical of DEFCAD on social media despite his partnership agreement, Elik responded that the site did not pay him enough money and that Defense Distributed should renegotiate their business relationship if Wilson wanted the disparagement to end.

72.    On April 27, 2021, the Ninth Court of Appeals issued its ruling in *Washington v. Department of State,* vacating the district court's order enjoining the DOS's Final Rule removing 3D-printed guns and their associated files from the U.S. Munitions List and placing them on the Commerce Control List. Although DOS and Commerce, respectively, had promulgated Final Rules on January 23, 2020, to transfer this technical data, after a multi-state action challenging both Final Rules the district court preliminarily enjoined only the DOS Final Rule. The Ninth Circuit panel held that because both the DOS and Commerce Final Rules were unreviewable under the APA, the States had not demonstrated the requisite

25

likelihood of success on the merits. Accordingly, the panel remanded with instructions to dismiss, removing certain CAD files from federal export control.

73.    As a result of this ruling, Defense Distributed immediately reposted all its 3D CAD files unrestricted and for free to DEFCAD on April 27, 2021. Though DEFCAD kept access to CAM files restricted, this period of open and free CAD file access lasted until June 9, 2021, when Defense Distributed received an enforcement letter from the Department of Commerce demanding that all its 3D files once more be shielded by an international firewall and made accessible only to US persons.

74.    On April 29th, 2021, and at points thereafter, Elik informed Wilson on behalf of Holladay and the rest of Deterrence Dispensed that Defense Distributed would have to pay their group more if it wanted to continue hosting their files unrestricted and for free at DEFCAD. Wilson declined to pay Elik additional money without an agreed-upon contract, and he reminded Elik that the Deterrence Dispensed files were already published unlicensed or open source and that he had no right to demand their removal, especially on anyone else's behalf. Counterdefendant Elik responded that if Defense Distributed did not pay him or his international collaborator Jacob Duygu aka JStark, then he (Elik) would direct everyone he knew who used the DEFCAD site to chargeback their credit cards to damage or terminate Defense Distributed's merchant account relationships.

75.    During this period, despite still earning monthly sponsorship money from DEFCAD, Elik continued disparaging the business on social media. When

26

Wilson challenged Elik about his disparagement of the DEFCAD business, Elik declined to stop and warned Wilson that it would be much worse if Defense Distributed stopped paying him.

76.    On Wilson's final call with Elik during this period, in late April of 2021, Elik stated he would be moving away from the Deterrence Dispensed name and advertising his organization with a new name and an economic purpose. Elik stated he would be going into business with his attorney, Counterdefendant Matthew Larosiere, and that they had their own plans for how to make money sharing 3D files online in violation of 15 CFR 734.7(c). Elik demanded DEFCAD make a payment to him to receive permission for the republication of the open-source FGC-9 mkII models, published by Jacob Duygu, aka JStark. Elik threatened more business disparagement if this payment was delayed.  Wilson warned Counterdefendant Elik that this payment would be made under duress, and that Elik should under no circumstances send any of the payment overseas to JStark. Elik defended the idea of paying JStark and said Wilson should have offered JStark the money directly already. Wilson said that any such international payment from Elik to JStark would likely violate the ITAR or EAR, could be prosecuted as money laundering, and would also jeopardize the security or life of JStark himself, who was living pseudonymously in Germany at that time and likely under close surveillance. Elik said he and Larosiere would never be prosecuted for violating the ITAR or EAR, and that Wilson's warnings were pretextual, hypocritical, and cowardly.

27

77.    One day after the mandate issued in *Washington v. Department of State*, and despite its belief that it was nevertheless free to host files related to the FGC-9 mkII, on May 27, 2021, Defense Distributed sent a wire payment of $2,500 to Elik's shell company "Additive Modeling Solutions". Defense Distributed understood this payment would allow DEFCAD to host the FGC-9 mkI and II with an open-source license in perpetuity on the DEFCAD website. After receiving the funds, Elik converted some or all of the amount to Bitcoin and sent one or more transactions to a crypto address at a German Coinbase account associated with Jacob Duygu, aka JStark, in violation of Title 18, United States Code, Section 1956 (money laundering). When Duygu uploaded his identity documents to Coinbase to verify this account and receive the funds from Elik, he was identified to European authorities through the filing of a mandated suspicious activity report (SAR).

**F.    The Counterdefendants begin coordinating their activities.**

78.    On the same day Defense Distributed paid Elik's Company to license the FGC-9 design in 2021, Counterdefendants Larosiere, Elik, and Holladay formed Counterdefendant The Gatalog Foundation. The Gatalog Foundation is closely related to Larosiere and Holladay's MAF Corp, and models the leadership of the current Gatalog enterprise,

79.    Through these entities and the websites deterrencedispensed.com, gatalog.com, maf-arms.com, and ctrlpew.com, Counterdefendants Elik, Larosiere, Holladay, Celentano and Lettman administer, facilitate, and monetize the illegal, unrestricted transfer of 3D printable gun files. This is accomplished first by

28

uploading printable gun files "for free" in violation of 15 C.F.R. 734.7(c) to The Gatalog's Odysee.com page, which only Counterdefendants Elik, Larosiere, and Holladay have the authority to do. The Counterdefendants then advertise their export violations and direct visitors to purchase accessories and parts kits for the files at MAF-arms.com, and offer money transfers and financial incentives to developers at Ctrlpew.com.

80.    The Counterdefendants are also the owners and administrators of an active Rocketchat server hosted at chat.deterrencedispensed.com, where they knowingly facilitate the unrestricted transfer of export-controlled technical data, especially to foreign developers, in violation of 15 CFR 734.7(c). For notable foreign developers like "Ze Carioca," who lives in Brazil, the Counterdefendants host private, invite-only chat rooms where they and other volunteers directly coordinate technical data and money transfers to the developer in violation of Title 18, United States Code, Section 1956(a)(2)(A). The Counterdefendants' money laundering extends to public participation in these foreign developers' crowdfunding exercises and the coordination of confidential royalty agreements and kickbacks for U.S. sales of kits parts through Larosiere's business MAF Corp.

29



81.    The administrators and "beta managers" of The Gatalog Rocketchat at chat.deterrencedispensed.com, serve under the direction of The Gatalog "leadership"[4] and have a history of promoting the illegal production of NFA items like machine guns and silencers, in violation of Title 18, United States Code, Sections 922 and 933.  When The Gatalog's longtime "beta manager" and assistant systems administrator, Peter Celentano, was arrested by the ATF in New York in October, he was personally in possession of 59 machine guns. The Gatalog's moderator "Pla.boiii" is likewise known as a prolific developer of files for NFA-controlled printable silencers, which he admits to doing without a license. When chat members publicly ask the Counterdefendants to justify why they host

---

[4] That The Gatalog entails a distinct "leadership" is admitted by the Counterdefendants own public admissions.  *See, e.g.,* Deterrence Dispensed, *Product Development Lifecycle* (2024) ("product and documentation also undergoes a subjective review with Gatalog leadership"), *available at* https://gitlab.deterrencedispensed.com/deterrence-dispensed/information-and-tutorials/-/wikis/For-Developers/Process-Management/Product-Development-Lifecycle.

30

multiple private chat rooms dedicated to the development of illegal machine gun conversion devices and silencers, or to "make it make sense," administrators like Counterdefendant Holladay promote the deliberate fiction that the 20-year-olds in these channels showing pictures of their bedrooms and hands have federal firearms manufacturing licenses. The truth is closer to that reflected by the habits of a Maryland man arrested for the possession of 80 ghost guns, including printed suppressors designed by Pla.boiii and Counterdefendant Holladay (footnote: https://www.cbsnews.com/baltimore/news/ghost-guns-maryland-manhunt/)



82.    Public beta rooms like "beta.pla.boi.FTN.3" and the private, hidden room "beta.pla.boi.FTN.4," (FTN is short for "Fuck the National Firearms Act") are typical of The Gatalog's coordinated system for aiding and abetting the violation of federal gun laws. If a member of the public wants to acquire the files for the newest printable FTN silencers, he uses The Gatalog's Rocketchat to privately message moderator "Pla.boii" or another Gatalog administrator "Pla.boiii" will ask to see proof you have already illegally printed some variant of his previously, illegally

31

released silencers before he will admit you to an invite-only room where members document their active crimes.

83.    On November 1, 2024, The Gatalog illegally published the files for the "Rogue 9," a publication that, because it contains file packs for semi-automatic and automatic receivers, has the distinction of violating both the EAR and ITAR simultaneously. For these files' European developer, "ImmortalRevolt." The Gatalog hosted a private chat room to coordinate technical data transfers. In private messages, they coordinated more, including money transfers. In an unusual display of how the executives of the enterprise coordinate the illegal publication of the files they illegally developed, ImmortalRevolt candidly explained that Counterdefendant Elik set certain functional release conditions and Counterdefendant Larosiere provided him with "legal" advice and research.



84.    The Counterdefendants' open and obvious violations of 22 U.S.C. § 2778 and 50 USC § 4801 are often  politically-targeted and highly coordinated. Since at least 2021, as recorded in their voluminous public and private chat records, the enterprise has been devoted to the repeated illegal transmission of

32

defense-related technical data to agents of the armed wing of the National Unity Government of Myanmar, better known as The People's Defence Force. File transfers or requests to the PDF are openly facilitated in the public and private chat rooms administered by the Counterdefendants "for the people in Myanmar fighting for their freedom." These transfers are acknowledged and approved by administrators, like Counterdefendant Holladay, in public and private messages when they are not concealed on encrypted messaging platforms, and Counterdefendant Elik bragged about it in *The New York Times*. The longest-serving chat and "beta manager" during this period of time was known by the Counterdefendants as "Dr. Death," a member of the enterprise who resigned from his role the same day Counterdefendant Celentano was arrested by federal authorities in New York.



85.    MAF Corp. serves as The Gatalog's de facto bank for all this activity, paying Elik, Larosiere, Holladay, Celentano, Stroke, and more. Furthermore, Counterdefendant Stroke and others promote MAF and sites like thegatalog.com and ctrlpew.com in commerce according to a normal ecommerce calendar. Counterdefendant Holladay manages product fulfillment, commercial support

33

issues, and is the enterprise's official cashier, paying out bounties and "royalties." He and Counterdefendant Lettman maintain a complete record of the public and private communications between the enterprise's executives, members, and third-party commercial partners. They maintain a complete record of illegal payments and file transfers to foreign developers in violation of ITAR and EAR. MAF Corp is a sponsor of this activity, as it is the sponsor of Larosiere and Elik's YouTube show "This Week in Guns," and its products are promoted in concert with the enterprise's false advertising targeting DEFCAD.

