No. 26-11420-DD

---

In the United States Court of Appeals for the Eleventh Circuit

---

Defense Distributed, et al.,

Plaintiffs — Appellees,

v.

John Elik, Alexander Holladay, Josh Stroke, John Lettman, and MAF Corp.,

Defendants—Appellants.

---

Appeal from the United States District Court for the
Middle District of Florida; No. 6:24-CV-01629-AGM-LHP

---

**Motion for Summary Affirmance**
**Redacted Version**

---

Charles Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed,
Charles Flores, and Andino Reynal

## Table of Contents


Table of Authorities ........ iii

Motion for Summary Affirmance ........ 1

I. A settlement resolved this case. ........ 3

II. The settlement's [redacted] extinguishes Appellants' claims. ........ 4

A. The appeal pursues "[redacted]." ........ 4

B. Appellees are "[redacted]." ........ 6

C. Each Appellant is a "[redacted]." ........ 7

1. Appellants are acting "[redacted]" Larosiere ........ 7

2. Appellants' claims are "[redacted]" Larosiere ........ 8

III. The district court proceedings after settlement confirm that the [redacted] extinguished these claims. ........ 9

IV. Summary affirmance is warranted. ........ 11

V. Briefing is automatically stayed pending the motion's resolution. ........ 12

Certificate of Compliance ........ 14

# Table of Authorities

## Cases

*Groendyke Transp., Inc. v. Davis*,
406 F.2d 1158 (5th Cir. 1969) .................................................................. 11

*RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC*,
718 F.3d 1308 (11th Cir. 2013) .................................................................. 12

*United States v. Woods*, No. 25-13542,
2026 WL 1552770 (11th Cir. June 2, 2026)................................................. 11

## Rules

11th Cir. R. 25-3(h) ........................................................................................ 1

11th Cir. R. 31-1(c) ........................................................................................ 12

## Motion for Summary Affirmance

The Appellants released the claims they now pursue. After the district court entered the decision at issue, the parties settled the underlying action and executed a release. The release is clear, operative, and dispositive.

Because the release is confidential, the moving Appellees file this motion in redacted form on the public docket and the unredacted version under seal, together with a contemporaneous motion for leave to file under seal. *See* 11th Cir. R. 25-3(h).

This appeal is covered by Release Section 2.4's "[redacted]" definition. The appeal seeks review of orders denying a fee-and-sanctions motion filed in those actions. The release covers "[redacted]," whether "[redacted]" and "[redacted]," if they "[redacted]" the action below:

> [redacted]

Ex. A at 9 (Release § 2.4). That provision clearly covers this appeal.

Appellees fit within the Release's Section 2.3 "[redacted]" definition. It names Defense Distributed a "[redacted]," and also protects its [redacted]":

[redacted]

Ex. A at 9 (Release § 2.3). That provision clearly covers the moving Appellees.

Appellants fit within the Release's Section 2.2 "[redacted]" definition. It expressly covers "[redacted]" and "[redacted]" acting "[redacted]" Larosiere:

[redacted]

Ex. A at 9. Below, Larosiere acted both as a party and counsel of record for everyone pressing the motion at issue. He is not an appellant now, but he is counsel of record for all Appellants in this Court. Appellants therefore act "[redacted]" Larosiere as their appellate counsel; and their appeal is "[redacted]" the claim he made below with them as a party. Both of those provisions ("[redacted]" and "[redacted]") make each of the Appellants a "[redacted]" under Release Section 2.2.

Summary affirmance is warranted. The moving Appellees are clearly right as a matter of law because the [redacted] defeats all of the rights pursued in this appeal. The Court should summarily affirm the district court's orders and avoid further litigation over claims that the release extinguishes.

## I. A settlement resolved this case.

This appeal arises from a fee-and-sanctions dispute in litigation the parties later settled. Larosiere filed the action in the Middle District of Florida against Defense Distributed and others, who for some time pursued counterclaims that were later voluntarily dismissed without prejudice.

The parties settled in late March 2026. Ex. A at 1 (Leitner Aff.). They first executed a [redacted]. Ex. A at 6-7 ([redacted]). They then executed the [redacted], referred to now as the "Release." Ex. A at 9-18 ([redacted]).

The Release is fully effective and operative. Cody Rutledge Wilson, DEFCAD, Inc., Defense Distributed, and Dioskouroi, LLC have substantially performed the settlement and Release obligations, including [redacted]. Ex. A at 2, ¶ 4 (Leitner Aff.). The accompanying Leitner Affidavit authenticates the [redacted], the Release, and the notice of breach. Ex. A at 1–4, ¶¶ 2–4, 11 (Leitner Aff.).

