No. 26-11420-DD

_____

In the United States Court of Appeals for the Eleventh Circuit

_____

Defense Distributed, et al.,

Plaintiffs — Appellees,

v.

John Elik, Alexander Holladay, Josh Stroke, John Lettman, and MAF Corp.,

Defendants—Appellants.

_____

Appeal from the United States District Court for the
Middle District of Florida; No. 6:24-CV-01629-AGM-LHP

_____

**Motion for Leave to File Under Seal**

_____

Charles Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed,
Charles Flores, and Andino Reynal

1

**Motion for Leave to file Under Seal**

The moving Appellees seek leave to file under seal the unredacted version of their Reply in Support of the Motion for Summary Affirmance.

The Court should grant this motion for the same reasons Appellees moved to seal the unredacted Motion for Summary Affirmance and supporting Exhibit A. The reply addresses the same confidential settlement materials: the settlement agreement, the release, and related settlement communications. Those materials are subject to confidentiality provisions that bind the participants in this appeal. Public filing of the unredacted reply would disclose the same confidential settlement terms that Appellees' pending motion to seal seeks to protect.

Good cause therefore supports sealing. Material filed with a substantive motion is subject to the common-law right of access, but that right is not absolute. It may yield to good cause, measured by balancing the public's interest in access against the parties' interest in confidentiality. *See, e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). That balance favors sealing here for the reasons already stated in Appellees' motion for leave to file the Motion for Summary Affirmance under seal.

The sealing request is narrow. Appellees are not asking to seal the reply wholesale from public view. They have filed a sealed unredacted version and a public

redacted version that discloses the substance of Appellees' arguments while redacting only confidential settlement terms and related protected material. That approach preserves public access to the basis for Appellees' requested relief while protecting the private settlement materials the parties agreed to keep confidential.

The public interest in the redacted material is slight. The redactions concern private commercial settlement terms between private parties. The public version gives the Court and the public the substance of Appellees' position: the release bars this appeal, and Appellants' post-settlement conduct independently supports summary affirmance. The confidential details of the parties' settlement add little to public understanding and would cause the precise harm the parties contracted to avoid.

Courts have permitted sealing in analogous circumstances. *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 WL 2021761, at *1 (M.D. Fla. May 12, 2017); *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012)

## Conclusion

The motion should be granted.

Respectfully submitted,
/s/ Charles Flores
Charles Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed,
Charles Flores, and Andino Reynal

4

**Certificate of Compliance**

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains no more than 379 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.109.3.

/s/ Charles Flores
Charles Flores