No. 26-11420-DD

---

In the United States Court of Appeals for the Eleventh Circuit

---

Defense Distributed, et al.,

Plaintiffs — Appellees,

v.

John Elik, Alexander Holladay, Josh Stroke, John Lettman, and MAF Corp.,

Defendants—Appellants.

---

Appeal from the United States District Court for the
Middle District of Florida; No. 6:24-CV-01629-AGM-LHP

---

**Motion for Leave to File Under Seal**

---

Charles Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed,
Charles Flores, and Andino Reynal

**Motion for Leave to file Under Seal**

The moving Appellees seek leave to file under seal the unredacted version of their Brief of Appellees. Good cause supports sealing because the unredacted brief discloses confidential settlement materials that the parties agreed to keep private. The settlement agreement and release contain confidentiality provisions that bind the participants in this appeal. Public filing would defeat that bargained-for confidentiality. Appellees therefore filed both a sealed version of the brief on the nonpublic docket, and a redacted version on the public docket that discloses all nonconfidential material, as Eleventh Circuit Rule 25-3(h) contemplates.

Appellate briefs are subject to the common-law right of access. But that right is not absolute. It may yield to good cause, measured by balancing the public's interest in access against the parties' interest in confidentiality. *See, e.g.*, *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007). That balance favors sealing here, just as it favored sealing the motion for summary affirmance.

The confidentiality interest is concrete and mutual. The release requires every party to keep its terms and the terms of the settlement agreement private. The settlement agreement also required the release to contain mutual confidentiality and non-disparagement terms. These provisions reflect a negotiated confidentiality interest shared by all parties. Public filing would destroy that interest.

The sealing request is narrow. Appellees do not seek to seal the brief wholesale. The public filing discloses the basis for relief and redacts only confidential settlement terms and the agreements themselves. That approach preserves public access to the substance of the brief while protecting the private settlement materials the parties agreed to keep confidential.

The public interest in the withheld material is slight. The redacted material consists of private commercial settlement terms between private parties. The public version gives the Court and the public the substance of Appellees' position: a release bars this appeal. The confidential details of the parties' settlement add little to public understanding and would cause the precise harm the parties contracted to avoid.

Courts have permitted sealing in analogous circumstances. *See Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 WL 2021761, at *1 (M.D. Fla. May 12, 2017); *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012).

**Conclusion**

The motion should be granted.

Respectfully submitted,

/s/ Charles Flores
Charles Flores
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 893-9440

Counsel for Defense Distributed,
Charles Flores, and Andino Reynal

**Certificate of Compliance**

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains no more than 386 not-exempted words.

This filing complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32 because it has been prepared in a proportionally spaced typeface in 14-point font using Microsoft Word for Mac Version 16.109.3.

/s/ Charles Flores
Charles Flores