### G. *Everytown* Litigation and Peter Celentano/Freeman1337

86.    In August of 2021, DEFCAD began defending its pseudonymous users YZY and Freeman1337 against federal trademark claims from Venable on behalf of Everytown for Gun Safety. In October 2021, Everytown sued DEFCAD in the Southern District of New York in *Everytown v. DEFCAD*. DEFCAD organized the litigation team and entered into a common defense agreement with most of the pseudonymous Defendants. At this time, Counterdefendant Celentano (then known only as Freeman1337), asked if he might also be defended in the lawsuit. Having no knowledge of his true identity, nor reason to doubt his motives, DEFCAD agreed to defend him.

87.    Early in *Everytown v. DEFCAD*, Odysee.com disclosed its email communications with John Elik about his control of and access to all of The Gatalog download pages, as well as his enterprise's relationship with "[his] attorney" Larosiere. When DEFCAD challenged New York jurisdiction in the case,

34

A-134

Counterdefendant Celentano, of Bergen, New York, lied to the court and signed an affidavit saying that he had never lived or worked in New York. Unbeknownst to DEFCAD, Counterdefendants Elik and Larosiere employed Peter Celentano as a Gatalog administrator and knew Celentano had full, unencrypted access to the record of their enterprise's legal and illegal activities, member information, and communications. When Judge Gardephe did not accept Celentano's affidavit and noticed preliminary discovery in the case, Counterdefendant Celentano abandoned contact with his attorney and DEFCAD in June 2022. When he surfaced online again in 2023, Celentano publicly advertised his perjury and obstruction of justice in SDNY as an intentional attack on DEFCAD's business, and as an illegal exercise to promote his own enterprise, The Gatalog.



88.    On October 17th, after being served a litigation hold notice for this case the month prior, Counterdefendant Celentano was taken into federal custody for the possession of at least 59 machine guns. Members of The Gatalog enterprise, including Joshua Meyer of Wingate, NC, publicly confirm they were in

35

contact with Celentano at this time, and that they worked with him to delete his accounts, communications, and administrative access records in response to Defense Distributed's litigation hold letter.

**H.    Business Disparagement Ensues.**

89.    In August 2022, Counterdefendant Elik contacted Defense Distributed as an officer of The Gatalog. Despite his agreement to license them the year prior, he demanded that DEFCAD remove all FGC-9 file variants from public access because they were "his property." When DEFCAD administrators ignored these requests, Elik attempted to remove access to the files himself in violation of the DEFCAD's TOS and the CFAA. Upon learning he was unable to remove access to his files, Elik contacted DEFCAD and threatened to "publicly disavow" the site.

90.    Some months later, Counterdefendant Holladay demanded a similar conversation in his capacity as an officer of The Gatalog. In a private phone conversation, Holladay cited higher payouts to rival groups and asked that Defense Distributed pay him or The Gatalog enterprise more money, or else delete "his" open source files from DEFCAD. After DEFCAD declined to acquiesce to Holladay's demands, Counterdefendant Larosiere began publicly calling DEFCAD "thieves of money, work product, and credit" on social media.

91.    In September 2022, Elik, to distort the market and promote The Gatalog, began publicly testing a message for why his and other Gatalog files were no longer being uploaded to DEFCAD. He falsely stated that Defense Distributed refused to work with him. He falsely stated DEFCAD was not actually fighting the

36

lawsuit brought by Everytown, but was instead choosing to work with Everytown to "doxx" developers; and that Defense Distributed told him he'd get a cut of Defense Distributed's profits that never materialized. Later versions of Elik's trade libel include his false statement that Defense Distributed threatened him with his own doxxing if he did not pay $100,000 to cover the expenses of the *Everytown* case, to protect Peter Celentano's identity, or to pay DEFCAD's debts. Elik deleted these posts on social media the very day Larosiere filed his Complaint, but they are preserved for the court.



IvanTTroll · 10 hr. ago
Verified

Defcad stopped paying me because I refused to come up with $100k to keep them from doxxing Freeman1337 to Everytown. Like, right after Wilson demanded I fix his debts (for the legal shield defcad is meant to provide, lmao) my payouts on defcad were all garnished.

Nobody should be on that site or using it at all. It's a grift for Wilson to cling to relevancy and continue to ride on the coattails of others. Every single time the guy's word is put to the test he falls through.

⬆ 15 ⬇    💬 Reply    Share    ⋯

92.    In May 2023, Elik publicly called on Defense Distributed's customers to chargeback for fraud and said all developers should "bully" those who still use DEFCAD. Elik began calling Defense Distributed's website "FEDCAD," falsely alleging that Defense Distributed's database had been hacked and dumped multiple times, and that Defense Distributed cooperates with gun control organizations and the Federal Government to identify its users.

37

93.    On May 15, 2023, Elik, with the assistance of Counterdefendants Larosiere, Holladay, and Celentano, began circulating a meme version of the "FEDCAD" claims. Despite its key accusations being demonstrably false, this meme has become a popular infographic and has been reposted hundreds, if not thousands, of times. The FEDCAD meme is used commercially by Counterdefendants to direct customers to TheGatalog.com, and is reproduced below.



94.    On May 15, 2023, Counterdefendant Elik claimed the DEFCAD database had been hacked and dumped by one of "our guys.'"  Since at least late 2022, Elik has repeatedly directed and solicited others to hack, and falsely and

38

maliciously report that others have hacked, the DEFCAD website, against its terms of service and the CFAA. The Counterdefendants employ their own IT director, Counterdefendant Lettman, to hack and implement Distributed Denial of Service (DDoS) attacks against DEFCAD's servers in violation of 18 U.S.C. § 1030(a)(5)(A). DEFCAD has, at great expense, retained multiple security firms to investigate The Gatalog's claimed and attempted hacks, leaks, and DDoS attacks, and to evaluate whether customer or developer information was ever "dumped" online. Reports from Mandiant confirm such leaks have never happened and that Elik's claims were made with knowledge and malice. A review of open source records shows that the only time John Elik's information was leaked online was from a hack of Twitter.com, where Elik prefers to conduct his false advertising

95. Elik's other provably false and malicious claims from the FEDCAD meme are that DEFCAD does not encrypt or securely store its data, that it has "doxxed developer information to anti-gunners," and that it attempted to "blackmail" Elik with his personal information to support the *Everytown* lawsuit (as shown in the above image). Elik does not disclose that he and Larosiere corruptly persuaded Counterdefendant Celentano to lie to the court in SDNY, to purposefully obstruct justice, and to advertise this illegal conduct as an intentional attack on DEFCAD's business.

39

**I.    Business Disparagement Escalates to Tortious Interference.**

97.    Beginning at least in May 2023, Counterdefendants Elik, Larosiere, Holladay, and Celentano, acting through their organizations, Counterdefendants The Gatalog and MAF Corp., employed Counterdefendant Josh Stroke, aka Zona, as their "Chief of Propaganda," to focus on promoting the FEDCAD trade libel and to tortiously interfere with DEFCAD creator partners as a way of advertising The Gatalog enterprise and MAF Corp in commerce. In October 2023, Counterdefendant Elik, until then known for his disregard for the law of patent and his contributory patent infringements, declared "the folks over [at DEFCAD] have been leeching off of me for a long time now" and that he would try a new method to harm DEFCAD's lawful business: fraudulent Copyright registrations.



40

98.    On October 23, 2023, Counterdefendant Larosiere contacted the CTO of DEFCAD "on behalf of Ivan" to demand the takedown of every Gatalog file, though none of these were yet patented or registered with the U.S. Copyright Office. When DEFCAD ignored this request, since it was by text message and not a recognizable DMCA or other legal notice, Counterdefendants Elik and Larosiere began to make fraudulent applications to register certain 3D models, manuals, and illustrations with the U.S. Copyright Office. At least five of the seven files at issue in Counterdefendant Larosiere's complaint are designed by and publicly attributed to John Elik as "Ivan the Troll," who Larosiere sometimes claims in his copyright applications is his employee, and sometimes claims is a pseudonym for himself.



41

99.     In addition to believing copyright registrations in his attorney's name would protect his already widely publicized 3D gun models against commercial republication, Elik also believed they would shield him and his illegal enterprise from being named or identified in civil actions.

100.   In October 2023, the Counterdefendants acted in concert to promote the lie about DEFCAD's database being dumped and circulated a doctored image purported to be from DEFCAD's Twitter account. The post garnered 100k views and many disgusted replies. A copy of the post as promoted by Counterdefendant Holladay is reproduced below:



42

102.  On December 30, 2023 -- Counterdefendant Holladay posted the FEDCAD meme in his ctrlpew.com "quick start guide."  *See* ctrlpew.com, *Getting Started Guide 0 – How to Start 3D Printing Quickly* (March 1, 2024), *available at* https://ctrlpew.com/getting-started-0-how-to-start-3d-printing-quickly/

103. As business partners, Larosiere and Elik continue to employ Counterdefendant Stroke as their "top lieutenant" through MAF Corp, compensating him for his religious reposting and dissemination of the FEDCAD trade libel, his tortious interference with DEFCAD's customers and contributors, and his criminal harassment of DEFCAD's employees. On October 18, 2024, DEFCAD was forced to secure a workplace harassment injunction against Stroke in Maricopa County Superior Court, which Stroke continues to violate to this day.



43

A-143

104.    In August 2024, Stroke brazenly began a public campaign to interfere with DEFCAD's partners and file contributors. He harasses DEFCAD developers fully in the open, as he did with user "Unseenkiller" in September 2024. "I gave fair warning" I would do this, warns Stroke in September 2024. After being served as a part of this action, Stroke declared "bullshit legal demands will not stop me."



105.    Since Counterdefendant Larosiere filed his action in September, Stroke has only increased this tortious activity, and has successfully bullied DEFCAD's top file producer and uploader, LaffsDynamics, off the platform from fear of economic losses. LaffsDynamics privately admitted to a DEFCAD administrator on September 3, 2024 that the public and private coercion from Stroke was becoming too much for him. After being served with a litigation hold letter for this case on September 20th, Stroke proceeded to threaten LaffsDynamics and others enough that on September 22, LaffsDynamics

44

disclaimed over six hundred files and the entirety of his monthly partner payment. Since September 27, Laffs has not used the site and has returned no communications from DEFCAD administrators.

106.    Even after being served with an injunction against his commercial harassment, Stroke repeated his threats of physical harm, false advertising, and public coercion, most recently against DEFCAD contributors like user "Durbanpoisonpew." As of November 6, Stroke is awaiting a show cause hearing for his contempt of the court's order in Arizona. Stroke's extreme and disordered behavior in service to The Gatalog enterprise is extortionate conduct chargeable under Florida state law. Not satisfied with illegal competition and false advertising against the DEFCAD platform, the Counterdefendants simply make direct threats against DEFCAD's users and partners to realize their commercial advantage.