That the Release bars this appeal was clear immediately. So Appellees gave notice that continued prosecution of the appeal breaches the Release. Ex. A at 4, ¶ 11 (Leitner Aff.); Ex. A at 20–21 (Notice of Breach). Larosiere and Appellants have continued the appeal anyway. Appellees therefore seek summary affirmance.

## II. The settlement's Release extinguishes Appellants' claims.

The Release resolves this appeal in three steps. The appeal asserts [redacted]. Appellees are [redacted]. Appellants are [redacted] because they proceed through Larosiere and derive their claim from his released fee motion.

### A. The appeal pursues "[redacted]."

The Release defines "[redacted]" to include "[redacted]" whether [redacted]" and whether "[redacted]," if they [redacted]" the Actions:

[redacted]

Ex. A at 9. Upon payment, the [redacted] "[redacted]." Ex. A at 12-13 (§ 5.1).

This appeal fits comfortably within that language. Appellants seek review of orders denying a fee-and-sanctions motion. They assert a claimed right to fees, costs, sanctions, or appellate relief tied to those orders. That claimed right arises out of, concerns, and relates to the Actions.

Release Section 11 confirms the same result. The parties there agreed that [redacted]:

> [redacted]

Ex. A at 15 (Release § 11). The fee award Appellants now seek to revive was pending when the parties settled. Section 11 extinguished it along with everything else.

Section 5.3 removes any doubt. There Larosiere agreed to [redacted]":

> [redacted]

Ex. A at 13 (Release § 5.3). [redacted]. Under all these provisions—both independently and especially

conjunctively—an appeal seeking fees and sanctions from the settled suit below is not allowed.

**B. Appellees are "[redacted]."**

Appellees are protected because the Release releases Defense Distributed and its attorneys. Release Section 2.3 defines "[redacted]" [redacted]:

[redacted]

Ex. A at 9 (Release § 2.3). Defense Distributed and its attorneys are therefore each a Released Party entitled to invoke its protections.

Release Section 2 [redacted]" Ex. A at 11 (Release §2). Bringing this appeal violates the Release. Using the Release to end it does not.

### C. Each Appellant is a "[redacted]."

Appellants are each a "[redacted]" because Larosiere is a "[redacted]" Release Section 2.2 defines [redacted]" [redacted]

[redacted]

Ex. A at 9 (Release § 2.2). The Section 2.2 "[redacted]" provision reaches this appeal in two independent respects, either if which suffices to warrant affirmance.

#### 1. Appellants are acting "[redacted]" Larosiere

First, Appellants are each a "[redacted]" because they prosecute this appeal "[redacted]" Larosiere. Release Section 2.2 covers [redacted]. That language reaches all of the Appellants here.

Larosiere held two relevant roles below. He sued as a plaintiff. He also served as counsel of record for other parties who jointly sought fees and sanctions (Elik, Stroke, Lettman). Doc. 138 at 24; Doc. 194 at 11. The moving parties did not file separate motions. They sought one fee-and-sanctions award in unison, with Larosiere as both a co-movant party and counsel of record for three movants. *Id.*

The same relationship continues on appeal. Larosiere is not a named appellant. But in this Court he is counsel of record for every Appellant (including those he did not represent below). Appellants therefore act “[redacted]” Larosiere in the plain and ordinary sense of Section 2.2. They cannot avoid the Release by removing Larosiere from the caption while continuing to litigate through him.

**2. Appellants’ claims are “[redacted]” Larosiere**

Additionally, Appellants are each a Releasing Party because the appellate claim they press is “[redacted]” Larosiere’s released fee-and-sanctions claim. Again Release Section 2.2 [redacted]. The [redacted]” provision makes each Appellant a “Releasing Party” independently of the prior “[redacted]” provision.

The “[redacted]” provision applies because the appeal seeks no new, independent right. It seeks reversal of orders denying the same *joint* motion Larosiere filed and pursued below with the other movants. Doc. 138 at 24; Doc. 194 at 11. What Appellants pursue here is not separate from Larosiere’s claim; it is the appellate form of the same claim he originated below and released in the settlement. The appeal is therefore “[redacted]” Larosiere because it has the same source, seeks the same relief, and exists only as the next stage of his released claim.

A contrary reading would erase the phrase "[redacted]" from Section 2.2. If that phrase does not cover parties pursuing the same fee-and-sanctions claim Larosiere filed, released, and now prosecutes for them on appeal, it covers nothing relevant here. The Release cannot be read that way. Section 2.2 gives "[redacted]" independent work to do, and its work is to prevent Larosiere's released claim from continuing under other movants' names. Appellants are therefore Releasing Parties for this appeal.

**III. The district court proceedings after settlement confirm that the Release extinguished these claims.**

The post-settlement docket confirms what the Release's text already establishes. The district court first denied the Former Counter-Defendants' fee-and-sanctions motion without granting final relief. Doc. 184. But it did not leave them without a procedural remedy. It held that, "[t]o the extent that there is an appropriate basis for any renewed motion for sanctions by the Former Counter-Defendants, any such motion may be filed within thirty (30) days of entry of final judgment in this case, if appropriate." Doc. 184 at 9.