107.    The Gatalog enterprise's trade libel against DEFCAD has been so consistent and successful that by the time Larosiere filed his action on September 6, 2024, the lawsuit was publicly received as the "FEDCAD lawsuit," and proponents of the action advocated that 3D gun enthusiasts "thank and support Fuddbusters and MAF [Corp]" for their work.

**J.    The Counterdefendants failed to preserve records.**

108.    On September 6, 2024, contemporaneously with Larosiere's public announcement of the filing of his copyright suit against Defense Distributed on Twitter, Counterdefendant Elik deleted the entire four-year comment history of his Reddit account. Likewise, he locked his public Twitter account for nine hours and

45

hid or deleted dozens of messages related to his DEFCAD/FEDCAD trade libel, his connections to The Gatalog, his calls to harm Defense Distributed, and his claims that federal export law does not apply to his or his organization's activity.

109.   On September 19, 2024, Defense Distributed sent a litigation hold letter to Counterdefendants Elik, Holladay, Celentano, Stroke, and MAF.

110.   On September 20, 2024, Counterdefendant Celentano, a systems administrator with full access to The Gatalog's IT and communications operation, received Defense Distributed's litigation hold letter. An hour later, he deleted his Twitter and Reddit accounts.

111.   On October 22, 2024, after Counterdefendant Celentano's criminal complaint was unsealed in the Western District of New York, Counterdefendant Stroke and Gatalog associate Joshua Meyers, aka RK Spookware, took to Reddit to confirm Celentano had deleted the entirety of his records and communications with the enterprise in defiance of the litigation hold letter he received on September 20th. Meyers, who admitted to direct knowledge and assistance of Celentano's spoliation, was himself served with a records preservation letter on November 1.

46



112.

**K.　The Counterdefendants Launched ongoing DDoS attacks.**

113.　When illegal competition, trade libel, and outright threats fail them, the Counterdefendants resort to cyberattacks against the DEFCAD platform and its legal team. The debut publication of Cody Wilson's "Black Flag White Paper," an historicist criticism of the law of copyright as applied to 3D gun models, was made this year at DEFCAD. On the day of its publication at DEFCAD, rather than engage with the white paper, or make their own literary contribution to an ongoing debate of public interest, the Counterdefendants began to execute a series of DDoS attacks against the website to censor its message. The Counterdefendants have executed at least four serious DDoS events since May 24, 2024, and they continue to this day. The Gatalog's own IT Director John Lettman claims credit for some of the most recent of these attacks, and he makes it a point of pride to advertise the

47

purported DEFCAD security vulnerabilities he perceives as available for public exploitation.



114. Defendant Lettman is so rabidly devoted to The Gatalog enterprise that he hacked attorney Gingras' own website after Larosiere filed his action to interrupt the case. What's baffling is that Lettman immediately advertised to Gingras, and this court, that he had done this, and all with the approval of Counterdefendants Larosiere and Elik.

115. The Counterdefendants time and again enjoy a double game when participating in the market for 3D gun files. Larosiere, an attorney who secretly gives legal advice to developers in order to aid and abet their violations of export control law and section 922, believes all gun laws are infringements of the Second

48

Amendment (The Copyright Act excluded, presumably). When publicly asked for

his opinion on how the ITAR or EAR apply to his business, he responds cynically,

as if he'd never heard the question.



116.    John Elik, the Director of The Gatalog and the person with the most

knowledge and experience of federal export control of 3D gun models outside of

DEFCAD, and the actual person driving Larosiere's Copyright action, maliciously

advertises that DEFCAD is simply making it all up for money.



49

117.   Defendant Holladay, a simple company man, prefers simple negation:



118.   Meanwhile, the enterprise's internal debates, communications, and the history of their engagement with DEFCAD all reveal the Counterdefendants' association, knowledge, planning, and culpability in a conspiracy to break the law, distort the market, and libel the only legal business in its industry. This is the definition of organized crime, and what's extraordinary is the amount of documentary evidence the Counterdefendants have created to prove it.

50

### L.    Attribution & Agency

#### 1.    Joint and several liability.

120.    Each Counterdefendant is jointly and severally liable for the entire amount of damages suffered by Defense Distributed as a result of the unlawful conduct described in this Answer and Counterclaims.

121.    The Counterdefendants acted in concert, participated in a common scheme, and engaged in coordinated activities that directly caused harm to Defense Distributed's business and property.

122.    Each Counterdefendant substantially contributed to the wrongful acts, and their collective conduct forms the basis for imposing joint and several liability for all damages, costs, and relief sought herein.

#### 2.    Single Business Enterprise.

123.    The Gatalog, The Gatalog Foundation, MAF Corp, and the individual Counterdefendants, including Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, Josh Kiel Stroke, and John Lettman, operated as a single, unified business enterprise. Although these entities and individuals maintain separate formal structures, they functioned as a single economic unit with common ownership, control, and decision-making authority. The entities were used interchangeably and commingled assets and resources to further their shared unlawful objectives, including fraudulent copyright claims, false advertising, tortious interference, and unauthorized access to DEFCAD's systems.

51

124.    The Counterdefendants shared personnel, jointly operated websites and online platforms, and used their combined resources to engage in anti-competitive conduct and illegal dissemination of digital firearms files. The formal separateness of the entities should be disregarded to prevent injustice and ensure full recovery for Defense Distributed.

125.    As a single business enterprise, all Counterdefendants are jointly liable for the acts and omissions described in this Answer and Counterclaims.

### 3.    Civil Conspiracy.

126.    Each Counterdefendant participated in a civil conspiracy to harm DEFCAD and Defense Distributed. The Counterdefendants entered into an agreement, express or implied, to engage in unlawful conduct, including but not limited to

127.    Submitting fraudulent DMCA takedown notices and asserting false copyright claims to disrupt DEFCAD's operations.

128.    Engaging in a false advertising campaign through the dissemination of the "FEDCAD" meme to mislead consumers and damage Defense Distributed's reputation.

129.    Coordinating unauthorized access to DEFCAD's computer systems, including executing DDoS attacks.

130.    Engaging in tortious interference with Defense Distributed's business relationships by contacting DEFCAD's partners and making coercive demands.

52

131.   The Counterdefendants acted in concert and with a shared purpose to unlawfully interfere with Defense Distributed's business, distort the market, and unlawfully profit from their activities. As co-conspirators, each Counterdefendant is jointly and severally liable for all damages resulting from the conspiracy, including actual damages, punitive damages, attorneys' fees, and costs.

### 4.    Agency and Alter Ego.

132.   Each of the individual Counterdefendants acted as agents and alter egos of the corporate entities, including The Gatalog Foundation and MAF Corp. The individual Counterdefendants, including Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano and John Lettman exercised control and dominion over the corporate entities, using them as mere instrumentalities to perpetrate fraud and violate federal and state laws.

133.   The corporate entities were used to shield the individual Counterdefendants from liability, despite the fact that these individuals used the entities' resources for their personal benefit and to carry out the unlawful activities described herein. The corporate veil should be pierced to prevent fraud and injustice, holding both the individuals and the entities jointly and severally liable for all damages awarded in this action.

53

135.  The Gatalog Foundation and MAF Corp are vicariously liable for the actions of their officers, directors, and employees, including Larosiere, Elik, and Holladay, because these actions were undertaken within the scope of their employment and for the benefit of the corporate entities. The corporate entities ratified the unlawful conduct by continuing to employ and compensate these individuals despite their knowledge of the illegal activities and the harm caused to Defense Distributed.

136.  The Counterdefendants' acts of wire fraud, extortion, false advertising, and unauthorized computer access were part of a coordinated strategy to harm Defense Distributed and enrich the corporate entities. As such, all Counterdefendants are jointly and severally liable for the entire amount of damages, including treble damages under RICO and the Lanham Act.

### M.    Damages & Irreparable Harm

137.  The Counterdefendants' wrongdoing has caused and continues to cause substantial quantifiable financial damages.  Accounting just for the period of June 2023 to present, financial accountings of the damages proximately caused by the Counterdefendants' wrongdoing show lost profits amounting to at least $385,000.

138.  Additionally, the Counterdefendants' wrongdoing has caused and continues to cause substantial harm that is irreparable and incapable of monetary quantification, including but not limited to:

54

139.   Damage to Reputation and Goodwill: The Counterdefendants' false statements, defamatory campaigns, and unlawful interference have severely harmed Defense Distributed's reputation and business goodwill. The loss of trust among users, partners, and the public cannot be fully measured or remedied by monetary compensation alone.

140.   Disruption of Business Relationships: The Counterdefendants' acts of extortion, fraudulent claims, and coordinated cyberattacks have disrupted Defense Distributed's relationships with key business partners and service providers. The long-term damage to these relationships, including lost opportunities and diminished market position, cannot be precisely quantified or adequately compensated through damages.

141.   Loss of Competitive Advantage: The Counterdefendants' unlawful interference with Defense Distributed's operations has undermined Defense Distributed's competitive advantage in the market. The resulting harm, including the loss of unique business strategies and market share, is irreparable and cannot be restored through financial recovery alone.

142.   The Counterdefendants' continued pattern of wrongful conduct poses an ongoing threat of future harm that is difficult to predict or calculate. Without injunctive relief, Defense Distributed faces the prospect of repeated disruptions, further damage to their business, and an escalating risk of irreparable harm.

55

## VI.    Causes of Action

### A.    Counterclaim One: Civil RICO

143.    First, Defense Distributed brings a civil action under 18 U.S.C. § 1964(c), which provides a private cause of action for violations of 18 U.S.C. § 1962. This counterclaim is asserted against all of the Counterdefendants.

144.    The Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968 (hereinafter "RICO"), proscribes "racketeering activity" in terms of state and federal offenses known as predicate offenses.  18 U.S.C. § 1961.  "A predicate offense implicates RICO when it is part of a 'pattern of racketeering activity'—a series of related predicates that together demonstrate the existence or threat of continued criminal activity."  *RJR Nabisco v. European Cmty.*, 579 U.S. 325, 330 (2016).  "RICO's § 1962 sets forth four specific prohibitions aimed at different ways in which a pattern of racketeering activity may be used to infiltrate, control, or operate 'a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.'" *RJR Nabisco v. European Cmty.*, 579 U.S. 325, 330 (2016). The statute then supplies a civil cause of action for any person injured in his business or property by reason of "racketeering activity" prohibited by § 1962.  18 U.S.C. § 1964.

145.    The Counterdefendants have engaged in a coordinated campaign of illegal and fraudulent activities constituting a pattern of racketeering in violation of 18 U.S.C. § 1962.

56

146.   The Counterdefendants compose the "Gatalog," which qualifies as an enterprise under 12 U.S.C. § 1961(4).  This enterprise is an association-in-fact comprised of the individual Counterdefendants (Matthew Larosiere, John Elik, Alexander Holladay, Peter Celentano, John Lettman, and Josh Kiel Stroke) and the affiliated entities (The Gatalog Foundation and MAF Corp).