In this way, the district court told Appellants exactly when and how to preserve any viable sanctions request: file a renewed motion after final judgment. They did not do that.

After settlement, Larosiere and the defendants filed a Joint Notice of Settlement. Doc. 270. The district court then entered the final order "dismissing the case with prejudice and without costs." Doc. 273. That decision proceeded on an understanding that "the case has been settled in its entirety," and "dismisse[d] the case subject to the right of any party, within sixty days from the date of this Order…on good cause shown, to reopen the case for further proceedings":

| | | |
|---|---|---|
| 03/31/2026 | 273 | **ENDORSED ORDER dismissing the case with prejudice and without costs, pursuant to Local Rule 3.09(b) of the Middle District of Florida. The Court, having been advised by the 270 Joint Notice of Settlement that the case has been settled in its entirety, dismisses the case subject to the right of any party, within sixty days from the date of this Order, to move the Court to enter a stipulated form of final order or judgment, or, on good cause shown, to reopen the case for further proceedings. The Clerk is directed to terminate any pending motions and close this case. Signed by Judge Anne-Leigh Gaylord Moe on 3/31/2026. (TAH)** (Entered: 03/31/2026) |

Doc. 273.

Appellants therefore had two chances to preserve this dispute in the district court. They used neither. Doc. 184 gave them a post-judgment path to renew any appropriate sanctions motion. Doc. 273 gave any party a sixty-day path to reopen the case if the dismissal swept too broadly or left some issue unresolved. No party filed a renewed sanctions motion. No party moved to reserve, carve out, or revive the fee-and-sanctions dispute. No party argued that the Joint Notice settled only Larosiere's claims and left the other movants' sanctions claim intact. And no party asked the district court to correct or narrow its dismissal.

That silence defeats the premise of this appeal. If Appellants believed the district court wrongly treated their fee-and-sanctions claim as settled, they had to say so in the court that created both procedural windows. They did not. They allowed the deadline for a renewed sanctions motion to pass. They allowed the sixty-day reopening period to pass. They allowed the dismissal with prejudice and without costs to stand as entered.

Any possible mismatch between the Joint Notice and the dismissal does not help Appellants. Even if the Joint Notice spoke only to Larosiere's claims, the Release covered the Appellants' claims for the reasons explained in full above. The district court's dismissal therefore reached the correct result for the correct practical reason: nothing remained to litigate. Appellants cannot decline the district court's express procedures for renewing, preserving, or reopening the sanctions issue and then use this appeal to revive the same dispute after the Release extinguished it.

## IV. Summary affirmance is warranted.

Summary affirmance is "necessary and proper" when "one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969); *accord United States v. Woods,* No. 25-13542, 2026 WL 1552770, at *1 & n.3 (11th Cir. June 2, 2026). That standard is met here.

The Release is unambiguous. Its enforcement is governed by settled law. And it forecloses the right Appellants would assert on appeal. A litigant who has released the right to challenge a ruling cannot obtain its reversal. The release either compels affirmance on the merits or moots the case. *See RES-GA Cobblestone, LLC v. Blake Const. & Dev., LLC*, 718 F.3d 1308, 1317 (11th Cir. 2013) ("[a]s a general principle, settlement between the parties in litigation renders the case moot"). Either way, the Appellees prevail as a matter of law.

The post-settlement docket is likewise a clear ground for summary affirmance. Document 184 gave Appellants a path to renew any sanctions motion after final judgment. Doccument 273 gave them a path to reopen the case if the dismissal swept too broadly. They used neither. Those failures confirm that nothing remained for appeal. Appellants cannot avoid the Release in any way, especially by pursuing in this Court a claim they declined to renew, reserve, or reopen below.

**V. Briefing is automatically stayed pending the motion's resolution.**

Eleventh Circuit Rule 31-1(c) provides that a motion for summary affirmance postpones the due date for any remaining brief until the Court rules on the motion. 11th Cir. R. 31-1(c). Appellees therefore do not separately request a stay of briefing. The stay is automatic and lasts until the motion's disposition.

The automatic stay rationale applies fully here. The Release presents a threshold issue that is likely to resolve the entire appeal without merits briefing. Addressing it first will conserve the resources of the Court and the parties while preserving the ordinary briefing schedule if any further briefing remains necessary.

## Conclusion

The motion should be granted with an order summarily affirming the district court's decision.

Respectfully submitted,
/s/ Charles Flores
Charles Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed,
Charles Flores, and Andino Reynal

## Certificate of Compliance

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains no more than 2,338 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.109.3.

/s/ Charles Flores
Charles Flores