147.   The enterprise functions as an ongoing organization with a common purpose: to unlawfully disseminate digital firearms files, defraud consumers, evade federal export laws, and harm Defense Distributed through illicit competition.

148.   The enterprise operates through a network of websites, chat platforms, and social media accounts, including but not limited to thegatalog.com, deterrencedispensed.com, and related Rocketchat servers.

149.   The enterprise's activities utilize the channels of and directly affect interstate and foreign commerce by engaging in illegal dissemination of controlled technical data and fraudulent business practices.

150.   Each of the Counterdefendants has engaged in and is engaging in a "pattern of racketeering activity" as defined 18 U.S.C. § 1961(5), because they have committed at least two predicates within the last 10 years that demonstrate the existence or threat of continued criminal activity.  *See* 18 U.S.C. § 1961(5); *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989).

57

### 1.    Predicate Racketeering: Wire Fraud

151.  The Gatalog enterprise's predicate acts constituting the pattern of "racketeering activity" include but are not limited to multiple acts within the last ten years of wire fraud indictable under 18 U.S.C. § 1343.

152.  Actionable "racketeering activity" includes "any act which is indictable under … title 18 . . . section 1343 (relating to wire fraud)."  18 U.S.C. § 1961.

153.  The elements of wire fraud indictable under 18 U.S.C. § 1343 are "(1) intentional participation in a scheme to defraud, and, (2) the use of the interstate mails or wires in furtherance of that scheme."  *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).

154.  The Counterdefendants engaged in wire fraud indictable under 18 U.S.C. § 1343 because they regularly used interstate wire communications, including social media, email, and messaging platforms, to disseminate false and defamatory statements about Defense Distributed, solicit illegal transactions, and facilitate the unlawful transfer of controlled technical data, all with the intent to deceive and defraud.

155.  *Scheme to Defraud*.  The Counterdefendants devised and executed a scheme to defraud Defense Distributed by falsely disparaging DEFCAD's business practices, misrepresenting their own legal compliance, and promoting illegal transactions involving controlled digital firearm files. This scheme was designed to deceive DEFCAD's customers, partners, and the general public in order to damage DEFCAD's reputation, divert business to The Gatalog, and

58

unlawfully distribute export-controlled technical data. In particular, this wire fraud includes willful violations of the EAR regulations applicable to files that are "'ready for insertion" to manufacturing machines, 15 C.F.R. §§ 734.3(d), 734.7(c), which prohibit the kind of digital firearms information distribution that the Counterdefendants are continuously engaged in.

156. *Use of Interstate Wire Communications.* The Counterdefendants used interstate wire communications extensively in executing their scheme, including:

    a. Dissemination of False Statements via social media: The Counterdefendants regularly posted defamatory statements on social media platforms like Twitter, Reddit, and Instagram, falsely claiming that DEFCAD was colluding with federal authorities and leaking user data to anti-gun organizations. These statements were intended to mislead DEFCAD's customers and deter them from using its services.

    b. Solicitation of Illegal Transactions via Email and Messaging Platforms: The Counterdefendants used email and messaging services, including Discord and Rocketchat, to solicit payments from users for the unlawful transfer of controlled technical data. The Counterdefendants facilitated transactions involving CAD files for firearm frames and receivers, knowing that these files were subject to export control restrictions under ITAR and EAR.

    c. Facilitation of Unlawful Transfers of Controlled Data: The Counterdefendants coordinated the transfer of export-controlled

59

digital firearm files through online communication channels, directing users to download the files from encrypted cloud storage links. These transfers were conducted without the necessary export licenses, in direct violation of federal regulations.

157. *Intent to Defraud*. The Counterdefendants acted with the specific intent to defraud, as demonstrated by their coordinated efforts to spread false information about DEFCAD, mislead customers, and facilitate illegal transactions. The Counterdefendants' statements in private communications reveal a calculated plan to damage DEFCAD's reputation and divert its user base by disseminating false accusations and offering illegal access to controlled files. Similarly, the Counterdefendants encouraged users to spread the defamatory "FEDCAD" meme, knowing it contained false information intended to deceive the public.

158. *Harm*. The Counterdefendants' wire fraud scheme directly harmed Defense Distributed, resulting in:

　　a. Loss of Revenue: The false statements and illegal transactions caused a significant decline in DEFCAD's user engagement and subscription sales, diverting customers to The Gatalog's competing platform.

　　b. Reputational Damage: The widespread dissemination of defamatory statements and false accusations severely harmed DEFCAD's reputation, making it difficult to attract and retain customers and business partners.

60

c.   Increased Legal and Compliance Costs: Defense Distributed incurred substantial expenses investigating the false claims, addressing user concerns, and responding to regulatory inquiries prompted by the Counterdefendants' unlawful activities.

159.   These wire fraud acts therefore constitute predicate offenses under 18 U.S.C. § 1961(1) and form part of The Gatalog enterprise's pattern of racketeering activity, violating 18 U.S.C. § 1962(c). The use of wire communications was integral to the enterprise's scheme to defraud, demonstrating a continuous threat of criminal conduct and furthering the illegal objectives of the enterprise.

### 2.    Predicate Racketeering: Extortion

160.   The Gatalog enterprise's predicate acts constituting the pattern of "racketeering activity" include but are not limited to multiple acts within the last ten years of extortion indictable under 18 U.S.C. § 1951.

161.   RICO's definition of actionable "racketeering activity" includes "any act which is indictable under … title 18 . . . section 1951 (relating to interference with commerce, robbery, or extortion)."  18 U.S.C. § 1961.

162.   The elements of extortion indictable under 18 U.S.C. § 1951 are "the obtaining of property of another, with his consent . . . under color of official right." *United States v. Repak*, 852 F.3d 230, 252 (3d Cir. 2017).

163.   The Counterdefendants engaged in extortion indictable under 18 U.S.C. § 1951 by using threats of economic harm and public disparagement to

61

coerce payments from Defense Distributed, intending to interfere with its business operations and extract financial gain unlawfully.

164.    *Scheme of Extortion*.  The Counterdefendants engaged in a scheme to extort Defense Distributed by demanding payments under threats of economic harm and reputational damage.  The Counterdefendants further threatened to launch a public campaign of disparagement against DEFCAD, falsely accusing the company of collaborating with federal law enforcement agencies and leaking user data. The Counterdefendants specifically warned that if their payment demands were not satisfied, they would escalate the negative publicity, intending to damage DEFCAD's reputation and drive users away from the platform.

165.    *Use of Fear of Economic Loss*: The Counterdefendants exploited Defense Distributed's fear of economic loss to coerce payments. The Counterdefendants threats of orchestrated chargebacks posed a direct threat to DEFCAD's financial stability, given that the fraudulent chargebacks could result in the suspension or termination of DEFCAD's merchant accounts, disrupting its ability to process payments and operate its business effectively.  The extortionate conduct affected interstate commerce by targeting DEFCAD's merchant accounts, which process payments from customers across the United States. The orchestrated chargebacks created significant financial disruption, causing harm to DEFCAD's business operations and diminishing its ability to engage in lawful interstate commerce.

62

*166.  Intent to Extort*: The Counterdefendants acted with the specific intent to extort money from Defense Distributed by leveraging threats of financial harm and reputational damage. The Counterdefendants' private messages reveal an intent to use the threats as leverage to extract payments, stating to associates on The Gatalog's Rocketchat server: "If they don't pay up, we'll hit them where it hurts—with chargebacks and public exposure."

*167.  Harm to Defense Distributed*: As a direct result of the extortion scheme, Defense Distributed suffered substantial harm, including:

a. Loss of Revenue: DEFCAD experienced a significant reduction in revenue due to the orchestrated chargebacks, which disrupted its payment processing capabilities and deterred customers from completing transactions on the platform.

b. Reputational Damage: The public threats and disparaging statements made by the Counterdefendants caused reputational harm to DEFCAD, undermining user trust and damaging its business relationships with payment processors and financial institutions.

c. Increased Legal and Compliance Costs: Defense Distributed incurred substantial legal expenses in addressing the fraudulent chargebacks and mitigating the damage caused by the Counterdefendants' threats, including the costs of enhanced cybersecurity measures and legal representation to respond to the extortionate demands.

63

168.  The acts of extortion therefore constitute predicate offenses under 18 U.S.C. § 1961(1) and are part of The Gatalog enterprise's pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c). These extortionate acts were integral to the enterprise's efforts to unlawfully extract payments and undermine DEFCAD's lawful business operations, demonstrating a continued threat of criminal conduct and a clear intent to use economic coercion for personal gain.

### 3.    Predicate Racketeering: Money Laundering

169.  The Gatalog enterprise's predicate acts constituting the pattern of "racketeering activity" include but are not limited to multiple acts within the last ten years of money laundering indictable under 18 U.S.C. § 1956.

170.  RICO's definition of actionable "racketeering activity" includes "any act which is indictable under … title 18 . . . section 1956 (relating to the laundering of monetary instruments)."  18 U.S.C. § 1961.

171.  The elements of money laundering indictable under 18 U.S.C. § 1956 are "(1) an actual or attempted financial transaction; (2) involving the proceeds of a specified unlawful activity; (3) with knowledge that the transaction involves the proceeds of some unlawful activity; and (4) with knowledge that the transaction was designed in whole or in part to conceal the nature, location, source, ownership or control of the proceeds of that activity." *United States v. Fallon*, 61 F.4th 95, 116 (3d Cir. 2023).

172.  The Counterdefendants engaged in extortion indictable under 18 U.S.C. § 1951 by intentionally transferring funds from the United States to foreign

64

recipients to promote unlawful activities, specifically violations of the International Traffic in Arms Regulations (ITAR) and the Export Administration Regulations (EAR).

173. *Wire Transfers to Foreign Developers*: In May 2021, the Counterdefendants directed MAF Corp to send $2,500 to a foreign account held by Jacob Duygu (a.k.a. "JStark") to fund the development of ITAR-controlled firearm files (FGC-9 mkII). The transfer aimed to facilitate the unrestricted export of technical data without proper licensing.

*174. Payments to Brazilian Developers:* Counterdefendants coordinated payments to a Brazilian developer ("Ze Carioca") using cryptocurrency, knowing the funds would support the distribution of EAR-controlled firearm files in violation of 15 C.F.R. § 734.7(c).

175. In each of these respects, the Counterdefendants acted with the intent to promote violations of ITAR and EAR, knowing that the transfers would facilitate the illegal distribution of export-controlled firearm data. Counterdefendant Elik in particular acknowledged the risk of prosecution but stated that he and Counterdefendant Larosiere would not face consequences, demonstrating a willful disregard for federal law.

176. These illegal transfers harmed Defense Distributed by diverting customers and damaging DEFCAD's reputation. As a result, Defense Distributed suffered lost revenue and incurred substantial legal and compliance costs.

65

177.  The money laundering acts therefore constitute predicate offenses under 18 U.S.C. § 1961(1) and form part of The Gatalog enterprise's pattern of racketeering activity, violating 18 U.S.C. § 1962(c).  These actions were integral to the enterprise's efforts to conceal its illegal activities, demonstrating a continued threat of criminal conduct and an intent to evade legal scrutiny.

### 4.    Predicate Racketeering: Obstruction of Justice

178.  The Gatalog enterprise's predicate acts constituting the pattern of "racketeering activity" include but are not limited to multiple acts within the last ten years of obstruction of justice indictable under 18 U.S.C. § 1503.

179.  RICO's definition of actionable "racketeering activity" includes "any act which is indictable under … section 1503 (relating to obstruction of justice)."  18 U.S.C. § 1961.

180.  The elements of obstruction of justice indictable under 18 U.S.C. § 1503's residual clause are that the defendants "knowingly and intentionally undertook an action from which an obstruction of justice was a reasonably foreseeable result."  *United States v. Saget*, 991 F.2d 702, 713 (11th Cir. 1993).  "The government is not required to prove that a defendant had the specific purpose of obstructing justice, but it must establish that the conduct was motivated, at least in part, by a 'corrupt motive." *Id.*

181.  The Counterdefendants engaged in obstruction of justice indictable under 18 U.S.C. § 1503 by knowingly destroying records and communications related to their unlawful activities after receiving litigation hold notices from

66

A-166

Defense Distributed, intending to impair the availability of evidence and obstruct the legal process.

182. *Litigation Hold Notice Issued*. On September 19, 2024, Defense Distributed served a litigation hold notice on the Counterdefendants, instructing them to preserve all relevant records, including chat logs, social media posts, and financial transaction records, as these materials were likely to be relevant to ongoing and future legal proceedings.

183. *Immediate Destruction of Records by Celentano*: Despite receiving the notice, Counterdefendant Peter Celentano, a key administrator of The Gatalog enterprise's Rocketchat server, deleted his entire chat history, social media accounts, and other communications related to the enterprise's activities. This deletion occurred within hours of receiving the litigation hold notice, and with the knowledge of the other Counterdefendants, demonstrating an intent to conceal evidence.

184. *Coordinated Spoliation by Elik and Larosiere***:** Counterdefendants Elik and Larosiere further coordinated the destruction of digital records, instructing other members of The Gatalog enterprise to delete or hide incriminating messages and transaction logs. Elik wiped his Reddit comment history, locked his Twitter account, and removed posts implicating the enterprise in illegal export activities and trade libel against DEFCAD on the day Larosiere filed his original copyright action.

67

185.    *Intent*: The Counterdefendants engaged in these acts of destruction with the specific intent to obstruct justice by concealing evidence of their racketeering activities, including wire fraud, money laundering, and violations of federal export control laws. Their actions were designed to impede Defense Distributed's ability to gather evidence and pursue its legal claims, and to prevent law enforcement authorities from obtaining critical information about the enterprise's illegal conduct.  In private messages obtained from remaining records, Counterdefendant Elik acknowledged the litigation hold notice and discussed with Counterdefendant Larosiere the need to "clean up" the Rocketchat server and delete sensitive communications. Their coordinated efforts to destroy evidence demonstrate a clear intent to hinder the legal process and evade accountability.

186.    *Harm*: As a direct result of the Counterdefendants' obstruction of justice, Defense Distributed suffered substantial harm, including:

    a. Impaired Legal Proceedings: The destruction of critical records and communications has hindered Defense Distributed's ability to present a full and complete case, necessitating costly forensic efforts to recover deleted evidence and reconstruct the Counterdefendants' communications.

    b. Increased Legal Costs: Defense Distributed incurred significant expenses in addressing the spoliation of evidence, including the hiring of forensic experts and the pursuit of additional discovery to uncover the extent of the Counterdefendants' misconduct.

68

187. The acts of obstruction of justice therefore constitute predicate offenses under 18 U.S.C. § 1961(1) and form part of The Gatalog enterprise's pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

### 5.    Predicate Racketeering: CFAA

188. The Gatalog enterprise's predicate acts constituting the pattern of "racketeering activity" include but are not limited to multiple acts within the last ten years of extortion indictable under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)(A)).

189. RICO's definition of actionable "racketeering activity" includes "any act which is indictable under . . . any provision listed in [Title 18's] section 2332b(g)(5)(B)," 18 U.S.C. § 1961, which lists Title 18's section "1030(a)(1) (relating to protection of computers)." 18 U.S.C. § 2332b(g)(5)(B).

190. The elements of indictable computer fraud and abuse under 18 U.S.C. § 1030(a)(1) are that the defendant "knowingly accessed a computer without authorization or exceeding authorized access and by means of such conduct … obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations . . . with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be

69

communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it." 18 U.S.C. § 1030(a)(1)

191. The Counterdefendants violated and are violating 18 U.S.C. § 1030(a)(1) by knowingly accessing DEFCAD without authorization to obtain and illegally distribute digital firearms information that is subject to the Commerce Department's EAR regime, the State Department's ITAR regime, and a license issued by the Department of State to Defense Distributed alone. Such access is unauthorized because DEFCAD's terms of service prohibit access by The Gatalog enterprise members. The accessed files are "information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations" because of the EAR regime, ITAR regime, and State Department license.

192. These acts of computer fraud and abuse therefore constitute predicate offenses under 18 U.S.C. § 1961(1) and form part of The Gatalog enterprise's pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c). The Gatalog enterprise used its coordinated cyberattacks as a tool to further its unlawful scheme, disrupt Defense Distributed's business, and create a competitive advantage for The Gatalog's competing platform.

70

**6.　Predicate Racketeering: Threat of murder.**

193.　The Gatalog enterprise's predicate acts constituting the pattern of "racketeering activity" include but are not limited to multiple commissions within the last ten years of an act or threat involving a crime of violence, including murder.

194.　RICO's definition of actionable "racketeering activity" includes "any act or threat involving murder."  18 U.S.C. § 1961(1)(A).

195.　The Counterdefendants engaged in threats involving a crime of violence, including murder, by making direct and explicit threats against Cody Wilson, CEO of Defense Distributed, intending to instill fear and intimidate him into ceasing his lawful business activities.

196.　*Threat of Physical Violence Against Cody Wilson.*　On November 7, 2024, a Gatalog member, acting as an agent of the enterprise, sent a message to Cody Wilson via his DEFCAD account that contained a direct and explicit threat of physical violence entailing murder. The message stated: "Cody, you realize there's a bounty on your head, right? To clarify I didn't put it out and I'm not gonna claim it, I just wanna let you know that it's shit like this that is the reason you have a bounty on you. Have fun sleeping tonight with this information…."

197.　*Direct Threat of Physical Harm*. The Gatalog member's reference to a "bounty on your head" is an explicit indication of a credible threat of violence, suggesting that Cody Wilson is being targeted for a potential act of physical harm. The language used in the message was calculated to instill fear, implying that others are actively seeking to harm Wilson and that his safety is at risk.

71

198.  *Intent to Intimidate and Coerce*.  The message was sent with the clear intent to intimidate Cody Wilson and disrupt his business activities at DEFCAD and Defense Distributed. By stating, "Have fun sleeping tonight with this information," The Gatalog member sought to cause psychological distress and instill fear of imminent harm. This conduct constitutes a crime of violence because it involves the threatened use of physical force against a specific individual.

199.  *Connection to The Gatalog Enterprise*.  The threat made against Cody Wilson was not an isolated act but part of a broader pattern of intimidation tactics employed by The Gatalog enterprise. The Counterdefendants, including key figures such as John Elik and Matthew Larosiere, have fostered a culture of hostility and threats against Defense Distributed, using members of its online community to issue threats and harass DEFCAD's leadership. The threatening message was consistent with the enterprise's ongoing efforts to intimidate, disrupt, and coerce Defense Distributed into abandoning its lawful business operations. The Gatalog enterprise has previously engaged. in similar acts of intimidation and harassment against individuals associated with Defense Distributed, including coordinated campaigns of online harassment, doxxing, and threats of legal action. The threat made on November 7, 2024, is part of this ongoing pattern of racketeering activity designed to instill fear and force Defense Distributed to cease its lawful activities.

200.  *Impact on Defense Distributed*: The direct threat of violence caused substantial harm to Defense Distributed, including:

72

a. Personal Safety: The reference to a "bounty" on Cody Wilson's head created a credible threat of physical harm, causing him to take additional security precautions.

b. Disruption of Business Operations: The threat of violence against Wilson disrupted the normal business operations of Defense Distributed and DEFCAD, as Wilson was forced to divert time and resources to address security concerns and ensure the safety of himself and his employees.

c. Increased Security Costs: Defense Distributed incurred substantial expenses in response to the threat, including costs for enhanced security measures and consultations with legal advisors.

201. The threat made against Cody Wilson therefore constitutes a predicate act under 18 U.S.C. § 1961(1) as a threat involving murder. This act forms part of The Gatalog enterprise's pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c). The use of threats and intimidation is integral to the enterprise's unlawful scheme to disrupt Defense Distributed's operations, coerce them into abandoning their business, and create an atmosphere of fear and compliance.

202. This threat also qualifies as a violent crime in aid of racketeering activity that is indictable under 18 U.S.C. § 1959, which criminalizes anyone who "as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering

73

activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do." 18 U.S.C. § 1959.

203. Because this counterclaim is meritorious, Defense Distributed is entitled to the following relief:

    a. An order that prevents and restrains further violations of 18 U.S.C. § 1962 by ordering the Counterdefendants to divest themselves of any interest, direct or indirect, in the accounts and business organizations holding asserts of The Gatalog. *See* 18 U.S.C. § 1964(a).

    b. An order that prevents and restrains further violations of 18 U.S.C. § 1962 by imposing reasonable restrictions on the future activities or investments of the Counterdefendants, including, but not limited to, prohibiting them from engaging in the same type of endeavor as the enterprise engaged in. *See* 18 U.S.C. § 1964(a).

    c. An order that prevents and restrains further violations of 18 U.S.C. § 1962 by reorganizing The Gatalog enterprise. *See* 18 U.S.C. § 1964(a).

    d. An order dissolving The Gatalog enterprise. *See* 18 U.S.C. § 1964(a).

74

e. An award of threefold the damages Defense Distributed sustained. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .").

f. An award of the cost of this suit, including a reasonable attorney's fee. *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee . . . .").

204. All of this pleading's other paragraphs are incorporated herein.

**B.    Counterclaim Two: Lanham Act**

205. Second, Defense Distributed brings a civil action for damages and other relief under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This counterclaim is asserted against all of the Counterdefendants.

206. The Counterdefendants have engaged in false advertising and deceptive trade practices by making and disseminating false statements about Defense Distributed and its business, including but not limited to the following:

207. EAR Violations. The Counterdefendants engaged in false advertising and deceptive trade practices by willfully violating the EAR regulations applicable

75

to files that are "'ready for insertion" to manufacturing machines, 15 C.F.R. §§ 734.3(d), 734.7(c), which prohibit the kind of distribution that the Counterdefendants are continuously engaged in.

208.  False Statements Regarding Compliance: The Counterdefendants, including in particular Counterdefendant Larosiere and Counterdefendant Elik, publicly claimed that DEFCAD was engaged in illegal activity by sharing user data with federal authorities and collaborating with anti-gun organizations. These statements were false and misleading, as DEFCAD complies fully with federal export regulations and data privacy laws, and has never engaged in the conduct alleged by the Counterdefendants.

209. Misleading Advertising Campaign ("FEDCAD" Meme): The Counterdefendants created and circulated a widely viewed and shared false advertising campaign known as the "FEDCAD" meme. This campaign falsely alleged that DEFCAD was working with government agencies and anti-gun groups to monitor and "dox" its users. This false advertising was intended to deceive potential users and customers into avoiding DEFCAD and instead using The Gatalog's services.

210.  Fraudulent Copyright Claims: The Counterdefendants, including Larosiere and Elik, filed fraudulent copyright registrations for 3D firearm files already publicly available under open-source licenses. These false claims were used as a basis to demand the removal of files from DEFCAD, misleading consumers about the ownership and licensing status of the files, and damaging

76

DEFCAD's reputation as a legitimate platform for legal distribution of digital firearms files.

211.  The false and misleading statements made by the Counterdefendants were material and likely to deceive a substantial segment of the relevant audience. The "FEDCAD" meme and related statements were specifically designed to mislead consumers into believing that DEFCAD was unsafe and untrustworthy, causing direct harm to DEFCAD's business reputation and resulting in a significant loss of customers and market share.

212.  The Counterdefendants' false advertising also caused confusion among potential users and partners, leading them to mistakenly believe that DEFCAD was engaged in unethical or illegal conduct. This confusion diverted business away from DEFCAD and toward The Gatalog, which benefitted directly from the false statements.

213.  The Counterdefendants' false advertising and misleading statements were disseminated in interstate commerce through various online platforms, including social media, websites (thegatalog.com, deterrencedispensed.com), and video-sharing platforms like Odysee.com. These channels have a nationwide and international reach, and the false statements were intended to influence the purchasing decisions of consumers throughout the United States.

214.  Additionally, the Counterdefendants engaged in unfair competition under the Lanham Act by passing off DEFCAD's products and services as their own and by falsely representing DEFCAD's 3D firearm files as proprietary to The

77

A-177

Gatalog. By fraudulently filing copyright registrations for open-source files, the Counterdefendants engaged in reverse passing off, misleading consumers and causing harm to DEFCAD's business reputation.

215. As a direct and proximate result of Counterdefendants' false advertising and unfair competition, Defense Distributed has suffered significant injuries, including:

   a. Loss of Business and Revenue: The false statements caused a substantial decline in DEFCAD's user engagement, downloads, and subscription sales, leading to a measurable loss of revenue.

   b. Damage to Business Reputation: The dissemination of the "FEDCAD" meme and related false statements severely damaged Defense Distributed's reputation in the market for digital firearms files, causing a loss of goodwill and customer trust.

   c. Increased Costs and Legal Fees: Defense Distributed incurred substantial expenses in responding to the false statements, including legal fees for addressing fraudulent copyright claims and costs associated with mitigating the reputational harm caused by the false advertising.

216. Because this counterclaim is meritorious, Defense Distributed is entitled to the following relief:

217. A permanent injunction prohibiting the Counterdefendants from making any further false or misleading statements about Defense Distributed, its

78

products, or its business practices, and requiring the Counterdefendants to retract any false or misleading statements previously made.

218.    An injunction ordering the Counterdefendants to engage in corrective advertising to counteract the false and misleading statements disseminated in their "FEDCAD" campaign and other false advertising efforts.

219.    An award of actual damages including lost profits and treble damages under 15 U.S.C. § 1117(a) due to the willful and intentional nature of the false advertising and unfair competition.

220.    An order that the Counterdefendants disgorge any profits gained as a result of their false advertising and unfair competition.

221.    An award of the costs of this action, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

222.    All of this pleading's other paragraphs are incorporated herein.

**C.    Counterclaim Three: Computer Fraud and Abuse Act**

223.    Third, Defense Distributed brings a civil action for damages under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.  This counterclaim is asserted against all of the Counterdefendants.

224.    The CFAA provides a private cause of action against any individual who (1) intentionally accesses a protected computer without authorization or exceeds authorized access, (2) obtains information, or (3) causes damage or loss. The Counterdefendants violated this law by intentionally accessing DEFCAD's

79

computer systems without authorization, causing damage and loss to Defense Distributed.

225.    The Counterdefendants, including John Lettman (acting as IT Director for The Gatalog), intentionally accessed DEFCAD's servers without authorization on multiple occasions. Specifically:

a. Hacking and DDoS Attacks: The Counterdefendants executed Distributed Denial of Service (DDoS) attacks against DEFCAD's platform, disrupting its services and causing significant operational downtime.

b. DEFCAD Terms of Service.  The Counterdefendants and their agents continue to use and access DEFCAD even though its terms of service bar the enterprise and its agents from doing so.

c. As a direct and proximate result of the Counterdefendants' unauthorized access, Defense Distributed suffered significant damages, including:

d. Financial Losses:  Defense Distributed incurred substantial costs to investigate the breaches, implement enhanced cybersecurity measures, and repair the damage caused by the attacks.

e. Operational Disruption: The unauthorized access and DDoS attacks resulted in service outages, loss of user engagement, and reputational harm to DEFCAD.

80

   f. Legal Costs: Defense Distributed incurred significant legal fees in pursuing remedies for the unauthorized access and defending against false claims stemming from the stolen data.

226. The total damages resulting from the Counterdefendants' violations of the CFAA exceed the $5,000 threshold required under 18 U.S.C. § 1030(c)(4)(A)(i)(I).

227. Because this counterclaim is meritorious, Defense Distributed is entitled to a judgment awarding them the following relief:

228. Actual damages for the financial losses incurred due to Counterdefendants' unauthorized access and DDoS attacks.

229. A permanent injunction prohibiting Counterdefendants from accessing DEFCAD's servers or engaging in any further unauthorized computer activity.

230. Punitive damages due to the malicious and willful nature of Counterdefendants' conduct.

231. The costs of this action, including reasonable attorneys' fees, pursuant to 18 U.S.C. § 1030(g).

232. All of this pleading's other paragraphs are incorporated herein.

**D. Counterclaim Four: Digital Millennium Copyright Act**

233. Fourth, Defense Distributed brings a civil action for damages under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 512(f). This counterclaim is asserted against all of the Counterdefendants.

81

234. Section 512(f) of the DMCA provides a cause of action against any person who knowingly makes a material misrepresentation in a DMCA takedown notice. To prevail, the plaintiff must show that (1) the Counterdefendant made a misrepresentation regarding ownership or infringement, (2) the misrepresentation was material, and (3) the plaintiff suffered damages as a result. The Counterdefendants are liable under thie DMCA for having knowingly and materially misrepresented copyright ownership of certain 3D firearm files.

235. As a direct and proximate result of the fraudulent DMCA notices, Defense Distributed suffered significant damages, including:

a. Service Interruptions: DEFCAD was forced to temporarily remove the affected files, resulting in loss of user engagement, subscriptions, and revenue.

b. Legal Costs: Defense Distributed incurred legal expenses in challenging the fraudulent DMCA notices and defending against subsequent claims made by Counterdefendants.

c. Reputational Harm: The false claims cast doubt on DEFCAD's legal compliance and damaged its reputation among users and business partners.

236. Because this counterclaim is meritorious, Defense Distributed is entitled to an judgment awarding them the following relief:

237. Actual damages for the financial losses and harm suffered due to the fraudulent DMCA notices.

82

238. A permanent injunction preventing Counterdefendants from submitting any further fraudulent DMCA takedown notices related to DEFCAD's content.

239. The costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 512(f).

240. Punitive damages due to the willful and malicious nature of Counterdefendants' misrepresentations.

241. All of this pleading's other paragraphs are incorporated herein.

**E.    Counterclaim Five: Tortious Interference**

242. Fifth, Defense Distributed brings a civil action for damages and other relief under tort law's cause of action for tortious interference with business relations.  This counterclaim is asserted against all of the Counterdefendants.

243.   Defense Distributed maintains ongoing business relationships with users, contributors, and commercial partners who rely on DEFCAD's platform for the legal distribution of digital firearms files. These relationships include contractual agreements, long-term partnerships, and prospective business arrangements, all of which are essential to DEFCAD's operations and revenue generation.

244. The Counterdefendants were fully aware of these business relationships, as several of the Counterdefendants (including Elik and Holladay) were formerly associated with DEFCAD as paid agents and collaborators. This inside knowledge provided the Counterdefendants with detailed information about DEFCAD's user base, key contributors, and commercial partners.

83

A-183

245. The Counterdefendants intentionally interfered with Defense Distributed's business relationships through the following acts:

246. Public Disparagement and Defamation: Counterdefendants disseminated false statements, including the "FEDCAD" meme, falsely alleging that DEFCAD was cooperating with federal authorities to identify and prosecute users, thereby deterring users from continuing their business relationships with DEFCAD.

247. Coercive Threats: Counterdefendant Elik, acting on behalf of The Gatalog, demanded additional payments from DEFCAD under threat of disparagement, stating that if payments were not made, he would instruct others to issue chargebacks against DEFCAD's merchant accounts, damaging DEFCAD's financial standing and relationships with payment processors.

248. Direct Solicitation of DEFCAD's Partners: Counterdefendants, including Larosiere and Stroke, directly contacted DEFCAD's contributors and commercial partners, urging them to terminate their agreements with DEFCAD and switch to The Gatalog's competing platform, often using false and misleading claims about DEFCAD's legal compliance and business practices.

249. As a direct and proximate result of the Counterdefendants; intentional and unjustified interference, Defense Distributed has suffered significant damages, including:

84

250. Loss of Revenue: Defense Distributed lost substantial income due to the departure of users and partners who were misled by the Counterdefendants' false statements and coercive conduct.

251. Harm to Business Relationships: Defense Distributed experienced the termination of key contracts and partnerships, resulting in diminished market share and business opportunities.

252. Reputational Damage: The false and defamatory statements made by Counterdefendants damaged Defense Distributed's reputation, making it difficult to attract new users and business partners.

253. Because this counterclaim is meritorious, Defense Distributed is entitled to a judgment awarding them the following relief:

    a. Actual damages for the economic harm suffered by Defense Distributed due to the tortious interference, in an amount to be proven at trial.

    b. Punitive damages due to the malicious and willful nature of Counterdefendants' conduct, which was aimed at destroying Defense Distributed's business relationships.

    c. An injunction prohibiting Counterdefendants from engaging in any further interference with Defense Distributed's business relationships or contractual agreements.

    d. The costs of this action, including reasonable attorneys' fees.

    e. All of this pleading's other paragraphs are incorporated herein.

85

### F.    Counterclaim Six: Trade Libel

254.    Sixth, Defense Distributed brings a civil action for damages and other relief under tort law's cause of action for trade libel.  This counterclaim is asserted against all of the Counterdefendants.

255.    The Counterdefendants knowingly and maliciously made numerous false and disparaging statements about DEFCAD's business practices, including but not limited to:

256.    Accusations of Collusion with Federal Authorities: Counterdefendants falsely claimed that DEFCAD was sharing user data with federal law enforcement agencies and cooperating with anti-gun organizations to "doxx" its users. These statements were made publicly on social media and in the widely circulated "FEDCAD" meme.

257.    Allegations of Security Breaches: Counterdefendants falsely alleged that DEFCAD's platform had been hacked and that user data had been leaked, despite clear evidence to the contrary from cybersecurity investigations conducted by Mandiant.

258.    Fraudulent Copyright Claims: Counterdefendants, particularly Larosiere and Elik, falsely asserted ownership of certain 3D firearm files that were publicly available under open-source licenses. These claims were made to disrupt DEFCAD's operations and dissuade users from using its platform.

259.    In these respects, the Counterdefendants acted with actual malice and reckless disregard for the truth. The false statements were made intentionally

86

to damage DEFCAD's business reputation and divert business to The Gatalog. The Counterdefendants knew that the statements were false or acted with reckless disregard as to their truth or falsity, given their insider knowledge and prior association with DEFCAD.

260. The false statements made by the Counterdefendants caused direct and measurable pecuniary loss to Defense Distributed, including:

a. Loss of Customers and Revenue: Users and contributors left the DEFCAD platform due to fears of data breaches and unethical practices falsely attributed to DEFCAD, resulting in significant revenue loss.

b. Harm to Prospective Business Opportunities: The false statements deterred potential business partners and investors from engaging with DEFCAD, causing further financial harm.

c. Increased Legal Costs: Defense Distributed incurred substantial legal fees to address the false copyright claims and defend against the defamatory statements.

261. Because this counterclaim is meritorious, Defense Distributed is entitled to a judgment awarding them the following relief:

a. Actual damages for the economic harm suffered by Defense Distributed due to the trade libel, in an amount to be proven at trial.

87

b.  Punitive damages due to the malicious and willful nature of Counterdefendants' conduct, which was aimed at destroying Defense Distributed's business relationships.

c.  Costs of this action, including reasonable attorneys' fees.

262.  All of this pleading's other paragraphs are incorporated herein.

**G.    Counterclaim Seven: Florida DUTPA.**

263.  Seventh, Defense Distributed brings a civil action for damages under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.204.  This counterclaim is asserted against all of the Counterdefendants.

264.  FDUTPA prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1).  The statute broadly defines "deceptive acts" as practices likely to mislead a consumer acting reasonably, while "unfair practices" are those that offend established public policy or are unethical, oppressive, unscrupulous, or substantially injurious to consumers.  It is violated here because the Counterdefendants engaged in a pattern of deceptive and unfair business practices that have caused substantial harm to Defense Distributed's business operations, reputation, and economic interests.

265.  Specifically, the Counterdefendants have engaged in multiple deceptive acts in the course of trade or commerce, including but not limited to:

266.  EAR Violations.  The Counterdefendants engaged in deceptive trade practices by willfully violating the EAR regulations applicable to files that are

88

"'ready for insertion" to manufacturing machines, 15 C.F.R. §§ 734.3(d), 734.7(c), which prohibit the kind of distribution that the Counterdefendants are continuously engaged in.

267. False Advertising Campaign ("FEDCAD" Meme): The Counterdefendants created and disseminated a false advertising campaign, known as the "FEDCAD" meme, which falsely alleged that DEFCAD was colluding with federal law enforcement agencies and anti-gun organizations to monitor and identify its users. This deceptive campaign was designed to undermine DEFCAD's reputation, mislead consumers, and divert business to The Gatalog.

268. Misrepresentation of Legal Compliance: The Counterdefendants falsely represented to the public and potential users that DEFCAD was violating federal export control laws and data privacy regulations. These misrepresentations were intended to deceive consumers about the legality and safety of using DEFCAD's platform, steering customers away from DEFCAD and toward The Gatalog's competing services.

269. In addition to their deceptive acts, the Counterdefendants engaged in several unfair business practices that violate FDUTPA, including:

  a. Market Manipulation through Coercion and Extortion: Counterdefendant John Elik, acting on behalf of The Gatalog, coerced DEFCAD into making payments under threat of disparagement and financial sabotage. Elik publicly threatened to orchestrate chargebacks against DEFCAD's merchant accounts if his financial

89

demands were not met, thereby attempting to damage DEFCAD's financial stability and merchant relationships.

b. Destruction of Evidence and Obstruction of Justice: Counterdefendants, including Peter Celentano and Alexander Holladay, intentionally deleted chat logs, social media posts, and other communications after receiving a litigation hold notice from Defense Distributed. This spoliation of evidence was an unfair practice designed to conceal their deceptive acts and obstruct the legal process, further harming Defense Distributed's business.

c. False Copyright Claims to Disrupt Market Competition: Counterdefendants, particularly Larosiere and MAF Corp, filed fraudulent copyright registrations for popular open-source 3D firearm files, falsely claiming exclusive ownership. These actions were intended to monopolize the market for these files and harm DEFCAD's ability to operate lawfully, constituting an unfair method of competition.

270. As a direct and proximate result of the Counterdefendants deceptive and unfair practices, Defense Distributed has suffered actual damages, including:

a. Loss of Revenue: The false advertising campaign and fraudulent DMCA takedown notices caused a significant decline in user engagement, subscriptions, and sales on DEFCAD's platform.

90

b. Reputational Harm: The widespread dissemination of the "FEDCAD" meme and false statements about DEFCAD's legal compliance severely damaged Defense Distributed's reputation, making it difficult to attract new users, contributors, and business partners.

c. Increased Legal and Compliance Costs: Defense Distributed incurred substantial expenses in addressing the fraudulent DMCA notices, defending against false advertising claims, and implementing enhanced compliance measures in response to the misrepresentations made by Counterdefendants.

271. Because this counterclaim is meritorious, Defense Distributed is entitled to a judgment awarding them the following relief:

a. Actual damages for the financial losses suffered by Defense Distributed due to Counterdefendants' deceptive and unfair practices, in an amount to be determined at trial.

b. A declaratory judgment that Counterdefendants' conduct violated FDUTPA and that their deceptive and unfair practices caused actual harm to Defense Distributed.

c. A permanent injunction enjoining Counterdefendants from engaging in any further deceptive or unfair trade practices, including false advertising and fraudulent copyright claims.

91

d. A permanent injunction enjoining Counterdefendants from submitting any additional false or misleading DMCA takedown notices against DEFCAD's content.

e. A permanent injunction enjoining Counterdefendants from making false statements about DEFCAD's legal compliance or business practices.

f. An order requiring disgorgement of all profits obtained by Counterdefendants as a result of their deceptive and unfair practices.

g. An order awarding Defense Distributed its costs of this action, including reasonable attorneys' fees, pursuant to Fla. Stat. § 501.2105.

h. An award of punitive damages due to the willful and malicious nature of Counterdefendants' conduct, which was aimed at harming Defense Distributed's business and misleading consumers.

272. All of this pleading's other paragraphs are incorporated herein.

**H.    Counterclaim Eight: Spoliation.**

273. Defense Distributed brings a civil action for spoliation under the Federal Rules of Civil Procedure and Federal Rules of Evidence, *see Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1543 (11th Cir. 1993), and under Florida law, *see, e.g.*, *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003).  This counterclaim is asserted against all of the Counterdefendants.

92

274.    The Counterdefendants knew that they had an obligation to preserve evidence about this action's Counterclaims but failed to comply with that obligation and opted instead to affirmatively destroy material evidence willfully and in bad faith.  The spoliated evidence was highly material to this action's Counterclaims, its absence is highly prejudicial, and the resulting error cannot be cured.  Defense Distributed is therefore entitled to (1) an order establishing adverse inferences against the Counterdefendants as to each issue the spoliated evidence pertained to, and (2) an order entering a default judgment against the Counterdefendants.

275.    All of this pleading's other paragraphs are incorporated herein.

## VII.    Prayer for Relief

276.    With respect to Defense Distributed's counterclaims against the Counterdefendants, Defense Distributed prays for the following relief:

a.    A judgment in favor of the Defense Distributed and DEFCAD, Inc. and against the Counterdefendants as to all causes of action pleaded in this counterclaim.

b.    Compensatory Damages: An award of actual damages in an amount to be determined at trial, but no less than the $385,000 in economic losses already calculated for the period of June 2023 to present.

c.    Compensatory Damages: An award of treble damages pursuant to 18 U.S.C. § 1964(c) and 15 U.S.C. § 1117(a) in an amount to be determined at trial, but no less than $1,155,000 for the period of June 2023 to present.

93

d. Punitive Damages: An award of exemplary/punitive damages.

e. Disgorgement: An order requiring disgorgement by the Counterdefendants and payment to Defense Distributed of all profits wrongfully obtained by Counterdefendants as a result of their unlawful activities.

f. Injunctive Relief: An order enjoining the Counterdefendants from continuing to commit the illegal actions established here.

g. Injunctive Relief: An order enjoining the Counterdefendants to issue corrective advertising about their false and misleading statements.

h. Dissolution: An order dissolving The Gatalog enterprise and its affiliated entities or, alternatively, an order imposing reasonable restrictions on The Gatalog's future activities to prevent further unlawful conduct.

i. Costs: An order that Defense Distributed recover from the Counterdefendants all of the Defense Distributed's costs.

j. Attorney's Fees: An order that Defense Distributed recover from the Counterdefendants an award of reasonable attorney's fees.

k. Interest: An order that Defense Distributed recover from the Counterdefendants prejudgment and postjudgment interest on all monetary damages, at the highest legal rate, from the earliest date allowable under law until the date of payment.

94

l. Spoliation: An order that remedies the Counterdefendants' willful and bad faith spoliation of evidence by entering a default judgment on the merits against the Counterdefendants or, alternatively, a lesser sanction.

m. Any other relief deemed just and proper.

**Answer**

In response to Plaintiff's Complaint, Doc. 1, Defendants Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and Counterdefendant Dioskouroi LLC plead the following answer:

**I.	Denials & Admissions.**

277.	Defendants deny each and every one of the Complaint's allegations except those specified otherwise herein:

278.	Defendants admit Complaint paragraph 2, except that Defendants lack sufficient information to either admit or deny that Plaintiff is the exclusive owner of all works at issue in this litigation.

279.	Defendants admit Complaint paragraph 3 but deny the allegation regarding alter ego.

280.	Defendants admit Complaint paragraph 21.

281.	Defendants admit Complaint paragraph 22.

282.	Defendants admit Complaint paragraph 23.

283.	Defendants admit Complaint paragraph 24.

284.	Defendants admit Complaint paragraph 26.

95

285. Defendants admit Complaint paragraph 27.

286. Defendants admit Complaint paragraph 28.

287. Defendants admit Complaint paragraph 29.

288. Defendants admit Complaint paragraph 30.

289. Defendants admit Complaint paragraph 32.

290. Defendants admit Complaint paragraph 33.

291. Defendants admit Complaint paragraph 35.

292. Defendants admit Complaint paragraph 36.

293. Defendants admit Complaint paragraph 37.

294. Defendants admit Complaint paragraph 39.

295. Defendants admit Complaint paragraph 40.

296. Defendants admit Complaint paragraph 41.

297. Defendants admit Complaint paragraph 42.

298. Defendants admit Complaint paragraph 45.

299. Defendants admit Complaint paragraph 46.

300. Defendants admit Complaint paragraph 48.

301. Defendants admit Complaint paragraph 51.

302. Defendants admit Complaint paragraph 52.

303. Defendants admit Complaint paragraph 66.

304. Defendants admit Complaint paragraph 67.

305. Defendants admit Complaint paragraph 66.

306. Defendants admit Complaint paragraph 67.

96

307. Defendants admit Complaint paragraph 72.

308. Defendants admit Complaint paragraph 74.

309. Defendants admit Complaint paragraph 77.

310. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 80.

311. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 82.

312. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 85.

313. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 86.

314. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 87.

315. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 90.

316. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 93.

317. Defendants admit Complaint paragraph 97.

318. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 99.

319. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 100.

320. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 101.

321. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 102.

322. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 103.

323. Defendants admit Complaint paragraph 104.

324. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 105.

325. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 106.

326. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 107.

327. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 108.

328. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 109.

329. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 110.

330. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 111.

331. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 112.

332. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 113.

333. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 114.

334. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 115.

335. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 116.

336. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 118.

337. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 119.

338. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 121.

339. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 122.

340. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 124.

341. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 125.

342. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 127.

343. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 128.

344. Defendants admit Complaint paragraph 130.

345. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 134.

346. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 135.

347. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 136.

348. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 137.

349. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 139.

350. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 140.

351. Defendants admit Complaint paragraph 141.

352. Defendants admit Complaint paragraph 142.

353. Defendants admit Complaint paragraph 143.

354. Defendants admit Complaint paragraph 144

100

355. Defendants admit Complaint paragraph 146 only to the extent that Defendant Wilson noted Plaintiff attempted to register certain files with the U.S. Copyright Office, not that such registration was actually successful or approved.

356. Defendants admit Complaint paragraph 147.

357. Defendants admit Complaint paragraph 150 only to the extent that the fedcad website contains certain content, the nature of which speaks for itself.

358. Defendants admit Complaint paragraph 152.

359. Defendants admit Complaint paragraph 153.

360. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 154.

361. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 155.

362. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 156.

363. Defendants admit Complaint paragraph 157.

364. Defendants admit Complaint paragraph 158 only to the extent that the shipment contained certain items, not that any of those items were infringing.

365. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 159.

366. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 160.

367. Defendants admit Complaint paragraph 162.

101

368. Defendants admit Complaint paragraph 164.

369. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 165.

370. Defendants admit Complaint paragraph 166.

371. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 168

372. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 169.

373. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 170.

374. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 173.

375. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 174.

376. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 176.

377. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 178.

378. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 179.

379. Defendants admit Complaint paragraph 180.

102

380. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 181.

381. Defendants admit Complaint paragraph 182.

382. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 183 .

383. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 184.

384. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 185.

385. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 186.

386. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 187.

387. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 188.

388. Defendants admit Complaint paragraph 190.

389. Defendants admit Complaint paragraph 191 only to the extent of blacklisting and deny the remaining allegations.

390. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 192.

391. Defendants admit Complaint paragraph 193.

392. Defendants admit Complaint paragraph 194.

103

393.  Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 195.

394.  Defendants repeat their responses to each incorporated paragraph.

395.  Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 197.

396.  Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 198.

397.  Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 200.

398.  Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 204.

399.  Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 208.

400.  Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 212.

401.  Defendants admit Complaint paragraph 216.

402.  Defendants admit Complaint paragraph 220.

403.  Defendants admit Complaint paragraph 222.

404.  Defendants admit Complaint paragraph 237.

405.  Defendants admit Complaint paragraph 240 only to the extent that the pleaded website contains certain pages, not that any pages "misattribute" anything.

104

406. Defendants admit Complaint paragraph 241 only to the extent that the pleaded website contains certain pages, not that any pages "misattribute" anything.

407. Defendants admit Complaint paragraph 242 only to the extent that Wilson asked Diaz to create an image.

408. Defendants admit Complaint paragraph 243.

409. Defendants admit Complaint paragraph 247.

410. Defendants admit Complaint paragraph 248.

411. Defendants admit Complaint paragraph 249.

412. Defendants admit Complaint paragraph 250.

413. Defendants admit Complaint paragraph 251.

414. Defendants admit Complaint paragraph 252.

415. Defendants lack sufficient information to either admit or deny the allegations of Complaint paragraph 267.

## II. Defenses.

416. The Complaint's claims are defeated by the defense of estoppel.

417. The Complaint's claims are defeated by the defense of fraud. In particular, Plaintiff knowingly misrepresented ownership of digital firearm files that were in fact publicly available under open-source licenses; these fraudulent claims disrupted DEFCAD's business operations and harmed its reputation. Plaintiff also engaged in fraudulent advertising campaigns, including the dissemination of the "FEDCAD" meme, which falsely claimed that DEFCAD was colluding with federal

105

authorities and anti-gun organizations.  These fraudulent acts were made with the intent to deceive Defendants and the public, resulting in financial harm, lost business opportunities, and reputational damage.

418.  The Complaint's claims are defeated by the defense of illegality.

419.  The Complaint's claims are defeated by the defense of laches .

420.  The Complaint's claims are defeated by the defense of license.

421.  The Complaint's claims are defeated by the defense of payment.

422.  The Complaint's claims are defeated by the defense of release.

423.  The Complaint's claims are defeated by the defense of waiver.

424.  The Complaint's claims are defeated by the defense of good faith.

425.  The Complaint's claims are defeated by the defense of unclean hands.

### III.    Attorney's Fees & Costs.

426.  The Copyright Act in 17 U.S.C. § 505 entitles Defense Distributed to recover from the Counterdefendants all of the Defense Distributed's costs for the action, including reasonable attorney's fees.  *See* 17 U.S.C. § 505 ("In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.").  That provision applies to any civil action under Chapter 5 of the Copyright Act, 17 U.S.C. § 505, which the Complaint pleads this action to be, *see* Doc. 1 at 43, 46, 55, ¶¶ 213, 214, 230, 231,

106

232, 233, 272(b)-(c).   It entitles Defense Distributed to an award of all of the action's costs, including a reasonable attorney's fee, because each Counterplaintiff will be a § 505 "prevailing party" and such an award will advance the interests of the Copyright Act.  *See*, *e.g.*, *MiTek Holdings, Inc. v. Arce Eng'g Co., Inc.*, 198 F.3d 840, 842 (11th Cir. 1999) ("The touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act . . . ." (applying *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)).

427.   The Lanham Act in 15 U.S.C. § 1117 entitles Defense Distributed to recover from the Counterdefendants all of the Defense Distributed's costs for the action, including reasonable attorney's fees.  *See* 15 U.S.C. ¶ 1117(a) ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). That provision applies to cases brought under the Lanham act, 15 U.S.C. § 1117(a), which the Complaint pleads this action to be, *see* Doc. 1 at 1, ¶ 1.  It entitles Defense Distributed to an award of all of the action's costs, including a reasonable attorney's fee, because Defense Distributed will be a § 1117(a) "prevailing party" and the action will entail § 1117(a) "exceptional circumstances" due to the Defense Distributed's strength of legal position and manner of litigation. *See, e.g.*, *Tobinick v. Novella*, 884 F.3d 1110 (11th Cir. 2018) ("to be an 'exceptional case' under the Lanham Act requires only that a case 'stands out from others,' either based on the strength of the litigating positions or the manner in which the case was litigated" (applying *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 553 (2014)).

107

428. Federal Rule of Civil Procedure 54 entitles Defense Distributed to recover from the Counterdefendants all of the Defense Distributed's costs for the action. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."). That provision applies to all civil actions, *id.*, which the Complaint pleads this action to be, *see* Doc. 1 at 1, ¶ 1. It entitles Defense Distributed to an award of all of the action's costs, including every cost made recoverable by 28 U.S.C. §§ 1920 and 1921, because Defense Distributed will be a Rule 54 "prevailing party."

## IV. Prayer for Relief

429. With respect to the Plaintiff's claims against the Defendants, Defendants pray for the following relief:

    a. An order dismissing the Plaintiff's complaint against the Defendants or, alternatively, an order that Plaintiff take nothing on any of its claims against the Defendants.

    b. An order that Defendants recover from the Plaintiff an all of the Defendants' costs for the entire action.

    c. An order that the Defendants recover from the Plaintiff an award of reasonable attorney's fees for the entire action.

    d. Any other relief deemed just and proper.

108

Respectfully submitted,

Chad Flores
cf@chadflores.law
Texas Bar No. 24059759
Flores Law PLLC
917 Franklin Street
Suite 600
Houston, Texas 77002
T (713) 364-6640
F (832) 645-2496

David S. Gingras
david@gingraslaw.com
Arizona Bar No. 021097
California Bar No. 218793
Gingras Law Office PLLC
4802 E. Ray Rd. #23-271
Phoenix, Arizona 85044
T (480) 264-1400
F (480) 248-3196

F. Andino Reynal
areynal@frlaw.us
Texas Bar No. 24060482
The Reynal Law Firm, PC
917 Franklin Street
6th Floor
Houston, Texas 77002
T (713) 228-5900
F (713) 820-6981

Counsel for Cody Wilson, DEFCAD, Inc.,
Defense Distributed, and Dioskouroi LLC

109